# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No: |
| | : | |
| v. | : | |
| | : | **VIOLATIONS:** |
| | : | |
| **CHRISTOPHER WARNAGIRIS,** | : | 18 U.S.C. § 111(a) |
| | : | (Assaulting, resisting, or impeding certain |
| | : | officers or employees) |
| **Defendant.** | : | |
| | : | 18 U.S.C. § 231(a)(3) |
| | : | (Civil Disorder) |
| | : | |
| | : | 18 U.S.C. § 1512(c)(2) |
| | : | (Obstruction of Justice/Congress) |
| | : | |
| | : | 18 U.S.C. § 1752(a) & (b) |
| | : | (Act of Physical Violence in Restricted |
| | : |     Building or Grounds) |
| | : | |
| | : | 40 U.S.C. § 5104(e)(2) |
| | : | (Violent Entry or Disorderly Conduct) |

## MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the government states as follows:

1.  The United States is investigating allegations that Christopher Warnagiris physically assaulted officers on January 6, 2021, in violation of 18 U.S.C. § 111(a), obstructed

law enforcement during a civil disorder, in violation of 18 U.S.C. § 231(a)(3), obstructed justice in violation of 18 U.S.C. § 1512(c)(2); and willfully and knowingly entered and remained on restricted grounds on January 6, 2021 without legal authority and participated in violent and disorderly conduct on Capitol Grounds, in violation of 18 U.S.C. § 1752(a) & (b), and 40 U.S.C. § 5104(e)(2).

2.  The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation, including the use of a digital device in furtherance of the crime. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant, which also may lead to the destruction of evidence in other locations including the digital device. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2.  As stated in <u>Washington Post v. Robinson</u>, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" <u>Id.</u> at 290 (quoting <u>Oregonian Pub. Co. v. United States Dist. Court</u>, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3.  In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4.  Furthermore, the United States respectfully submits that complying with the

normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

By: /s/ Jennifer M. Rozzoni
Jennifer M. Rozzoni
Detailee
NM Bar No. 14703
Assistant United States Attorney
201 3rd Street NW, Suite 900
New Mexico, 87102
*505.224.1460*
*505.350.6818*
Jennifer.M.Rozzoni@usdoj.gov

3