## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | **Case No.: 21-CR-382 (PLF)** |
| CHRISTOPHER WARNAGIRIS, | : | |
| | : | |
| Defendant. | : | |

### <u>Supplemental Briefing</u>

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental brief in response to the Court's order directing the government to brief the following inquiries into: 1)  the government's position is in regards to Judge Moss's decision in *United States v. Cua*, No. 21-cr-107, 2023 WL 2162719 (D.D.C. Feb. 22, 2023); 2) whether "forcibly" applies to all six verbs in 18 U.S.C. § 111; and 3) the use of "bodily injury" in the language of the Count Three in the superseding indictment. The government respectfully maintains inquiries one and two are not relevant for purposes of a motion to dismiss. As for the third inquiry, the government has superseded, striking the superfluous language in Count Three.

### <u>Legal Standard for a Motion to Dismiss</u>

An indictment is sufficient under the Constitution and Rule 7 of the Federal Rules of Criminal Procedure if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling v. United States*, 418 U.S. 87, 117 (1974), which may be accomplished, as it is here, by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v.*

*Debrow*, 346 U.S. 374, 378 (1953)). And an indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the government "has made a *full* proffer of evidence" or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (emphasis added)—neither of which has occurred here.

Given these limited requirements, it is "generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). Beyond that, an indictment need only identify the approximate date on which the offense occurred and, sometimes, the victim(s); nothing more is required. *See, e.g.*, *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) ("[T]he time-and-date specification in respondent's indictment provided ample protection against the risk of multiple prosecutions for the same crime."); *United States v. John-Baptiste*, 747 F.3d 186, 196 (3d Cir. 2014) ("[A] defendant has sufficient notice to guard against a future prosecution in violation of the protection against double jeopardy if an indictment specifies the time frame for the criminal conduct."); *United States v. Savarese*, 686 F.3d 1, 8 (1st Cir. 2012) ("[The indictment] clearly identifies the targeted victims . . . and the dates on which th[e crimes] allegedly occurred, giving Savarese more than adequate notice of the charges against which he was required to defend."); *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999) ("We have consistently upheld indictments that do little more than to track the language of the statute

charged and state the time and place (in approximate terms) of the alleged crime.") (quotation marks omitted).

Thus, the defendant's arguments about whether an "assault" is an element of every § 111(a) violation, and the Court's questions about Judge Moss's opinion on that issue in *Cua* and whether "forcibly" applies to all six verbs in § 111, are not relevant to the question whether the Indictment in this case properly states an offense. Here, the Indictment tracks the statutory language, identifies the date on which the offense occurred, and identifies the victim of the defendant's assault. Nothing more is required. As Judge Moss recognized in *Cua*:

> Cua argues that Count Three of the Second Superseding Indictment (hereinafter, "Indictment") should be dismissed because, on his reading of the statute, an assault is an indispensable element of every § 111(a) violation. At the outset, the Court questions whether Cua's motion is properly framed as a motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), since Count Three of the Indictment charges Cua with, among other things, "forcibly assault[ing]" officer G.L., while he was "engaged in and on account of the performance of [his] official duties," Dkt. 90 at 3, and the Court has scheduled a bench trial on that question, see Min. Order (Feb. 13, 2023). Thus, even under Cua's reading of the statute, the Indictment states an offense.
> . . .
> Count Three sufficiently sets forth "the elements of the offense charged" and "fairly informs [Cua] of the charge against which he must defend." *Hamling*, 418 U.S. at 117.

2023 WL 216719, at *3, 12.

This Court, as the court did in *Cua*, should deny the motion to dismiss. As argued in ECF No.44, the motion to dismiss Count Three (as well as Count One) should be denied because the indictment tracks and continues to clearly track (see ECF No. 49): the statutes, specifies the date of the offenses ("January 6, 2021"), the district in which they occurred, and the victims ("a law enforcement officer" and "an officer and employee of the United States").

## I.      Review of Judge Moss's decision in *Cua*

It is premature at this point to address whether every § 111(a) requires proof of an assault. That question may be relevant when formulating jury instructions or ruling on a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, but it has no bearing at this point in the proceedings. Indeed, Judge Moss made clear that he was deciding the issue in *Cua* because the parties had already "scheduled a bench trial" to determine the defendant's guilt and "the Court's resolution of the [proof-of-assault] question that Cua raises will determine the scope of the issues for trial[.]" 2023 WL 216719, at *3.

In any event, because this Court requested briefing on the government's position regarding Judge Moss's interpretation of Section 111, the government's position is as follows. In *Cua*, Judge Moss divided Section 111(a) into "three categories of violations: (1) acts in violation of the statute that 'constitute only simple assault' (the 'simple-assault provision'); (2) acts in violation of the statute the 'involve physical contact with the victim of that assault' (the 'physical-contact provision'); and (3) acts in violation of the statute that 'involve . . . the intent to commit another felony' (the 'other-felony provision')." 2023 WL 216719, at *5. Judge Moss held "that the first two provisions require an assault," while the third does not. *Id.* at *5-8.

The government disagrees with Judge Moss's interpretation of Section 111(a) and agrees with the many circuits that have held that "assault is not an essential element of every § 111 offense." *United States v. Stands Alone*, 11 F.4th 532, 535 (7th Cir. 2021); *see also United States v. Briley*, 770 F.3d 267, 273-75 (4th Cir. 2014); *United States v. Williams*, 602 F.3d 313, 315-18 (5th Cir. 2010); *United States v. Gagnon*, 553 F.3d 1021, 1024-27 (6th Cir. 2009). As those circuits have concluded, reading Section 111(a) to require proof of an assault in all cases violates several principles of statutory interpretation.

