UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA </br></br> V. </br></br> CHRISTOPHER WARNAGIRIS, </br></br> DEFENDANT. | ) </br> ) </br> ) </br> ) CASE NO: 1:21-CR-00382-PLF </br> ) </br> ) </br> ) </br> ) </br> ) |

### NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant hereby notifies the Court of recent *supplemental authority* from the United States Court of Appeals for the District of Columbia Circuit in support of Defendant's Motion to Dismiss Count Two of the Indictment, ECF No. 37, in which defendant moved to dismiss a count of Obstruction of Congress under 18 U.S.C. § 1512(c)(2), and ECF No. 38, in which defendant moved for abeyance or continuance to await resolution of the appellate matter that directly impacts his case.

**UNITED STATES V. FISCHER DECISIONS**

In *United States v. Fischer*, No. 22-3038 (D.C. Cir. Apr. 7, 2023), a three-judge panel of the D.C. Circuit Court of Appeals issued a fractured opinion on the scope of 18 U.S.C. § 1512(c)(2). What is supposed to be the majority opinion, titled "Opinion for the Court," written by Judge Pan, at first glance, appears to be supported by Judge Walker— that is, until Judge Walker's Concurring Opinion makes it clear that his entire concurrence is expressly conditional on a single

issue: his decisive definition of "corruptly" — one that Judge Pan's opinion does not agree to; and, Judge Pan's comments add to the uncertainty of any concurrence by making it clear that her opinion is not at all based on the definition of "corruptly." The resulting majority opinion in *United States v. Fischer* is thus uncertain—obscured by the unusual concurrence and the astute dissent. The opinion in *Fischer* makes it clear that 18 U.S.C. § 1512(c) is extremely complex.

Judge Pan's opinion holds, in summary, that Section 1512(c)(2) "appl[ies] to assaultive conduct, committed in furtherance of an attempt to stop Congress from performing a constitutionally required duty." *Fischer,* *2 (Pan, F.). She reaches this conclusion through a "broad interpretation of the statute— encompassing all forms of obstructive acts." *Id*. at *12. Judge Pan goes on to explain that "the sufficiency of the indictments in this case does not turn on the precise definition of 'corruptly.'" *Id*. at *18-19.

Judge Walker joins Judge Pan in judgment and he concurs in part, he claims, but explains that in order to concur with Judge Pan, his definition of "corruptly" must control, citing *Marks v. United States. Fischer,* *22 (N.10) (Walker, J., concurring in part and concurring in judgment). Judge Walker defined "corruptly" as requiring proof of "an intent to procure an unlawful benefit". *Fischer,* *13 (Walker, J., concurring).

> Thus, "corruptly" in § 1512(c) means to act "with an intent to procure an unlawful benefit either for [oneself] or for some other person." *Marinello v. United States*, 138 S. Ct. 1101, 1114 (2018) (Thomas, J., dissenting) (cleaned up). It "requires proof that the defendant not only knew he was obtaining an 'unlawful benefit' but that his 'objective' or 'purpose' was to obtain that unlawful benefit." *Id.* And that benefit may be unlawful either because the benefit itself is not allowed by law, or because it was obtained by unlawful means. *Id.*

*Id.*

In Footnote 10, on pages 22-23 of his [alleged] concurrence, Judge Walker explains the complexity of his position, which is termed as a concurrence but does not in fact appear to be one:

