**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **CASE NO. 21-cr-382 (PLF)** |
| **v.** | : | |
| | : | |
| **CHRISTOPHER WARNAGIRIS,** | : | |
| | : | |
| **Defendant.** | : | |

_____

**GOVERNMENT'S BRIEF IN RESPONSE TO DEFENDANT'S SUPPLEMENTAL TO THE MOTION TO DISMISS COUNT TWO OF THE INDICTMENT**
_____

Relying on the D.C. Circuit's recent decision in *United States v. Fischer*, No. 22-3038, __ F.4th __, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023), defendant Christopher Warnagiris has moved to supplement his motion to dismiss (ECF No. 37) Count Two of the second superseding indictment charging him with obstructing an official proceeding under 18 U.S.C. § 1512(c)(2) (ECF No. 54). In *Fischer*, the D.C. Circuit reversed orders dismissing the Section 1512(c)(2) charges in several cases, holding that Section 1512(c)(2) "encompasses all forms of obstructive conduct, including  . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at *3. It is hard to see how *Fischer*—a case in which the government successfully challenged the dismissal of Section 1512(c)(2) charges at the pleading stage—in any way suggests that dismissal of Court Two is warranted. For the reasons discussed below, Warnagiris's motion to dismiss should be denied.

**I.      Argument**

**a.  There is a majority opinion.**

The defendant argues the assertion that Judge Walker "conditioned" his vote joining Judge Pan's lead opinion on an "prerequisite condition" regarding the meaning of "corruptly" as it is used in

Section 1512(c) which created "irreparable ambiguity" as to render the opinion of the court as "non-existent." *See* ECF No. 54, at 4-5.

First*, Fischer* <u>does</u> have a majority opinion: all but Section I.C.1 and footnote 8 of Judge Pan's lead opinion. That opinion held in Section I.A that § 1512(c)(2) was "unambiguous": it "applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Fischer*, 64 F.4th at 336. Second, *Fischer* "reverse[d] the orders of the district court" dismissing the indictments and "remand[ed] for further proceedings consistent with this opinion." *Id.* at 350. This result is entirely inconsistent with the defendant's suggestion that the Section 1512(c)(2) count in this case should be dismissed for the exact reasons rejected by the *Fischer* majority.

*Fischer* itself confirms that the defendant's proposed approach is incorrect. Judge Walker discussed at length his view of the meaning of the word "corruptly" as it is used in Section 1512(c) and specifically did not join the part of the lead opinion that "decline[d] to decide the scope of (c)(2)'s 'corrupt[ ]' mental state[.]" *Fischer*, 64 F.4th at 351 (Walker, J., concurring). Judge Walker nonetheless joined the portions of Judge Pan's lead opinion holding that Section 1512(c)(2) holding that "§ 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336. In other words, Judge Walker knew that his "condition" was "unmet"—that the majority opinion had declined to interpret the meaning of the term corruptly as it is used in Section 1512(c)—and he joined the key holding of that opinion nonetheless. There is thus no basis in the law generally or in *Fischer* specifically for this Court to conclude that the opinion of the court is "non-existent."

### b. Section 1512(c)(2) does not require assaultive conduct.

Warnagiris's motion to dismiss Count Two should be denied because the second superseding indictment in this case sufficiently alleges a violation of Section 1512(c)(2), as the D.C. Circuit's recent opinion in *Fischer* confirms.

An indictment's "main purpose is 'to inform the defendant of the nature of the accusation against him.'" *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001) (quoting *Russell v. United States*, 369 U.S. 749, 767 (1962)). Thus, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Given these limited requirements, it is "generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)).

The grand jury charged Warnagiris in Count Two with violating Section 1512(c)(2), which makes it a crime to "corruptly . . . obstruct[ ], influence[ ], or impede[ ] any official proceeding, or attempt[ ] to do so[.]" The term "official proceeding" means, among other things, "a proceeding before the Congress[.]" 18 U.S.C. § 1515(a)(1)(B). Tracking this statutory language, the superseding indictment alleged:

> On or about January 6, 2021, within the District of Columbia and elsewhere, **CHRISTOPHER WARNAGIRIS** attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United State and 3 U.S.C. §§ 15-18.

(ECF No. 49 at 2). This charge properly (1) contained the elements of the offense, (2) fairly informed Warnagiris of the charge against which he was required to defend, and (3) provided sufficient

information to protect him from future prosecutions for the same offense. Nothing more was required. *See, e.g., United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) ("[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.' . . . Rather, to be sufficient, an indictment need only inform the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense.") (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)).

Rather than helping Warnagiris, the D.C. Circuit's recent decision in *Fischer* confirms the sufficiency of the indictment in this case.  In *Fischer*, the D.C. Circuit addressed a pretrial ruling that Section 1512(c)(2) "'requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.'" 2023 WL 2817988, at *3 (quoting *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022)). Because the indictments in the cases on appeal did not allege that the defendants "violated § 1512(c)(2) by committing obstructive acts related to 'a document, record, or other object,' the district court dismissed the § 1512(c)(2) counts." *Id.* The government appealed and the D.C. Circuit reversed, holding Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at *3. The court concluded that, "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at *4. The D.C. Circuit's opinion in *Fischer* thus confirms that the indictment in this case is sufficient notwithstanding the fact that it does not allege obstructive acts related to a document, record, or other object.

