# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | Criminal Case No: 1:21-cr-0382-PLF |
| ) | |
| **CHRISTOPHER WARNAGIRIS**, ) | Trial: November 8, 2023 |
| ) | |
| Defendant.  ) | |

### Reply to Government's Opposition to Defendant's Request for Notice of the Government's Intent to Use Evidence and Identification of Evidence the government intends to use

The Defense made a request pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure. The Government's compliance with such a defense request is not discretionary, as the Government's response would have one believe; it is *mandatory* under Rule 12 and pursuant to *United States v. Anderson*, 416 F. Supp. 2d 110 (D.C. 2006). In response to such a request by the defense, "the government *must* notify defendant of the evidence that it intends to use in its case-in-chief—that is, the evidence that will appear on the government's exhibit list for trial." *Id*. (Emphasis added.) Moreover, the defendant requested *identification* of the items that the government has produced and will continue to produce under Rule 16(a)(1)(E)(ii) —that is, those materials the government intends to use in its case-in-chief.

The prosecutors, instead of providing a substantive argument on the issues raised by the Defense and the legal merits of the request and motion, engaged in an unprofessional and demeaning attack on Defense counsel, telling counsel to go check other defendants' cases for

exhibits used against *those* defendants. Aside from the impropriety, DOJ counsel fails to grasp the basis of the request and the evidentiary value of the items sought.

While Mr. Warnagiris has no standing to seek the suppression of evidence obtained from *other defendants* and used in *their trials*, he does have standing to contest the admissibility of evidence *obtained from him* and which will be *used against him*. And, while the Government follows certain patterns in their January 6 prosecutions which would hint to the Defense that certain motions in limine would be needed for exclusion arguments pre-trial, see e.g., ECF No. 70, *Defendant's Motion in Limine to Exclude Generalized, Sweeping, Non-Particularized January 6 Evidence,* a discovery database with around 8 million pieces of evidence might contain something the Government plans to use against *this defendant* that may have been irrelevant to other cases. After all, relevance remains the standard of evidence admissability, even in January 6 prosecutions.

Nonetheless, if the Government refuses to comply, the Defense will be happy to accept an order from the Court prohibiting the Government from using at trial any evidence not so noticed or provided to the defense by a specific time period. The defendant, in observance of the current schedule, is asking for September 22, 2023, as the deadline date for compliance.

                                          Respectfully submitted,
                                          By Counsel:

                                          /s/
                                          _____

                                          Marina Medvin, Esq.
                                          *Counsel for Defendant*
                                          MEDVIN LAW PLC
                                          916 Prince Street
                                          Alexandria, Virginia 22314

Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on September 18, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/

Marina Medvin, Esq.