UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )  Criminal No. 21-00382 (PLF)<br> )<br>CHRISTOPHER WARNAGIRIS, )<br> )<br>Defendant. )<br> ) | |

MEMORANDUM OPINION AND ORDER

Defendant Christopher Warnagiris is charged in a nine-count indictment with offenses relating to the events at the U.S. Capitol on January 6, 2021. See Second Superseding Indictment [Dkt. No. 49]. A bench trial is scheduled to begin on November 8, 2023. See Scheduling Order [Dkt. No. 59]. Mr. Warnagiris has filed a motion requesting that the government identify the evidence it intends to use at trial pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure. See Defendant's Request for Notice of the Government's Intent to Use Evidence and Identification of Evidence the Government Intends to Use ("Mot.") [Dkt. No. 61]. The government opposes Mr. Warnagiris's motion. See United States Response to Defense Motion ECF No. 61 ("Gov't Opp.") [Dkt. No. 68]. Mr. Warnagiris has filed a reply. See Reply to Government's Opposition to Defendant's Request for Notice of the Government's Intent to Use Evidence and Identification of Evidence the Government Intends to Use ("Reply") [Dkt. No. 72]. For the reasons stated herein, the Court will grant Mr. Warnagiris's motion in part.

Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure provides that "the defendant may . . . request notice of the government's intent to use (in its evidence-in-chief at

trial) any evidence that the defendant may be entitled to discover under Rule 16." FED. R. CRIM. P. 12(b)(4)(B). This Rule requires the government to "notify defendant of the evidence that it intends to use in its case-in-chief – that is, the evidence that will appear on the government's exhibit list for trial." United States v. Anderson, 416 F. Supp. 2d 110, 112 (D.D.C. 2006). Such evidence "does not include evidence that [government] witnesses may have reviewed or relied on, but that the government does not plan to offer at trial," and it does not include evidence that the government might use to refresh witnesses' recollection, in its rebuttal case, or for impeachment, "'so long as the use of [those documents] was not planned in advance' of trial." Id. at 112-13 (quoting United States v. Poindexter, 727 F. Supp. 1470, 1484 (D.D.C. 1989)).

Pursuant to Rule 12(b)(4)(B), Mr. Warnagiris requests that the government identify all evidence it intends to use at trial. See Mot. at 3. He requests that the government produce this information in advance of October 7, 2023, the date by which the Court has previously ordered the parties to exchange trial exhibit lists. See Scheduling Order [Dkt. No. 59]. Mr. Warnagiris asserts that he has "engaged in extensive pretrial discovery review," but that "a full review of each piece of evidence to determine its applicability to [Mr. Warnagiris] is frankly impossible." Mot. at 2. He explains that the government has made available "30,634 videos . . . and 7,681,038 digital documents" for his review, but that this evidence is "not particularized" to Mr. Warnagiris. Id. He therefore asks the Court to order the government to disclose a list of the specific items of evidence it intends to introduce at trial in advance of the previously established deadline because "[r]eviewing almost 8 million piece of evidence without identification to this case is an insurmountable task," and requiring him to engage in discovery review without knowing which evidence the government intends to use against him at trial hinders his ability "to prepare pleadings and an adequate defense." Id. at 3.

The government argues that it provided Mr. Warnagiris with "case specific discovery soon after he was indicted." Gov't Opp. at 1. Furthermore, the government represents that it will "begin an early and rolling production of the exhibits themselves" to Mr. Warnagiris in advance of the October 7, 2023 deadline. Id. at 2.

The Court appreciates the government's commitment to fulfilling its obligations under Rule 16 of the Federal Rules of Criminal Procedure, as well as its ongoing obligation to produce evidence to Mr. Warnagiris as the government becomes aware of it. The Court also appreciates the burden on defense counsel posed by the extensive discovery already produced in this case. See United States v. Anderson, 416 F. Supp. 2d at 114 ("Given the enormous volume of material produced in this case and defendant's limited resources, it is apparent that requiring defendant's counsel to peruse each page of the materials at issue here – in effect, to duplicate the work of document review presumably already done by the government – would materially impede defendant's counsel's ability to prepare an adequate defense.").

The government is correct that the Court previously ordered the parties to exchange exhibit lists on October 7, 2023. See Gov't Opp. at 1. Mr. Warnagiris, however, now represents that identification of the evidence the government intends to use in its case-in-chief is necessary to preparing his defense, and he therefore asks the government to identify the specific items of evidence it intends to use during its case-in-chief earlier than the deadline the Court originally imposed. Mot. at 3. In light of the "enormous volume of material produced," as well as the fact that Mr. Warnagiris is charged with multiple serious felony offenses, the Court concludes that his request is reasonable. See United States v. Anderson, 416 F. Supp. 2d at 114. Accordingly, pursuant to Rule 12(b)(4)(B) and Rule 16(a)(1)(E)(ii) of the Federal Rules of Criminal Procedure, the government is directed to provide Mr. Warnagiris, on or before

September 29, 2023, with a notice identifying the specific items of evidence that the government intends to use during its case-in-chief. It is hereby

ORDERED that Mr. Warnagiris's Request for Notice of the Government's Intent to Use Evidence and Identification of Evidence the Government Intends to Use [Dkt. No. 61] is GRANTED IN PART; and it is

FURTHER ORDERED the government shall provide Mr. Warnagiris, on or before September 29, 2023, with a notice identifying with specificity the items of evidence that the government intends to use during its case-in-chief; and it is

FURTHER ORDERED that the government shall notify Mr. Warnagiris and the Court before seeking to introduce any evidence not included in its notice.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 9/21/23