UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-CR-382 (PLF) |
| v. : | |
| : | |
| CHRISTOPHER WARNAGIRIS, : | |
| : | |
| Defendant : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR A BILL OF PARTICUALRS

The Court should deny the defendant's motion for a bill of particulars because it improperly asks the Court to compel the government to provide a detailed exposition of its evidence and legal theories, and because the information sought is available to the defendant in the government's discovery and other sources.

I.  STATEMENT OF FACTS

Defendant Warnagiris traveled from Woodbridge, Virginia to Washington D.C. on January 6, 2021. Defendant made his way to the Capitol building grounds and eventually to the Columbus Doors area. Although United States Capitol Police ("USCP") officers attempted to keep the growing crowd from entering the building, at approximately 2:24 pm, Defendant successfully pushed himself through the Columbus Doors and into the Rotunda Lobby, becoming the first person to breach that specific entrance. As police officers continued their attempts to keep people out of the building, Defendant held the Columbus Doors open and helped pull people inside despite attempts by USCP Officer A.W. to stop him from doing so. Instead, Defendant instead pushed back on the officer and used his body to keep the door open for more rioters to enter.

Defendant then left area, entered the Rotunda, and proceeded directly to the main entrance to the Chamber of the House of Representatives. Once there, he moved to the front of a large crowd of rioters attempting to access the House floor. After spending approximately twenty minutes

outside the House Chamber, Defendant returned to the Rotunda where he actively resisted attempts by police officers to remove him and other rioters from the area. The officers, however, eventually pushed him out to the Rotunda Lobby at approximately 3:30 p.m. In the lobby, police officers from multiple agencies corralled rioters to move them out of the building. Defendant continued to evade officers until he was one of the last rioters that officers removed from this area inside the Capitol at approximately 3:36 p.m.

The Defendant was charged in a Second Superseding Indictment on March 22, 2023, with, among other charges, the following:

### COUNT ONE

On or about January 6, 2021, within the District of Columbia, **CHRISTOPHER WARNAGIRIS**, committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, Officer A.W., an officer from the United States Capitol Police, lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

> **(Civil Disorder and Aiding and Abetting,** in violation of Title 18, United States Code Section 23l(a)(3)

### COUNT TWO

On or about January 6, 2021, within the District of Columbia and elsewhere, **CHRISTOPHER WARNAGIRIS**, attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

> (**Obstruction of an Official Proceeding and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1512(c)(2) and 2)

**COUNT THREE**

On or about January 6, 2021, within the District of Columbia, **CHRISTOPHER WARNAGIRIS**, did forcibly assault, resist, oppose, impede, intimidate, and interfere with an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, Officer A.W., an officer from the United States Capitol Police, while such officer or employee was engaged in or on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

>  (**Assaulting, Resisting, or Impeding Certain Officers** in violation of Title 18, United States Code, Sections 111(a)(1))

**II.      LEGAL ANALYSIS**

An indictment need only include "a plain, concise, and definite written statement of the essential facts constituting the offense charged," but a court may, in its discretion, "direct the government to file a bill of particulars" clarifying the allegations in the indictment. Fed. R. Crim. P. 7(c)(1), (f). A bill of particulars "ensure[s] that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). It is not required, however, if the indictment "is sufficiently specific, or if the requested information is available in some other form." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation and not to provide the defendant

with the fruit of the government's investigation." *United States v. Sanford* Ltd., 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same); see also *United States v. Taylor*, 17 F. Supp. 3d 162, 178 (E.D.N.Y. 2014) (bill of particulars "may not be used by the defense as a fishing expedition or to force the government to reveal all its evidence before trial").

