# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL CASE NO: 1:21-CR-0382-PLF |
| | ) | |
| **CHRISTOPHER WARNAGIRIS**, | ) | TRIAL: NOVEMBER 8, 2023 |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## REPLY TO DOJ OPPOSITION TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

The Government opposes the Defendant's Motion for a Bill of Particulars. The Government claims that because "Counts One and Three identify the specific victim while Count Two identifies the specific proceeding with which the Defendant interfered," the recitation of the facts in the Second Superseding Indictment constituting the *actus reus* is sufficient. *See* ECF 77 at *5.

Indeed, without the alleged victim's name, the indictment would be insufficient. *See United States v. Connell*, Crim. No. 21-0084 (PLF) (D.D.C. Jun. 30, 2023) (it is "essential for a defendant to know the identity of the victim prior to trial, so that the defendant may understand the charge and properly prepare a defense"). However, the victim's name and the name of the proceeding are not the only facts that are legally essential for a defendant to be notified of in order to prepare a defense.

The purpose of a bill of particulars is to "inform the defendant of the substantive facts of the charges against him" — and that is exactly what the defendant is seeking. *See United States*

*v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011). Before the trial, the defendant seeks to be

adequately informed of the *actus reus* charged against him so that he may prepare a fitting

defense. *Id*. Reading Mr. Warnagiris' indictment, one cannot answer the simple question of *what*

*the defendant did to violate the statute.*

Just as in *Bazezew,* where the indictment provided "very little information and not nearly

enough to allow the defendants to prepare for trial or to avoid surprise at trial," so too are Counts

One, Two, and Three deficient. *See Bazezew*, 783 F. Supp. at 168. Except in *Bazezew*, the

indictment provided actual facts that constituted at least some of the *actus reus*: "each

[defendant] met with the Chairperson of the Taxicab Commission and paid cash to him for a

taxicab operator license on a specific date." *Id*. Mr. Warnagiris' indictment states no description

of how it is that he is alleged to have violated the statutes other than reciting the generic language

of the code sections in Counts One through Three. The Second Superseding Indictment does not

inform of the *conduct of the defendant* that is allegedly criminal.

In *Bazezew,* with an indictment that contained significantly more facts than the one of Mr.

Warnagiris, this Court still ordered—

> a bill of particulars that provides at least the following: (1) a description of any overt act
> taken by each of the 16 remaining defendants prior to September 11, September 18, or
> September 20, 2009, respectively; (2) the identities of all persons the government claims
> to have been co-conspirators during the course of the alleged conspiracy, regardless of
> whether they have been indicted or previously have pled guilty and regardless of whether
> they will be called as trial witnesses; and (3) the approximate date of any conversations
> between any of the 16 remaining defendants and any purported co-conspirators that
> preceded September 11, 2009.

*Bazezew*, 783 F. Supp. 2d at 168-69.

In Mr. Warnagiris' case, the DOJ seeks to pursue a factually limitless indictment in order to expand its opportunities to obtain a conviction at trial. However, this is an improper expansion of the government's prosecutorial powers. *See United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (a bill of particulars serves to *limit* and *define* the government's case); *United States v. Connell*, Crim. No. 21-0084 (PLF) (D.D.C. Jun. 30, 2023) (same).

Accordingly, the Defense asks the DOJ to notify Mr. Warnagiris of **what conduct or actions of his** are alleged to have violated the statutes in Counts One through Three, as well as **when** these actions are alleged to have occurred — **at what time —** so that the defense can prepare a trial defense, as well as any additional pretrial motions, if necessary. These are basic *actus reus* descriptions that the Government will surely not have difficulty structuring in a bill of particulars. The bill of particulars will thus *inform* the defendant of the substantive facts of the charges against him, as well as *limit* and *define* the government's case against him.

To maintain the Defendant's original stance, he continues to contend that the Second Superseding Indictment is insufficient as a matter of law.

> It has long been recognized that there is an important corollary purpose to be served by the requirement that an indictment set out "the specific offence, coming under the general description," with which the defendant is charged. This purpose, as defined in *United States v. Cruikshank*, 92 U. S. 542, 558, is "to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had."… Viewed in this context, the rule is designed not alone for the protection of the defendant, but for the benefit of the prosecution as well, by making it possible for courts called upon to pass on the validity of convictions under the statute to bring an enlightened judgment to that task.

*Russell v. United States*, 369 U.S. 749, 768 (1962). Nonetheless, as an alternative argument to the defendant's motions to dismiss, a bill of particulars will serve to clarify the charges and place proper limitations on the government.

Respectfully submitted,

By Counsel:

_____/s/_____
MARINA MEDVIN, ESQ.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

## <u>CERTIFICATE OF SERVICE FOR CM/ECF</u>

I hereby certify that on September 28, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.