**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | Case No. 1:21-cr-382 (PLF) |
| : | |
| **CHRISTOPHER WARNAGIRIS,** : | |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION *IN LIMINE* TO EXCLUDE RELEVANT EVIDENCE OF**
**CORE ELEMENTS OF COUNTS ONE, TWO, FOUR, FIVE, AND SIX**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's motion *in limine* to exclude evidence related to January 6. *See* ECF No. 70 ("Def. Mot."). The defendant is charged with, among other offenses, obstructing a police officer in the midst of a civil disorder, in violation of 18 U.S.C. § 231(a)(3) (Count 1); aiding and abetting the obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count 2); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count 4); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count 5); and, committing an act of physical violence in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(4) (Count 6). ECF No. 49. The defendant seeks to exclude evidence related to "any particular acts of criminal behavior carried out by persons other than" him on the theory that such evidence is either irrelevant or more prejudicial than probative. Def. Mot. at 2. To the contrary, the evidence of the riot's existence is directly relevant and crucial to establish multiple elements of Counts One, Two, Four, Five, and Six. Consequently, the Court should deny the defendant's motion.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The underlying procedural history and factual allegation of this case are well-known to the Court and established in ECF Nos. 1-1, 40, 44, and 77, which the United States incorporates by reference.

## ARGUMENT

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The general rule is that relevant evidence is admissible," *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993), which is a "liberal" standard, *United States v. Moore*, No. 18-cr-198 (JEB), 2022 WL 715238, at *2 (D.D.C. Mar. 10, 2022). "In a criminal case, a fact is 'of consequence' if it makes it more or less likely that the defendant committed the charged conduct." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020) (quoting Fed. R. Evid. 401); *see also United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011) ("Relevant evidence tends to make a necessary element of an offense more or less probable."). However, courts do need to require "that each piece of evidence directly prove or disprove an element of the offense," so long as the evidence is "a step on one evidentiary route to the ultimate fact." *Id.* (quoting *Old Chief v. United States*, 519 U.S. 172, 179 (1997)) (internal quotation marks omitted).

The government acknowledges that relevant evidence may be inadmissible if it is unduly prejudicial. Fed. R. Evid. 403. In the context of a bench trial, however, "the portion of [Rule 403] concerning unfair prejudice has a highly limited application, if any at all . . . ." *United States v. Fitzsimons*, 605 F. Supp. 3d. 92, 102 n. 8 (D.D.C. 2022) (internal quotation and citation omitted). "The gravamen of unfair prejudice is an undue tendency to suggest decision on an improper basis,

2

commonly, though not necessarily, an emotional one." *United States v. Orenuga*, 430 F.3d 1158, 1165 (D.C. Cir. 2005) (citing *Old Chief* 519 U.S. at 180) (internal quotations omitted). Unlike a jury, there is little risk that the Court will find the defendant guilty on such an improper basis, rendering Rule 403 a minor concern in this case's upcoming bench trial. *See Fitzsimons*, 605 F. Supp. 3d. at 102 n. 8. Nonetheless, even if this Court found the actions of other rioters to be prejudicial, the Court acting as the factfinder may limit its own use of the evidence to reduce the risk of prejudice, confusing the issues, or the other concerns addressed in Fed. R. Crim. 403. *See id*.

I. **General Evidence of the Events of January 6 and the Actions of Other Rioters at the Capitol is Relevant to Multiple Counts.**

   a. *Count One, Civil Disorder (18 U.S.C. § 231(a)(3))*

To convict the defendant of Count One, the government must prove that (1) the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with a law enforcement officer, (2) at the time of the defendant's act, the officer was engaged in the lawful performance of their official duties incident to and during a civil disorder, and (3) the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce, the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function. 18 U.S.C. § 231(a)(3). "The term 'civil disorder' means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1).

In order for the government to meet its burden as to Count One, it must introduce evidence that there was a group "of three or more persons" committing acts of violence that threaten or

resulted in injury to persons or property. Accordingly, if the Court granted the defendant's motion and restricted the government to presenting evidence *only* of the defendant's conduct on January 6, the Court would make it impossible for the government to prove its case as to Count One.