First, "requiring assault as an essential element of *every* § 111 offense would render the remaining five verbs superfluous." *Stands Alone*, 11 F.4th at 535; *Briley*, 770 F.3d at 274 ("Briley's reading would render five of those six words -- all but 'assault' -- inoperative with respect to both the misdemeanor and the 'physical contact' felony."); *Williams*, 602 F.3d at 317 ("interpreting § 111(a)(1) as requiring an underlying assault for a defendant to be convicted would render meaningless the five forms of non-assaultive conduct that are plainly proscribed by the statute."); *Gagnon*, 553 F.3d at 1026 ("the fatal problem with this reading is that it makes a great deal of what § 111 does say entirely meaningless").

Second, Judge Moss's approach "wanders too far from congressional intent" and "rips a big hole in the statutory scheme. Although his reading largely preserves the protections for the physical safety of federal officials, it leaves those officials without protection for the carrying out of federal functions. It misses the crucial point that § 111 safeguards not only physical safety, but also functional integrity." *Briley*, 770 F.3d at 274 (citing *United States v. Feola*, 420 U.S. 671, 678-79 (1975)); *see Williams*, 602 F.3d at 317 (explaining that the government's "approach is more consonant with the dual purpose of the statute, which, the Supreme Court has noted, is not simply to protect federal officers by punishing assault, but also to 'deter interference with federal law enforcement activities' and ensure the integrity of federal operations by punishing obstruction and other forms of resistance") (quoting *Feola*, 420 U.S. at 678); *Gagnon*, 553 F.3d at 1026 ("Congress's drafting makes clear that § 111's purpose is to protect federal officers and certain employees from a broader range of harmful conduct than just common-law assault. If Congress meant only assault it could have said only assault[.]").

Third, Judge Moss's approach "produces an absurd result. His reading would allow an individual to commit an array of forcible acts against federal officials performing government functions without criminal consequence. That person could use force to resist federal officials, to

oppose them, to impede them, to intimidate them, and to interfere with them -- and yet escape the reach of § 111." *Briley*, 770 F.3d at 274; *see Stands Alone*, 11 F.4th at 536 ("We agree with this point.").

All of that said, "[w]hatever daylight lies between the [different] approaches, . . . the practical distinction is not a large one." *Briley*, 770 F.3d at 275. Judge Moss correctly interpreted the term "assault" consistent with its common-law meaning so as to require "'only' an 'intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, that places another in reasonable apprehension of immediate bodily harm[.]'" *Cua*, 2023 WL 2162719, a *5; *see, e.g.*, *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted). And the "injury" that need be attempted or threatened need be nothing more than an offensive touch. *See United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the common-law crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility"). Thus, even if the government were required to prove an assault as an element of every Section 111(a) offense, that burden is a minimal one.

## II.      "Forcibly" does apply to all six verbs but does *not* require assault

The D.C. Circuit's decision in *United States v. Arrington*, 309 F.3d 40 (D.D.C. 2002), is instructive on Section 111(a)'s sweep. It holds that forcibly applies to all six verbs. *Id.* at 47.[1]  In *Arrington*, the court explained that "a defendant does not violate the statute unless he *forcibly* assaults or *forcibly* resists or *forcibly* opposes, etc." *Id*. at 44.  *Arrington*'s emphasis on Section 111(a)'s disjunctive formulation supports the view that the statute punishes a broad range of conduct beyond assaults. Similarly, if assault were the only way Section 111(a) could be violated, one would not expect the title of the statute to include "resisting" and "impeding" as well as "assaulting." *See* 18 U.S.C. 111.

That said, the amount of force used need only be minimal. *See United States v. Sommerstedt*, 752 F.2d 1494, 1496 (9th Cir. 1985) ("a defendant may be convicted of violating section 111 if he or she uses any force whatsoever against a federal officer"); *United States v. Fernandez*, 837 F.2d 1031, 1035 (11th Cir. 1988) (same); *United States v. Gass*, No. 96-4209, 1996 U.S. App. LEXIS 20575, at *3 (4th Cir. Aug. 16, 1996) ("No particular level of force is required to prove the offense--only a willful attempt to inflict injury or a threat to inflict injury coupled with a present ability to do so."); *United States v. Mathis*, 579 F.2d 415, 418 (7th Cir. 1978) ("A verdict of guilty of assault or interference with a federal official without a weapon under 18 U.S.C. § 111 requires evidence that the defendant used some quantum of force or *threat* of force in committing the offense.").

## III.      The second superseding indictment corrects superfluous language in the superseding indictment

On December 1, 2021, Defendant Warnagiris was indicted via a superseding indictment on nine charges including Count Three charging Defendant with violating 18 U.S.C. § 111(a)(1). See

---

[1] *Arrington* is correct in holding that the adverb 'forcibly' modifies each of the verbs it precedes, and not only 'assault. See the government's briefing in ECF No.43 for a deeper review of the legislative history of Section 111.

ECF No. 49. The language of Count Three, in the superseding indictment, read Defendant Warnagiris "did . . . inflict bodily injury on" a specified member of the United States Capitol Police. The inclusion of "inflict bodily injury on" was a mistake. The language has been struck by a second superseding indictment filed March 22, 2023. See ECF No. 49.

<u>**Conclusion**</u>

The Court should deny Defendant's motion to dismiss Count Three because the indictment is sufficient.  After denying Defendant Warnagiris's motion, the Court can then consider the statutory construction of Section 111 at the appropriate time.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: _/s/ Rebekah E. Lederer_
Rebekah E. Lederer
Pennsylvania Bar No. 320922
Assistant United States Attorney
U.S Attorney's Office for District of Columbia
601 D St. N.W, Washington, DC 20530
Tel. No. (202) 252-7012
Email: rebekah.lederer@usdoj.gov