> In other words, **my reading of "corruptly" is necessary to my vote to join the lead opinion's proposed holding** on "obstructs, influences, or impedes" an "official proceeding." 18 U.S.C. § 1512(c)(2). **If I did not read "corruptly" narrowly, I would join the dissenting opinion**. That's because giving "corruptly" its narrow, long-established meaning resolves otherwise compelling structural arguments for affirming the district court, as well as the Defendants' vagueness concerns. See *supra* Sections III & IV.
>
> My reading of "corruptly" may also be controlling, at least if a future panel analyzes this splintered decision under *Marks v. United States* — the test for deciding the holding of a fractured Supreme Court judgment. 430 U.S. 188, 193 (1977); *see also Binderup v. Attorney General*, 836 F.3d 336, 356 (3d Cir. 2016) (en banc) (applying *Marks* to determine the "law of [the] Circuit").
>
> Where, as here, "no single rationale explaining the result enjoys the assent of [a majority]" — and again, in my view, the rationale in **the lead opinion is not enough to uphold the indictments** — *Marks* says the court's holding is the "position taken" by the judge "who concurred in the judgments on the narrowest grounds." 430 U.S. at 193. The narrowest ground is a "logical subset of other, broader opinions." *King v. Palmer*, 950 F.2d 771, 781 (D.C. Cir. 1991). It is a "middle ground" that "produce[s] results that" accord with "a subset of the results" intended by each opinion. *United States v. Duvall*, 740 F.3d 604, 610 (D.C. Cir. 2013) (Kavanaugh, J., concurring in denial of rehearing en banc).
>
> That describes my position here. I read (c)(2) to cover only *some* of the conceivable defendants the lead opinion might allow a court to convict. So my opinion is a "logical subset of [an]other, broader opinion[ ]." *Id.* (cleaned up). In contrast, the lead opinion suggests three plausible readings, including mine. Lead Op. 17-18. It then says the Defendants' alleged conduct is sufficient "[u]nder all *those* formulations." *Id.* (emphasis added). Though the lead opinion says elsewhere that it "takes *no* position on the exact meaning of 'corruptly,'" it must take *some* position on it. Lead Op. 21 n.5. Without taking a position, the lead opinion could not conclude, as it does, that the indictments should be upheld.
>
> Put differently, if a defendant is guilty under my approach, he will be guilty under the lead opinion's. But some of the defendants guilty under the lead opinion's approach will not be guilty under my approach. Mine is the "position taken" by the panel member "who concurred in the judgment[] on the narrowest grounds." *Marks*, 430 U.S. at 193.

> That is not to say that a future panel will apply *Marks* to this decision. I express no opinion about whether it should. *Cf.* Richard M. Re, *Beyond the Marks Rule*, 132 Harv. L. Rev. 1942, 1944 (2019) ("the *Marks* rule has generated considerable confusion"). But a future panel will need *some* rule to decide the holding of today's fractured decision, and the *Marks* rule would be an unsurprising choice. *Id.* ("'the *Marks* rule' . . . has been used with increasing regularity").
>
> One last thing. To the extent it matters — and it doesn't matter under *Marks* — the lead opinion and the dissent do not agree about (c)(2)'s mental state. *Cf. Marks*, 430 U.S. at 193 (looking to the opinions of only those Justices "who concurred in the judgments on the narrowest grounds"). Rather, the dissent expressly rejects the lead opinion's approach to "corruptly," suggesting that it raises "vagueness and overbreadth concerns." *See* Dissenting Op. 33.

*Fischer,* (N.10) (Walker, J., concurring in part and concurring in judgment) (emphasis added).

Judge Walker repeats this sentiment throughout his opinion:

- "Though the district court did not reach the meaning of "corruptly," we have no choice. As I will explain in Sections III and IV, my vote to uphold the indictments depends on it." *Fischer,* (N.1) (Walker, J., concurring in part).

- "Because I read 'corruptly' as courts have read it for hundreds of years — and only because I read it that way — I concur in the Court's judgment." *Id.* at *22.

After clearly explaining the prerequisite condition under which he joins the lead opinion, *a condition that does not exist*, and after he states that the lead opinion is not enough to uphold the indictments, Judge Walker then bewilderingly and inappositely states, "I also join all but Section I.C.1 and footnote 8 of the lead opinion." *Id*. at *23. (Walker, J., concurring in part). Judge Walker's comment that "[i]f I did not read 'corruptly' narrowly, I would join the dissenting opinion," is even more puzzling, as Judge Katsas' dissenting opinion is in direct contrast to Judge Pan's opinion on every element except for, maybe, obstruction.