Although it is somewhat convoluted and difficult to follow, Warnagiris appears to argue that *Fischer* only applies "when an assault on law enforcement is alleged to have been committed in furtherance of an Obstruction of an Official Proceeding" (ECF No. 54 at 6-7). According to

Warnagiris, "[t]he *Fischer* opinion provides no comprehensive guidance to trial courts on what to do in a case like that of Mr. Warnagiris, a case in which an assault was not committed in furtherance of an allegation of Obstruction of an Official Proceeding" (*id.* at 7). Legally, and factually, this is incorrect.

Putting aside, for the time being, Warnagiris's assault on a law enforcement officer, *Fischer*'s holding is not limited to cases involving assaultive conduct. Although the defendants in *Fischer* were alleged to have engaged in assaults on law enforcement officers, the D.C. Circuit held that Section 1512(c)(2) applies more broadly to "*all* forms of obstructive conduct[.]" 2023 WL 2817988, at *3 (emphasis added). The court explained that "the meaning of the statute is unambiguous. . . . Under the most natural reading of the statute, § 1512(c)(2) applies *to all forms of corrupt obstruction of an official proceeding*, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at *4 (emphasis added). The court concluded that "[this] broad interpretation of the statute — encompassing all forms of obstructive acts — is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure." *Id.* at *5 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). It is impossible to read the D.C. Circuit's repeated references to Section 1512(c)(2)'s prohibition on "all forms" of obstructive acts as somehow limiting the statute's scope to obstructive acts involving assault. Warnagiris's argument that the decision rendered "nonviolent conduct that is otherwise disruptive as insufficient as a matter of law" (ECF No. 54 at 8) is meritless. His supplemental motion to dismiss Count Two based on its failure to allege a sufficient assaultive act should thus be denied.

### c. The government's evidence of Warnagiris's assaultive conduct is immaterial at the motion to dismiss stage.

Essentially, Warnagiris argues that Count Two should be dismissed because, in his view, "there is no evidence of him assaulting officers" (ECF No. 54 at 7). Warnagiris conveniently

categorizes his behavior (pushing an officer so he can continue to maintain his position in forcing open the Memorial Door for fellow rioters to stream into the Capitol, *see* ECF No. 1-1 at 3-4) as aiding "officers into the building, getting them out of the chaotic atmosphere outside those doors." ECF No. 54 at 7. The same atmosphere he immersed himself in and the same doors he forcibly breached before turning around, ignoring commands, and assaulting an officer, to hold the door open, ensuring the breach continued. ECF No. 1-1 at 2-4.  Nonetheless, Warnagiris's revisionist history of the evidence lacks import at this stage of the proceedings.

As previously discussed, an indictment is sufficient under the Constitution and Rule 7 of the Federal Rules of Criminal Procedure if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling*, 418 U.S. at 117, which may be accomplished, as it is here, by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *Verrusio*, 762 F.3d at 13 (quoting *Debrow*, 346 U.S. at 378). And an indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

Federal Rule of Criminal Procedure 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the government "has made a full proffer of evidence" or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (emphasis added). Indeed, "[i]f contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion,

Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.).

Criminal cases have no mechanism equivalent to the civil rule for summary judgment. *United States v. Bailey*, 444 U.S. 394, 413, n.9 (1980) (motions for summary judgment are creatures of civil, not criminal trials); *Yakou*, 428 F.3d at 246-47 ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context"); *United States v. Oseguera Gonzalez*, No. 20-cr-40-BAH at *5, 2020 WL 6342940 (D.D.C. Oct. 29, 2020) (collecting cases explaining that there is no summary judgment procedure in criminal cases or one that permits pretrial determination of the sufficiency of the evidence). Accordingly, dismissal of a charge does not depend on forecasts of what the government can prove. Instead, a criminal defendant may move for dismissal based on a defect in the indictment, such as a failure to state an offense. *United States v. Knowles*, 197 F. Supp. 3d 143, 148 (D.D.C. 2016). "In deciding a motion to dismiss an indictment, the question before the Court is a narrow one, and the court will neither review the sufficiency of the evidence against the defendant nor craft jury instructions on the elements of the crimes charged." *United States v. McHugh*, 583 F. Supp. 3d 1, 10 (D.D.C. 2022) (cleaned up).

Thus, the "narrow" question before the Court remains whether the indictment sufficiently alleges a violation of Section 1512(c)(2), and it should "neither review the sufficiency of the evidence against the defendant nor craft jury instructions on the elements of the crimes charged." *McHugh*, 583 F. Supp. 3d at 10. "The indictment here uses language tracking the statute and alleges that [Warnagiris] 'attempted to, and did, corruptly obstruct, influence, and impede an official proceeding.' . . . That is sufficient." *United States v. Munchel*, No. 1:21-CR-118-RCL, 2023 U.S. Dist. LEXIS 67141, at *15 (D.D.C. April 18, 2023).

**<u>Conclusion</u>**

The Court should deny Defendant's motion to dismiss Count Two because the *Fischer* decision does not support dismissal.  After denying Defendant Warnagiris's motion, the Court should deny Defendant's Motion for Abeyance (ECF No. 38) for the reasons outlined in the government's response filing. *See* ECF No. 47.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By: *<u>/s/ Rebekah E. Lederer</u>*
Rebekah E. Lederer
Pennsylvania Bar No. 320922
Assistant United States Attorney
U.S Attorney's Office for District of Columbia
601 D St. N.W, Washington, DC 20530
Tel. No. (202) 252-7012
Email: rebekah.lederer@usdoj.gov