Applying this principle, judges in this district have consistently denied motions for a bill of particulars where, as here, the motion seeks details about the nature of the government's evidence. Thus, for example, in *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017), the court denied a motion for a bill of particulars requesting information about the basis for fraud and tax charges against the defendant, including the precise representations allegedly made by the defendant and the amount of taxes allegedly owed. The Court explained that the requested information had already been provided to the defendant in discovery and elsewhere, and a "bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case." *Id.*

Similarly, in *Brodie*, the Court denied a motion for a bill of particulars requesting "the circumstances surrounding the alleged acts" of fraud committed by the defendants as well as "other evidentiary details." 326 F. Supp. 2d at 92. The Court reasoned that the charges set forth in the indictment were "detailed and alleged with particularity" and "the discovery provided by the government has been voluminous," and therefore there was "no reason for any further particularization of the overt acts." *Id*.

Finally, in *Sanford Ltd.*, the Court denied a motion for a bill of particulars regarding the "substance, time, place and date" of allegations regarding falsification of records and other charges against a corporate defendant. 841 F. Supp. 2d at 315. The Court explained that "the general rule in conspiracy cases is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars." *Id*. at 317 (internal quotation marks and citation omitted). Accordingly, the Court denied the defendant's request for information about the identities of its employees alleged to have participated in the conspiracy and other details about the overt acts charged in the indictment. *Id*. at 317-18.

### III.   ARGUMENT

Here, the defendant seeks a bill of particulars to provide three categories of information: (1) additional detail regarding the defendant's actions, (2) the manner and specific circumstances under which the acts were committed, and (3) a specific time frame. ECF No. 63 at 2. The defendant claims that the bill of particulars is necessary because, according to him, the indictment is insufficient to prepare for trial. These claims do not hold for several reasons.

First, the indictment provides sufficient detail outlining the allegations against Defendant. See *Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (no bill of particulars required where the superseding indictment identified, among other things, the object of the charged conspiracy, the conspiracy's "time period," the applicable *mens rea*, and locations where conspirators acted). The language of Counts One, Two, and Three all clearly and plainly state the: day of the alleged crime, the *mens rea*, and the *actus reus*.[1] Furthermore, Counts One and Three identify the specific victim while Count Two identifies the specific proceeding with which the Defendant interfered. Along

---

[1] In Count One, the actus reus is obstructing, impeding, and interfering with law enforcement. In Count Two, the actus reus is obstructing, impeding, and influencing. In Count Three, the actus reus is forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a law enforcement officer.

with providing a specific date for the alleged conduct, the second superseding indictment language tracks closely with that of the applicable statutes.

Despite the clear language, Defendant seeks a detailed recitation of how the government plans to prove its case. That is not the point of an indictment or bill of particulars. Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *Sanford Ltd.*, 841 F. Supp. 2d at 316 (internal quotation marks and citation omitted, emphasis in original). Defendant is not asking for *clarification* of the indictment terms or clarification of the elements of the charges against him. Rather, Defendant simply wants to know how the government is going to prove those allegations. This is precisely the type of information—evidentiary proof not clarification—improperly sought by a bill of particulars. *Martinez*, 764 F. Supp. 2d at 173.

Warnagiris cites no authority for such a detailed bill of particulars. Furthermore, Defendant ignores plethora of detailed information found in the statement of facts and discovery for his case. The full scope of the conduct giving rise to the allegations in this case is recorded and has been disclosed to defense. Defendant has copies of witness statements, videos, and still photos which document his conduct (and the exact time of said activities) at the Columbus Doors. Defense also has videos and still photos of the Defendant's conduct at the House doors. All in all, the discovery documents, in great and specific detail, his assaultive and obstructive behavior on January 6, 2021.

### IV.    CONCLUSION

For the foregoing reasons, Defendant Warnagiris' Motion for a Bill of Particulars, ECF No. 63, should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: */s/ REBEKAH LEDERER*

Rebekah Lederer
Assistant United States Attorney
Pennsylvania Bar No. 320922
601 D St. N.W, Washington, DC 20530
Tel. No. (202) 252-7012
Email: rebekah.lederer@usdoj.gov

*/s/ ANDREW HAAG*
Andrew Haag
Assistant United States Attorney
 MA Bar No. 705425
601 D Street NW, Washington, DC 20530
andrew.haag@usdoj.gov 202-252-7755