Similarly, to convict the defendant on Count One, the government must also prove that the civil disorder--not the defendant--obstructed, delayed, or adversely affected a federally protected function, such as the U.S. Capitol Police's protection of the Capitol and its occupants. 18 U.S.C. § 231(a)(3). This element intrinsically broadens the scope of relevant evidence beyond the defendant's conduct to the conduct of the civil disorder's other participants, because the factfinder must receive proof that the riot disrupted the federally protected function. The defendant argues that "the weariness" experienced by police officers is not relevant because such witnesses generally do not testify about "their feelings or emotional tolls that the job has caused them." Def. Mot. at 3. Such testimony, however, goes directly to the question of whether the officers were obstructed, impeded, or interfered with. Such topics also go to whether there was a disruption to a federally protected function if the witness was involved in the function. Again, granting the defendant's motion and preventing the government from introducing evidence about the impact of other people's conduct on the officers who responded to the riot would make it impossible for the government to prove its case as to Count One.

      b. *Count Two, Obstruction of an Official Proceeding (18 U.S.C. § 1512(c)(2))*

To convict the defendant of Count Two, the government must prove that the defendant (1) attempted to or did obstruct or impede an official proceeding, (2) intended to obstruct or proceed the official proceeding, (3) acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding, and (4) acted corruptly. As

charged in the superseding indictment, the government may also meet its burden on Count Two by proving that the defendant aided and abetted others in obstructing the official proceeding. *See* ECF No. 25. As with Count One (civil disorder), the question of whether the government can prove that the defendant aided and abetted other rioters inherently requires discussion of other rioters' actions. Otherwise, the factfinder could not know if the defendant in fact assisted other rioters such that the defendant is criminally liable. Even viewing the defendant as a principal, however, warrants discussion of other rioters because such evidence can provide context as to how the defendant obstructed or impeded the official proceeding. Put another way, such evidence is "a step on one evidentiary route to the ultimate fact." *Old Chief*, 519 U.S. at 179.

    c. *Count Four, Five, and Six, Acts in Restricted Buildings or Grounds (18 U.S.C. § 1752(a)(1),(2), and (4))*

  To convict the defendant of Counts Four, Five, and/or Six, the Court must find that, among other elements, the defendant was "knowingly" present in "restricted buildings or grounds." 18 U.S.C. §§ 1752(a)(1), (2), and (4). "[T]he term restricted buildings or grounds means any posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). With these counts, the actions of other rioters contribute to the proof that the defendant possessed the necessary *mens rea* for each count. For example, if the government proves at trial that the defendant saw police officers guarding an entrance of the Capitol, rioters damaging that entrance, and the officers nonetheless attempting to stop rioters from entering the building, this evidence will help show that the defendant knew that the public was not allowed in the Capitol. Or in other words, this evidence would show that the defendant knew that the Capitol was a restricted area. This example is one of many such situations where the actions of others provide

the necessary context to understand the defendant's actions and motivations. *See e.g., United States v. Grider*, 21-cr-22 (CKK), 2022 WL 17829149, at *12 (D.D.C. Dec. 21, 2022) (noting that "[m]embership in a mass of rioters is particularly likely to disrupt Congressional business," in finding the defendant guilty of violating 18 U.S.C. § 1752(a)(2)). Thus, this evidence would be relevant to these counts.

## **CONCLUSION**

Because the actions of other rioters are relevant to core elements of multiple counts and not unduly prejudicial, particularly in a bench trial, the Court should deny the defendant's motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052


By:     */s/ REBEKAH LEDERER*
Rebekah Lederer
Assistant United States Attorney
Pennsylvania Bar No. 320922
601 D Street NW, Washington, DC 20530
Tel. No.: (202) 252-7012
Email: rebekah.lederer@usdoj.gov

*/s/ ANDREW HAAG*
Andrew Haag
Assistant United States Attorney
MA Bar No. 705425
601 D Street NW, Washington, DC 20530
Tel. No.: (202) 252-7755
Email: andrew.haag@usdoj.gov