As Judge Katsas' insightful dissent summarizes, Judge Pan's opinion boils down to rendering Section 1512(c)(2) into a lone-standing "catchall" that "criminaliz[es] any act that corruptly obstructs an official proceeding." *Fischer,* *1 (Katsas, G., dissenting). Katsas' dissent takes the opposite view on the *actus reus*— 1512(c)(2) is limited by the preceding Section 1512(c)(1), by common English, and by the broader text and structure of section 1512. Judge Katsas concludes that, "conduct alleged here violates many criminal statutes, but section 1512(c) is not among them." *Fischer,* *39 (Katsas, G., dissenting). Judges Katsas and Pan reach opposite conclusions because they define the term "otherwise" in opposite ways. As a result, Judge Walker's statement that he "would join the dissenting opinion" *but for* his definition of "corruptly" is inconsistent with the distinction between the Katsas and Pan opinions, which hinges on the *actus reus* term "otherwise," not on the *mens rea* term "corruptly"; and, the two opinions reach opposite conclusions on whether the alleged conduct violates section 1512(c)(2). Judge Walker's "concurring" opinion thus creates irreparable ambiguity and render's an "Opinion of the Court" nonexistent in *Fischer*.

Interestingly, **in her response to Judge Walker, Judge Pan appears to concede that there is no concurrence in this case**, stating in Footnote 5 of her opinion:

> … the instant case is a poor vehicle for applying *Marks*. First, the concurring opinion's attempt to establish its view as controlling must fail because a majority of the panel has expressly declined to endorse the concurrence's definition of "corruptly." *See supra* at 17–21; Dissenting Op. at 36–37 ("The concurrence's approach thus requires transplanting into section 1512(c)(2) a *mens rea* requirement that has been used so far only in tax law."). Second, the concurrence's definition is not one with which this opinion "must *necessarily agree as a logical consequence* of its own, broader position" because **this opinion takes *no* position on the exact meaning of "corruptly."** *King*, 950 F.2d at 782 (emphasis added). **This opinion's holding on "corruptly" is grounded in the mere *sufficiency* of the allegations in this particular case — it states only that the alleged**

**conduct of the three appellees is sufficient under any understanding of "corrupt" intent**. *See supra* at 17–18, 21. By contrast, the concurring opinion goes further and affirmatively adopts a new test for "corrupt" intent that has not been requested by any party — that is not a "logical subset" of an opinion that expresses no preference for any definition of "corruptly." *See supra* at 18; *King*, 950 F.2d at 781; *cf. Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1337 (D.C. Cir. 2015) ("[N]either opinion can be considered the *Marks* middle ground or narrowest opinion, as the four Justices in dissent simply did not address the issue.").

*United States v. Fischer,* (N.5) (Pan, F.) (emphasis added).

**The dueling footnotes, Footnote 10 of Judge Walker's opinion and Footnote 5 of Judge Pan's opinion, hold the key to understanding *United States v. Fischer.*** *[1]

Judge Walker states that, "my reading of 'corruptly' is necessary to my vote to join the lead opinion's proposed holding on 'obstructs, influences, or impedes' an 'official proceeding,'" while Judge Pan states that, "this opinion takes no position on the exact meaning of 'corruptly' … [t]his opinion's holding on 'corruptly' is grounded in the mere sufficiency of the **allegations in this particular case**…" — their disagreement dismantling the idea of a concurrence. The concurrence, as a result, appears to be limited to *only* the judgment of the case at hand, one that affects only three men: appellees Joseph Fischer, Edward Lang, and Garret Miller, and maybe other very similarly situated defendants.

*What, then, is the opinion of the court in United States v. Fischer? Under what circumstances is an indictment sufficient as a matter of law?* These are difficult questions to answer. As Judge Walker stated, "the lead opinion is not enough to uphold the indictments." One scenario appears to have received two votes from a panel of three Court of Appeals judges: when

---

[1] I use the term "understanding" loosely, as we should all be wise enough to admit that a holding in *United States v. Fischer* is everything *but* understandable.

an assault on law enforcement is alleged to have been committed in furtherance of an Obstruction of an Official Proceeding, this grouping of allegations, when indicted together, renders a kosher indictment for Obstruction of Official Proceeding. This particular holding of pairing offenses does not appear to be supported by the law, and Judge Katsas' opinion holds the explanation as to *why*. Nonetheless, this issue might not be necessary to dissect for the matter at hand.

In Mr. Warnagiris' case, there is no evidence of him assaulting officers in order to obstruct Congress. *See* ECF No. 45, 52. Instead, Mr. Warnagiris aids <u>five police officers</u> into the building, getting them out of the chaotic atmosphere outside of those doors. *See* ECF No. 45 at *3. And, later, when he is standing in front of officers, he tries to calm the crowd so they can hear what the officers have to say. *Id*. at *3,4. The facts in this case do not reach the assault standard that appears to be the basis of the *Fischer* decision. While the Government charged Mr. Warnagiris under 18 U.S.C. § 111(a), the government has no facts of an assault. *See* ECF No. 45, 52. Accordingly, while the Government will attempt to pass off this case as one that fits into the group of cases upheld by *Fischer,* any attempt to do so would be incongruent with the facts of this case.

The *Fischer* opinion provides no comprehensive guidance to trial courts on what to do in a case like that of Mr. Warngairis, a case in which an assault was not committed in furtherance of an allegation of Obstruction of an Official Proceeding.

Nonetheless, there is an example in Judge Walker's concurrence that may provide *some guidance* for this case, though not directly on point:

> To illustrate how 'corruptly' limits the reach of § 1512(c)(2), consider how it might apply to a hypothetical rioter on January 6th. This rioter joined the throng outside Congress because he was angry at the nation's elites. He saw the riot as an opportunity to display his bravado. Though likely guilty of other crimes, he did not act 'corruptly' under (c)(2) because he did not intend to procure a benefit by obstructing the Electoral College vote count.

*United States v. Fischer,* *15 (Walker, J., concurring in part).

While not stating so explicitly, Judge Walker appears to describe disorderly or disruptive conduct as a "display [of] bravado." In his dissent, Katsas explains that only "conduct that impairs the integrity or availability of evidence" can run afoul of this code section, as opposed to disruption, or even assault. *Fischer,* *38 (Katsas, G., dissenting). As a result, it appears there are two votes from a three-judge panel that would render nonviolent conduct that is otherwise disruptive as insufficient as a matter of law to uphold a count of 18 U.S.C. § 1512(c)(2). Moreover, considering Judge Walker's statement in Footnote 10 that he agrees with Judge Katsas' reasoning and would join him but for the definition of *corruptly*, then there is further indication that the conduct in the matter at hand is insufficient as a matter of law to withstand a Motion to Dismiss.

Inarguably, the three opinions of *Fischer* have created significant ambiguity and uncertainty for a case like that of Mr. Warnagiris. Of course, the rule of lenity would have the court to apply the defendant's interpretation and yield a dismissal of the charge.

**STATUS OF THE *FISCHER* APPEAL**

On April 25, 2023, defendant Appellees filed a petition seeking a panel rehearing on *Fischer*, because "no two opinions constitute a plurality on either of the dispositive legal issues: Section 1512(c)(2)'s mens rea and actus rei elements.". See *Fischer*, Document #1996380 at *6. "Without satisfaction of the condition necessary for joinder of the lead opinion, Judge Walker stated that he would join Judge Katsas' dissenting opinion. That condition was not satisfied. The Panel should therefore rehear the case to amend the opinions to reflect Judge Walker's joinder with Judge Katsas, that the Panel was equally divided, or that Judge Walker's concurrence is the holding of the Court." *Id*. at *7 (internal citations omitted).

The very next day, on April 26, the Court ordered the Government to file a response to the defendants' petition for panel rehearing within 15 days. See *Fischer*, Document #1996482.

The status of the appeal, therefore, is still active. Defendant, accordingly, renews his motion in ECF No. 38 for abeyance or for a further continuance to await a disposition of the legal issues that directly impact his case.

**STATUS OF THE WARNAGIRIS CASE**

Mr. Warnagiris' case is still in the discovery phase. Just today, on April 27, 2023, the Government provided the defense with 43 new videos and photos.

## CONCLUSION

The defendant submits the new *Fischer* case law and status of the *Fischer* appeal in support of his Motion to Dismiss Count Two of the Indictment, ECF No. 37, and in support of his Motion for Abeyance or continuance, ECF No. 38.

Respectfully submitted,
By Counsel:

/s/

Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on April 27, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/

Marina Medvin, Esq.

