UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
        v.                              )    Criminal No. 21-00382 (PLF)
                                        )
CHRISTOPHER WARNAGIRIS,                 )
                                        )
        Defendant.                      )
_____)


OPINION AND ORDER

        Defendant Christopher Warnagiris has moved to dismiss Counts One, Two, and

Three of the second superseding indictment pursuant to Rule 12(b) of the Federal Rules of

Criminal Procedure for failing to state an offense and on constitutional grounds.  See Motion to

Dismiss Counts One and Three of the Superseding Indictment, 18 U.S.C. §§ 231(a)(3), 111(a)

("Counts One and Three Mot.") [Dkt. No. 43]; Motion to Dismiss Count Two of the Superseding

Indictment, 18 U.S.C. § 1512(c)(2) ("Count Two Mot.") [Dkt. No. 37].

        The challenges that Mr. Warnagiris raises to Count Two have by and large been

considered and rejected by this Court in United States v. Puma, 596 F. Supp. 3d 90 (D.D.C.

2022), United States v. GossJankowski, Crim. No. 21-0123, 2023 WL 130817 (D.D.C. Jan. 9,

2023), and United States v. Connell, Crim. No. 21-0084, 2023 WL 4314903 (D.D.C. July 3,

2023).  Mr. Warnagiris's arguments have also been addressed by the D.C. Circuit in United

States v. Fischer, 64 F.4th 329 (D.C. Cir. 2023), and by many other judges in this district.[1]

_____

[1]      See, e.g., United States v. Sandlin, 575 F. Supp. 3d 16, 21-34 (D.D.C. 2021);
United States v. Caldwell, 581 F. Supp. 3d 1, 10-34 (D.D.C. 2021); United States v. Mostofsky,
579 F. Supp. 3d 9, 24-27 (D.D.C. 2021); United States v. Montgomery, 578 F. Supp. 3d 54,
62-87 (D.D.C. 2021); United States v. Nordean, 579 F. Supp. 3d 28, 41-54 (D.D.C. 2021);

The Court has carefully considered the parties' written submissions, their presentations at oral argument, and the applicable authorities.  For the following reasons, the Court concludes that the indictment is sufficient as to Counts One, Two, and Three.  The Court concludes, however, that a limited bill of particulars is required as to Counts One and Three. The Court therefore will deny Mr. Warnagiris's motions to dismiss, but grant in part his motion for a bill of particulars.[2]

---

United States v. McHugh, 583 F. Supp. 3d 1, 11-23 (D.D.C. 2022); United States v. Rhodes, 610 F. Supp. 3d 29, 48-49 (D.D.C. 2022); United States v. Brock, 628 F. Supp. 3d 85, 90-92 (D.D.C. 2022); United States v. Fitzsimons, 605 F. Supp. 3d 132, 137-51 (D.D.C. 2022); United States v. Bozell, Crim. No. 21-0216, 2022 WL 474144, at *2-7 (D.D.C. Feb. 16, 2022); United States v. Andries, Crim. No. 21-0093, 2022 WL 768684, at *3-12 (D.D.C. Mar. 14, 2022); United States v. Gillespie, Crim. No. 22-0060, 2022 WL 17262218, at *3-5 (D.D.C. Nov. 29, 2022); United States v. Rodriguez, Crim. No. 21-0246, 2022 WL 3910580, at *2-15 (D.D.C. Aug. 31, 2022); United States v. Williams, Crim. No. 21-0618, 2022 WL 2237301, at *2-18 (D.D.C. June 22, 2022).

[2]     The materials that the Court has considered in relation to the pending motions include:  Complaint [Dkt. No. 1]; Statement of Facts [Dkt. No. 1-1]; Second Superseding Indictment ("Indictment") [Dkt. No. 49]; Motion to Dismiss Count Two of the Superseding Indictment ("Count Two Mot.") [Dkt. No. 37]; Government's Response in Opposition to Defendant's Motion to Dismiss Count Two of the Indictment ("Count Two Opp.") [Dkt. No. 40]; Motion to Dismiss Counts One and Three of the Superseding Indictment ("Counts One and Three Mot.") [Dkt. No. 43]; Government's Response to Defendant's Motion to Dismiss Counts One and Three of the Superseding Indictment ("Counts One and Three Opp.") [Dkt. No. 44]; Reply to Government's Response in Opposition to Defendant's Motion to Dismiss Counts One and Three of the Superseding Indictment ("Counts One and Three Reply") [Dkt. No. 45]; First Notice of Supplemental Authority [Dkt. No. 48]; Supplemental Briefing [Dkt. No. 51]; Defendant's Supplemental Brief on the Proper Reading of 18 U.S.C. § 111(a) [Dkt. No. 52]; Second Notice of Supplemental Authority [Dkt. No. 54]; Government's Brief in Response to Defendant's Supplemental to the Motion to Dismiss Count Two of the Indictment [Dkt. No. 55]; Motion for a Bill of Particulars ("BOP Mot.") [Dkt. No. 63]; Defendant's Trial Brief [Dkt. No. 71]; Government's Opposition to Defendant's Motion for a Bill of Particulars ("BOP Opp.") [Dkt. No. 77]; and Reply to DOJ Opposition to Defendant's Motion for a Bill of Particulars ("BOP Reply") [Dkt. No. 79].

I.  BACKGROUND

The charges against Mr. Warnagiris relate to the events at the U.S. Capitol on January 6, 2021, which are summarized in the Court's opinion in United States v. Puma.  See United States v. Puma, 596 F. Supp. 3d at 93-94.  This factual summary is "for background purposes only," and these facts "do not inform the Court's analysis of [Mr. Warnagiris's] motion[s] to dismiss, which must be limited to 'the four corners of the indictment.'"  United States v. Montgomery, 578 F. Supp. 3d at 59 n.1 (quoting United States v. Safavian, 429 F. Supp. 2d 156, 161 n.2 (D.D.C. 2006)).

The United States alleges that Mr. Warnagiris was a member of the crowd that entered the Capitol building on January 6, 2021 and engaged in certain activities while there. See Indictment.  According to the statement of facts accompanying the criminal complaint in this case, security footage and publicly available video depicts Mr. Warnagiris attempting to gain access to the U.S. Capitol building on January 6, 2021.  See Statement of Facts [Dkt. No. 1-1] at 2-3.  Video depicts Mr. Warnagiris positioned in the doorway of the East Rotunda doors as other individuals attempted to gain entry to the Capitol and as United States Capitol Police officers tried to keep members of the crowd from entering the building.  Id. at 3-4.  Security footage captured a struggle between Mr. Warnagiris and a Capitol police officer, Officer A.W., as Officer A.W. attempted to secure the East Rotunda doors.  Id.

On May 12, 2021, Mr. Warnagiris was charged by criminal complaint.  See Complaint [Dkt. No. 1].  A grand jury returned an indictment on June 2, 2021, a superseding indictment on December 1, 2021, and a second superseding indictment on March 22, 2023, charging Mr. Warnagiris with three felony offenses and six misdemeanor offenses.  See Indictment.  On November 18, 2022, Mr. Warnagiris moved to dismiss Count Two, Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2), arguing that the indictment

fails to state an offense and lacks specificity.  <u>See</u> Count Two Mot. at 1.  On December 7, 2022,

Mr. Warnagiris moved to dismiss Count One, Civil Disorder, in violation of 18 U.S.C.

§ 231(a)(3), for lack of specificity, and Count Three, Assaulting, Resisting, or Impeding Certain

Officers, in violation of 18 U.S.C. § 111(a)(1), for lack of specificity and for failing to state an

offense.  <u>See</u> Counts One and Three Mot. at 1.  The government opposes both motions.

   Mr. Warnagiris also requested that the Court hold his motion to dismiss Count

Two, Obstruction of an Official Proceeding, in abeyance, arguing that the "exact legal issue that

defendant has pleaded and raised . . . dismissal of an indictment count under 18 U.S.C.

§ 1512(c)(2) . . . is pending before the United States Court of Appeals for the D.C. Circuit" in

<u>United States v. Fischer</u>.  <u>See</u> Motion for Abeyance [Dkt. No. 38] at 1.  The D.C. Circuit issued a

decision in <u>United States v. Fischer</u>, 64 F.4th 329 (D.C. Cir. 2023), on April 7, 2023.  The

defendant in <u>Fischer</u> filed a petition for certiorari to the U.S. Supreme Court on September 11,

2023, <u>see</u> Notice [Dkt. No. 60], and Mr. Warnagiris has renewed his request for abeyance

pending the ultimate resolution of that case.  <u>See</u> Second Notice of Supplemental Authority [Dkt.

No. 54] at 9-10.

   A bench trial in this case is scheduled to begin on November 8, 2023.  At this

time, the Court has no way of knowing when the outstanding legal questions relating to 18

U.S.C. § 1512(c)(2) will be resolved, either in the Supreme Court or the D.C. Circuit.  The Court

therefore will deny Mr. Warnagiris's motion for abeyance, as the interests of justice and judicial

efficiency do not counsel in favor of continuing these proceedings indefinitely.  The Court heard

oral argument on each of Mr. Warnagiris's motions to dismiss on February 24, 2023 and May 1,

2023, and those motions are now ripe for disposition.

Mr. Warnagiris filed his motion for a bill of particulars on September 11, 2023. Mr. Warnagiris's motion concerns Counts One, Two, and Three, the same three counts he challenges in his motions to dismiss.  In his motion for a bill of particulars, he "incorporat[es] by reference the arguments" he raises regarding the sufficiency of the indictment in his motions to dismiss.  BOP Mot. at 2.  While maintaining his objections to the sufficiency of the indictment, he argues in the alternative that the lack of detail in the indictment warrants ordering the government to file a bill of particulars.  The government filed its opposition to Mr. Warnagiris's motion for a bill of particulars on September 26, 2023, and Mr. Warnagiris filed a reply on September 28, 2023.  The Court heard oral argument on the motion for a bill of particulars on October 16, 2023.

## II.  MOTIONS TO DISMISS

### A.  Legal Standard

A defendant in a criminal case may move to dismiss an indictment or information before trial for "failure to state an offense."  FED. R. CRIM. P. 12(b)(3)(B)(v).  In determining whether a charging document fails to state an offense, the operative question is "whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed."  United States v. Bowdoin, 770 F. Supp. 2d 142, 146 (D.D.C. 2011) (citing United States v. Sampson, 371 U.S. 75, 76 (1962)).  In considering a motion to dismiss, a court must accept the allegations in the indictment as true.  See United States v. Ballestas, 795 F.3d 138, 149 (D.C. Cir. 2015).  "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes."  United States v. Sunia, 643 F. Supp. 2d 51, 60 (D.D.C. 2009).  The Court's analysis of Mr. Warnagiris's motion to dismiss thus "must be limited to 'the four corners of the

indictment.'"  United States v. Montgomery, 578 F. Supp. 3d at 59 n.1 (quoting United States v. Safavian, 429 F. Supp. 2d at 161 n.2).

Because "[a]n 'indictment's main purpose is to inform the defendant of the nature of the accusation against him,'" an indictment that fails to do so because it is not specific enough is insufficient.  United States v. Ballestas, 795 F.3d at 148-49 (quoting United States v. Hitt, 249 F.3d 1010, 1016 (D.C. Cir. 2001)).  A charging document "is sufficiently specific where it (1) contains the elements of the offense charged and fairly informs the defendant of those charges so that he may defend against them, and (2) enables him 'to plead [an] acquittal or conviction in bar of future prosecutions for the same offense.'"  United States v. Safavian, 429 F. Supp. 2d at 158 (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)).  Ordinarily, an indictment need only contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged."  FED. R. CRIM. P. 7(c)(1); see United States v. Apodaca, 275 F. Supp. 3d 123, 153 (D.D.C. 2017) ("In most cases, detailed allegations 'surely are not contemplated by Rule 7(c)(1).'" (quoting United States v. Resendiz-Ponce, 549 U.S. 102, 110 (2007))).  But, in cases where "guilt depends so crucially upon such a specific identification of fact, . . . an indictment must do more than simply repeat the language of the criminal statute" so that a defendant is not forced to "go to trial with the chief issue undefined."  Russell v. United States, 369 U.S. 749, 764-66 (1962).

## B.  Discussion

### 1.  Count One:  18 U.S.C. § 231(a)(3)

Mr. Warnagiris moves to dismiss Count One of the indictment, which charges him with Civil Disorder pursuant to 18 U.S.C. § 231(a)(3).  See Indictment at 1-2.  Section 231(a)(3) provides:

> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function . . . [s]hall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 231(a)(3).  Count One of the indictment charges:

> On or about January 6, 2021, within the District of Columbia, CHRISTOPHER WARNAGIRIS, committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, Officer A.W., an officer from the United States Capitol Police, lawfully engaged in the lawful performance of his official duties, incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

Indictment at 1-2.

Mr. Warnagiris contends that Count One must be dismissed for lack of specificity, as it fails to provide him with notice "of the facts on which the government bases its allegations . . . and of the nature and cause of the accusations against him" in violation of the Fifth and Sixth Amendments.  See Counts One and Three Mot. at 7-8.  He argues that the indictment fails to specify "what about [his] conduct was unlawful," id. at 9, and "lacks any factual description of an actus rea – the circumstances surrounding these allegedly criminal actions."  Id. at 10.  These omissions, he argues, "allow[] the government to formulate a favorable fact pattern for a trial jury that has not been prescreened and approved by a grand jury."  Id. at 9-10.

The government responds that Mr. Warnagiris "cannot claim that he is . . . unable to determine what acts form the basis for the charges" because "[t]he answer is apparent from the discovery."  Counts One and Three Opp. at 15.  Mr. Warnagiris is correct, however, that the

Court's review of the indictment is limited to its "four corners."  Counts One and Three Reply at 1.  What the government has provided in discovery is irrelevant to the Court's analysis of the sufficiency of the indictment.  See United States v. Mosquera-Murillo, 153 F. Supp. 3d 130, 154 (D.D.C. 2015) ("[A] pretrial motion to dismiss an indictment allows a district court to review the sufficiency of the government's pleadings, but it is not a permissible vehicle for addressing the sufficiency of the government's evidence." (internal quotations and citation omitted)); United States v. Young-Bey, Crim. No. 21-0661, 2023 WL 3303819, at *5 (D.D.C. May 8, 2023) ("[I]nformation about . . . what [the government's] evidence will be at trial is not relevant in the current inquiry.").

Nevertheless, the Court finds that the language of the indictment is sufficiently specific to withstand Mr. Warnagiris's constitutional challenge.  Mr. Warnagiris faults the indictment for simply "regurgitat[ing] the words of the statute."  Counts One and Three Mot. at 7.  It is generally sufficient, however, for an indictment to "set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'"  Hamling v. United States, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1881)); see United States v. Williamson, 903 F.3d 124, 130 (D.C. Cir. 2018); United States v. Sargent, Crim. No. 21-0258, 2022 WL 1124817,  at *5-6, *10 (D.D.C. Apr. 14, 2022) (an indictment does not have to state specific factual allegations "when the statutory language itself allows the defendant to prepare a defense to the charge" or where "the statute itself requires no additional facts to allow a jury to find a defendant guilty of the charges").  "[B]y using the statutory language and specifying the time and place of the offense, [an] indictment [gives] the defendant fair notice of the charge against which he would need to

defend himself." United States v. Williamson, 903 F.3d at 130.  Because the indictment in this case contains this information, it "fairly informs [Mr. Warnagiris] of the charge against which he must defend," Hamling v. United States, 418 U.S. at 117, and enables him to "plead [an] acquittal or conviction in bar of future prosecutions for the same offense." United States v. Safavian, 429 F. Supp. 2d at 158 (quoting Hamling v. United States, 418 U.S. at 117).

With respect to 18 U.S.C. § 231(a)(3) specifically, Mr. Warnagiris maintains that the indictment must do more; it must contain a more fulsome description about which of his actions constitutes the "act" he is alleged to have committed incident to a civil disorder.  See Counts One and Three Mot. at 9-10.  The Court disagrees.  Although the indictment does not specify which underlying "act" Mr. Warnagiris committed incident to a civil disorder and with the intent to obstruct, impede, or interfere with law enforcement, such specificity is not required because guilt under Section 231(a)(3) does not "depend[] so crucially upon such a specific identification of fact." Russell v. United States, 369 U.S. at 764; see United States v. GossJankowski, 2023 WL 130817, at *14 (denying motion to dismiss count charging Section 231(a)(3) where indictment "set[] forth all the elements" of the offense, "hewing closely to the language of the statute").  As the D.C. Circuit has explained, an indictment "need not allege precisely how [the defendant committed the alleged offense]. . . . With a candlestick or a rope, in the library or the study?  Answering those questions is not required at the indictment stage." United States v. Verrusio, 762 F.3d 1, 14-15 (D.C. Cir. 2014); see United States v. McHugh, Crim. No. 21-0453, 2023 WL 2384444, at *3 (D.D.C. Mar. 6, 2023).  Similarly, the indictment here does not have to elaborate – it does not have to state whether Mr. Warnagiris pushed a certain door or pulled a specific person inside – for a factfinder to be able to "find that the charged crimes were committed" if the allegations contained in the indictment are proven.

See United States v. Resendiz-Ponce, 549 U.S. at 109 (indictment need not allege any number of specific acts where "[i]ndividually and cumulatively, those acts tend to prove the charged [offense] – but none was essential to the finding of guilt").

As to Count One, the indictment sets forth all the elements of Section 231(a)(3), hewing closely to the language of the statute, and contains date and location of the offense.  See Indictment at 1-2; United States v. Williams, 2022 WL 2237301, at *7-8.  Accordingly, the indictment is sufficiently specific to withstand Mr. Warnagiris's challenges.

## 2.  Count Two:  18 U.S.C. § 1512(c)(2)

Mr. Warnagiris also moves to dismiss Count Two of the indictment, which charges him with Obstruction of an Official Proceeding pursuant to 18 U.S.C. § 1512(c)(2).  See Indictment at 2.  Section 1512(c)(2) provides:

> (c) Whoever corruptly—
>
> > (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
> >
> > (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
>
> shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c).  Count Two of the indictment charges:

> On or about January 6, 2021, within the District of Columbia and elsewhere, CHRISTOPHER WARNAGIRIS attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote . . . .

Indictment at 2.  Mr. Warnagiris asserts two independent bases for dismissal:  first, that the indictment lacks specificity, and second, that the indictment fails to state an offense.

a.  Lack of Specificity

Like his motion with respect to Count One, Mr. Warnagiris argues that Count Two lacks specificity because the indictment "fails to notify Mr. Warnagiris of the facts on which the government bases the indictment."  Count Two Mot. at 13, 16; see United States v. Sargent, 2022 WL 1124817, at *8.  Mr. Warnagiris suggests that "an indictment is insufficient as a matter of law when 'it describes the offense only in impermissibly broad and categorical terms.'"  Count Two Mot. at 14-16 (quoting United States v. Thomas, 444 F.2d 919, 922 (D.C. Cir. 1971)).

In support of that proposition, Mr. Warnagiris primarily relies on United States v. Hillie, 227 F. Supp. 3d 57 (D.D.C. 2017).  Now-Justice Ketanji Brown Jackson held in Hillie that an indictment charging multiple child pornography offenses was "barren of factual averments regarding the what, where, or how of Hillie's conduct, and thus, a non-clairvoyant reader cannot possibly ascertain the substance of the government's accusations from the face of the charging instrument."  Id. at 72.  The indictment charged Mr. Hillie with "[doing] something involving visual depictions of sexually explicit conduct of a minor 'in the District of Columbia' during periods of time that span two to three years."  Id.  But, she said, because each offense was alleged to have occurred during an "overlapping multi-year period, one cannot tell whether the charges relate to distinguishable or separate [offenses] . . . indeed, it is not at all clear that these counts even reference different acts."  Id. at 73.  The indictment charging Mr. Warnagiris with obstruction of an official proceeding presents none of the same problems that Judge Jackson determined were present in the Hillie indictment.

Count Two of the indictment in this case charges that, on January 6, 2021, Mr. Warnagiris "attempted to, and did, corruptly obstruct, influence, and impede an official

11

proceeding, that is . . . Congress's certification of the Electoral College."  Indictment at 2.  The

criminal conduct alleged took place on one day; the indictment does not allege "a series of

identically worded counts taking place over interlapping time periods of two to three years."

United States v. Sargent, 2022 WL 1124817, at *6 (distinguishing Hillie); see United States v.

Munchel, Crim. No. 21-0118, 2023 WL 2992689, at *3 n.1 (D.D.C. Apr. 18, 2023) (same).  And,

unlike the child pornography statutes at issue in Hillie, Section 1512(c)(2) does not "'proscribe[]

a wide array of conduct in the broadest, most generic terms,' but makes specific conduct" –

corruptly obstructing, influencing, and impeding official proceedings – "a federal crime."

United States v. Apodaca, 275 F. Supp. 3d at 154 n.18 (quoting United States v. Hillie, 227 F.

Supp. 3d at 72).  Like Hillie, the indictment in this case restates the language of the statute

without more; but unlike Hillie, the text of the statute charged allows a reader to "ascertain the

substance of the government's accusations from the face of the charging instrument."  United

States v. Hillie, 227 F. Supp. 3d at 72.  Even though the indictment here does not contain details

about which of Mr. Warnagiris's specific actions obstructed, influenced, or impeded an official

proceeding, there can be no question "of the exact crime which he is alleged to have committed."

Id. (quoting Hunter v. District of Columbia, 47 App. D.C. 406, 408 (D.C. Cir. 1918)).

        Mr. Warnagiris's specificity argument fails.  A conviction for obstruction of an

official proceeding under Section 1512(c)(2) does not hinge "upon a specific identification of

fact."  Russell v. United States, 369 U.S. at 764; see United States v. Sargent, 2022 WL 1124817

at *10 (indictment sufficient where the statute prohibiting the offense charged "requires no

additional facts to allow a jury to find a defendant guilty of the charge[]").  Mr. Warnagiris can

be convicted of obstruction of an official proceeding if the factfinder determines that Mr.

Warnagiris's actions, taken "[i]ndividually and cumulatively," "corruptly obstruct[ed],

influence[d], [or] impede[d] an official proceeding." United States v. Resendiz-Ponce, 549 U.S. at 109; 18 U.S.C. § 1512(c)(2). No single act would necessarily be "essential to the finding of guilt," and thus the indictment contains sufficient detail. United States v. Resendiz-Ponce, 549 U.S. at 109; see United States v. Weeks, 636 F. Supp. 3d 117, 123 (D.D.C. 2022) (nearly identical indictment charging 18 U.S.C. § 1512(c)(2) "provides sufficient notice by echoing the statutory text, specifying the time and place of the conduct, and specifying the means by which [the defendant] committed the charged offense"); United States v. Gray, Crim. No. 21-0495, 2023 WL 2998862, at *3 (D.D.C. Jan. 26, 2023) (denying motion to dismiss where defendant argued that there are "no factual allegations" in the indictment about how "Defendant Gray in any way obstructed an official proceeding"); United States v. Munchel, 2023 WL 2992689, at *3 ("[T]here is nothing about Count Two [charging 18 U.S.C. § 1512(c)(2)] that suggests an additional specific identification of fact would be necessary.").

### b. Failure to State an Offense

Mr. Warnagiris next argues that Count Two fails to state an offense because the indictment omits reference to "a record, document, or other object." Count Two Mot. at 4; see 18 U.S.C. § 1512(c)(1). Count Two charges a violation of Section 1512(c)(2), which prohibits a person from "otherwise obstruct[ing], influenc[ing], or imped[ing]" any official proceeding. 18 U.S.C. § 1512(c)(2) (emphasis added). Mr. Warnagiris contends that the term "otherwise" necessarily "tethers the actions" of Section 1512(c)(2) to the preceding subsection's reference to a "document, record, or other object," which he characterizes as "an indispensable component of subsection (c)." Count Two Mot. at 4-6; see 18 U.S.C. § 1512(c). Because Section 1512(c)(2) only prohibits obstructive acts that have some nexus to a document, record, or other object, Mr.

Warnagiris argues, the government's failure to allege such a nexus renders Count Two of the indictment insufficient.  <u>See</u> Count Two Mot. at 11.

   The language used to charge Mr. Warnagiris with violating Section 1512(c)(2) is identical to the language used to charge the same offense in multiple other cases this Court has considered.  <u>Compare</u> Indictment at 2 <u>with</u> Third Superseding Information, <u>United States v. Connell</u>, Crim. No. 21-0084 (D.D.C. July 27, 2023) at 2 [Dkt. No. 93]; Second Superseding Indictment, <u>United States v. GossJankowski</u>, Crim. No. 21-0123 (D.D.C. Feb. 1, 2023) at 2 [Dkt. No. 127]; Indictment, <u>United States v. Puma</u>, Crim. No. 21-0454 (D.D.C. July 7, 2021) at 1 [Dkt. No. 11].  The defendants in <u>Connell</u>, <u>GossJankowski</u>, and <u>Puma</u> each raised the same argument that Mr. Warnagiris makes here, and the Court has consistently considered and rejected this argument.  <u>See</u> <u>United States v. Connell</u>, 2023 WL 4314903, at *3-4; <u>United States v. GossJankowski</u>, 2023 WL 130817 at *7-10; <u>United States v. Puma</u>, 596 F. Supp. 3d at 90.  Many other judges of this district have rejected this argument, as well.  <u>See</u> <u>United States v. GossJankowski</u>, 2023 WL 130817 at *1 (collecting cases).

   The D.C. Circuit has also rejected challenges similar to the ones that Mr. Warnagiris raises.  <u>See</u> <u>United States v. Fischer</u>, 64 F.4th 329 (D.C. Cir. 2023).  In <u>Fischer</u>, Judge Pan's lead opinion concluded that Section 1512(c)(2) encompasses all forms of obstructive conduct and is not limited to obstructive conduct with respect to "a document, record, or other object" or to "general evidence impairment."  <u>Id</u>. at 335 (internal quotation marks omitted); <u>see id</u>. at 336-37, 339 (concluding that Subsection (c)(2) is a "catch-all" that covers other, different obstructive conduct, matters not specifically enumerated).  Judge Walker concurred with this portion of the lead opinion.  <u>See id</u>. at 351 (Walker, J., concurring in part and dissenting in part).  After analyzing the text and structure of Section 1512, Judge Pan concluded that "the broad

interpretation of the statute – encompassing all forms of obstructive acts – is unambiguous and natural" and is supported by the statutory history and context.  <u>Id</u>. at 337; <u>see id</u>. at 343-50. Judge Pan continued:

> Subsection (c)(1) contains a specific prohibition against "corruptly" tampering with "a record, document, or other object" to impair or prevent its use in an official proceeding, while subsection (c)(2) proscribes "corrupt[]" conduct that "otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so . . . ." Under the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1).

<u>Id</u>. at 336; <u>see also</u> <u>United States v. Puma</u>, 596 F. Supp. 3d at 107 ("The word 'otherwise' in the second subsection clarifies that a defendant can violate Section 1512(c)(2) through 'obstruction by means other than document destruction.'") (quoting <u>United States v. Mostofsky</u>, 579 F. Supp. 3d at 25).

In light of the D.C. Circuit's conclusion that Section 1512(c)(2) "applies to all forms of corrupt obstruction of an official proceeding" other than conduct covered under Section 1512(c)(1), <u>United States v. Fischer</u>, 64 F.4th at 336, the Court rejects Mr. Warnagiris's argument to the contrary and concludes that Count Two states an offense under 18 U.S.C. § 1512(c)(2) despite its omission of any reference to a "record, document, or other object."

### 3.  Count Three:  18 U.S.C. § 111(a)(1)

Count Three charges Mr. Warnagiris with Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1).  Section 111(a)(1) provides:

> In general. Whoever —
>
> (1) forcibly assaults, resist, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaging in or on account of the performance of official duties . . .

> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111(a).[3]  Section 111(a) thus defines three distinct offenses:  a misdemeanor offense where a person's criminal conduct "constitute[s] only simple assault"; a felony offense "involv[ing] physical contact with the victim of that assault" (the "physical-contact" offense); and a felony offense committed "with the intent to commit another felony" (the "other-felony" offense).  See id.  Count Three of the indictment charges:

> On or about January 6, 2021, within the District of Columbia, CHRISTOPHER WARNAGIRIS did forcibly assault, resist, oppose, impede, intimidate, and interfere with an officer and employee of the United States . . . that is, Officer A.W., an officer from the United States Capitol Police Department, while such officer or employee was engaged in or on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

Indictment at 2.

Like his arguments as to Count Two, Mr. Warnagiris argues that Count Three should be dismissed both because it fails to state an offense and because it lacks the requisite specificity.  See Counts One and Three Mot. at 1.

---

[3]      Section 111(a) makes reference to "any person designated in section 1114 of this title."  18 U.S.C. § 111(a).  Section 1114 prohibits the killing or attempted killing of "any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance."  18 U.S.C. § 1114(a).  Because Mr. Warnagiris is charged with assaulting, resisting, or impeding a law enforcement officer, the Court uses "law enforcement officer" to refer to such persons designated under Section 1114.

a. <u>Failure to State an Offense</u>

Mr. Warnagiris argues that the indictment fails to state an offense because it does not adequately allege that an assault occurred.  Counts One and Three Mot. at 4.  The omission Mr. Warnagiris has identified concerns the penalty provision of Section 111(a), which provides for felony penalties when a person's actions "involve physical contact with the victim <u>of that assault</u> or the intent to commit another felony."  18 U.S.C. § 111(a) (emphasis added).  Although the indictment generally tracks the language of Section 111(a)'s penalty provision, it omits the phrase "of that assault."  Indictment at 2; <u>see</u> Counts One and Three Mot. at 1.  Mr. Warnagiris asserts that this omission is "catastrophic" to the indictment because a "conviction under this statute necessarily requires a finding of assault."  Counts One and Three Mot. at 6.  He argues that Count Three fails to state an offense because it does not adequately allege that "physical contact" and "intent to commit another felony" occurred in conjunction with an underlying assault.  <u>See id.</u> at 5-6.

The D.C. Circuit has not yet addressed the various offenses proscribed by Section 111(a), and there is significant disagreement among the other courts of appeals about the necessary elements for Section 111(a)'s offenses.[4]  Two courts of appeals have held that assault is always a necessary element for an offense under Section 111(a), whether it be Section 111(a)'s

---

[4]    The D.C. Circuit has explained that Section 111(b) does not require the government to allege or prove an assault.  <u>See</u> <u>United States v. Arrington</u>, 309 F.3d 40, 47 (D.C. Cir. 2002) ("[T]he government had to prove both that Arrington committed <u>one of the acts</u> specified in § 111(a) 'while using a deadly or dangerous weapon,' and that he 'intentionally' used the weapon" (emphasis added)).  <u>Arrington</u>'s analysis, however, is limited to Section 111(b), which does not contain the same references to "simple assault" or "contact with the victim of that assault" that Subsection 111(a) does.

misdemeanor offense or either of Section 111(a)'s felonies.[5]  Conversely, a plurality of courts of appeals have concluded that assault is not a necessary element of <u>any</u> of Section 111(a)'s offenses.[6]  The Second Circuit has taken a middle ground, concluding that assault is a necessary element of the misdemeanor offense but leaving open the possibility that the other-felony offense can be committed without an assault.[7]  Judge Randolph Moss, the first judge of this Court to address this question, adopted an interpretation of the statute similar to the Second Circuit's interpretation.  See <u>United States v. Cua</u>, Crim. No. 21-0107, 2023 WL 2162719, at *4-12 (D.D.C. Feb. 22, 2023).  This Court joins Judge Moss's view and concludes that assault is a necessary element for Section 111(a)'s misdemeanor offense and for the physical-contact felony offense, but not for the other-felony offense.

  i. Assault is Required for Section 111(a)'s Misdemeanor and Physical-Contact Offense, But Not the Other-Felony Offense

     Like Judge Moss's analysis in <u>Cua</u>, this Court begins its analysis with the text of Section 111(a) and the principle that courts are obligated to "give effect, if possible, to every clause and word of a statute."  <u>United States v. Cua</u>, 2023 WL 2162719, at *3-4 (citing <u>Sebelius v. Cloer</u>, 569 U.S. 369, 376 (2013) and <u>Duncan v. Walker</u>, 533 U.S. 167, 174 (2001)).  The

---

[5] See <u>United States v. Hathaway</u>, 318 F.3d 1001, 1008-09 (10th Cir. 2003); <u>United States v. Chapman</u>, 528 F.3d 1215, 1218 (9th Cir. 2008); <u>United States v. Wolfname</u>, 835 F.3d 1214, 1218 (10th Cir. 2016).

[6] See <u>United States v. Gagnon</u>, 553 F.3d 1021, 1025-26 (6th Cir. 2009); <u>United States v. Williams</u>, 602 F.3d 313, 317-18 (5th Cir. 2010); <u>United States v. Briley</u>, 770 F.3d 267, 273 (4th Cir. 2014); <u>United States v. Stands Alone</u>, 11 F.4th 532, 535 (7th Cir. 2021).

[7] See <u>United States v. Davis</u>, 690 F.3d 127, 135 (2d Cir. 2012).  Other courts of appeals have discussed Section 111 but have not directly spoken to the interpretive issues raised here.  See <u>United States v. Taylor</u>, 848 F.3d 476, 493 n.6 (1st Cir. 2017); <u>United States v. Martinez</u>, 486 F.3d 1239, 1245-46 (11th Cir. 2007); <u>United States v. Gumbs</u>, 964 F.3d 1340, 1346 (11th Cir. 2020); <u>United States v. Green</u>, 543 F. App'x 266, 272 (3d Cir. 2013).

introductory clause of Section 111(a) contains six disjunctively listed verbs:  assault, resist, oppose, impede, intimidate, and interfere.  18 U.S.C. § 111(a).  Each of these words must have an independent rather than a synonymous meaning.  See United States v. Cua, 2023 WL 2162719, at *4 (the five verbs besides assault "do not merely clarify what it means to 'assault,'" but rather proscribe different, non-assaultive conduct) (citing United States v. Woods, 571 U.S. 31, 45-46 (2013)); see also United States v. Arrington, 309 F.3d at 44 ("[A] defendant does not violate the statute unless he forcibly assaults or forcibly resists or forcibly opposes, etc.") (emphasis omitted).

Keeping this focus on the statute's text, Judge Moss reasoned that the misdemeanor provision and the physical-contact felony provision both require assault as an element because both clauses explicitly use the word "assault."  United States v. Cua, 2023 WL 2162719, at *5 ("[T]he [misdemeanor] involves an assault without physical contact, and the [felony] involves an assault with physical contact." (emphasis added)).  The other-felony provision, however, "makes no mention of an assault," and thus assault is not a required element for this offense.  Id.  This Court agrees with Judge Moss's formulation of the statute:

> [T]he first step is to determine whether the defendant committed one of the forbidden acts – that is, forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a designated person – and the second step is to determine (1) whether that act involved nothing more than a 'simple assault,' (2) whether it involved assaultive, physical contact, or (3) whether it involved [the intent to commit] another felony.  If a defendant commits one of the listed acts but that act does not involve any one of the three conditions, no violation occurs.  But, if any one of the three conditions is satisfied, the defendant has violated the plain terms of the statute.

United States v. Cua, 2023 WL 2162719, at *6 (emphasis in original); see United States v. Davis, 690 F.3d at 136-37.  Judge Moss's interpretation is most faithful to the literal,

unambiguous text of Section 111(a).  See United States v. Cua, 2023 WL 2162719, at *9 (where

the statutory text is unambiguous, the court "need not resort to legislative history to decipher

what the Congress intended") (quoting Eagle Pharms., Inc. v. Azar, 952 F.3d 323, 339 (D.C. Cir.

2020)).  This reading gives effect to every word of the statute, while appropriately distinguishing

between the kind of aggravated conduct subject to enhanced penalties.  See Advocate Health

Care Network v. Stapleton, 581 U.S. 468, 477 (2017); United States v. Cua, 2023 WL 2162719,

at *8 ("Far from raising an absurdity, [Section 111(a)'s] allocation of potential criminal liability

makes perfect sense.").

 Although the Court agrees with Mr. Warnagiris that the government must allege

and prove an "assault" to convict him of Section 111(a)'s physical-contact offense, the Court

finds that the indictment in this case is sufficient to state that offense.  The indictment alleges

that Mr. Warnagiris "did forcibly assault . . . an officer . . . [and] the acts in violation of this

section involve physical contact with the victim."  Indictment at 2-3 (emphasis added).  The

indictment thus contains every element of the physical-contact felony, notwithstanding the

government's failure to include a second reference to an "assault" in the indictment.

 The Court also concludes that Count Three adequately alleges the other-felony

offense under Section 111(a), notwithstanding the omission of the phrase "victim of that

assault," because the government is not required to prove that an assault occurred in order for

Mr. Warnagiris to be convicted of the other-felony offense.  See United States v. Cua, 2023

WL 2162719, at *12 (citing 18 U.S.C. § 111(a) and United States v. Williamson, 903 F.3d

at 130) (concluding that an identical indictment charging 18 U.S.C. § 111(a) "clearly informs

[the defendant] of the precise offense[s] of which he is accused, so that he can both prepare his

defense and plead double jeopardy in any further prosecution for the same offense" (internal

citations, quotations, and alterations omitted)).  As described below, neither Mr. Warnagiris's

nor the government's preferred interpretation of Section 111(a) is persuasive.

ii.  Mr. Warnagiris's Position:  Every Section 111(a) Offense Requires Assault

Mr. Warnagiris argues that "[t]he words 'of that assault' extend to both ways in

which one can be found guilty of a felony offense" under Section 111(a).  If Congress had

wanted to limit assault to just the physical-contact felony, he reasons, it would have included a

comma clearly separating the felony provisions from one another.  Counts One and Three Mot.

at 6 (e.g., "where such acts involve physical contact with the victim of that assault[,] or the intent

to commit another felony").  Mr. Warnagiris also contends that the phrase "such acts" – which

precedes the language in the statute describing the aggravating circumstances required for the

felony offenses – refers to the misdemeanor offense described in the preceding sentence:  "where

the acts in violation of this section constitute only simple assault."  Counts One and Three Reply

at 8-9.  "Such acts," Mr. Warnagiris argues, thus necessarily includes "simple assault."  Id.; see

Defendant's Supplemental Brief on the Proper Reading of 18 U.S.C. § 111(a) [Dkt. No. 52]

at 12-13.

Mr. Warnagiris cites precedent from the Ninth and Tenth Circuits in support of

his position.  Those courts of appeals have held that assault is a necessary element of every

offense under Section 111(a).  See, e.g., United States v. Hathaway, 318 F.3d at 1009-10; United

States v. Wolfname, 835 F.3d at 1220; United States v. Chapman, 528 F.3d at 1219-20.[8]  The

_____

[8]        Mr. Warnagiris characterizes the Tenth Circuit's decision in Hathaway as always
requiring assault for a conviction under this statute.  Judge Moss, however, cast doubt on that
assumption.  See United States v. Cua, 2023 WL 2162719, at *10-11 ("The Tenth Circuit, to be
sure, did use sweeping language . . . The parties [in Hathaway], however, agreed that the case
involved an assault, and the defendant argued only that 'because the indictment and the jury
instructions failed to distinguish between simple assault and non-simple assault,' the district
court erred in entering a felony conviction against him.  The court's analysis made no mention of

Ninth Circuit reasoned that, if the statute's felonies could be committed without an assault, then less offensive conduct – e.g., "mere passive resistance" – could be charged as a felony, whereas "an individual who attempted to punch an arresting officer could be guilty only of the misdemeanor, so long as the attempted physical contact was unsuccessful." United States v. Chapman, 528 F.3d at 1220.

   The Court disagrees.  The addition of the comma that Mr. Warnagiris suggests would not result in a meaningfully different reading of the statute.  See First Notice of Supplemental Authority [Dkt. No. 48] at 5 (conceding that adding a comma to the felony penalty provision does not make the statute entirely clear).  It is more logical to read the phrase "such acts" as referring to "the acts in violation of this section" – the six verbs listed in the introductory clause – rather than reading "such acts" to refer to "simple assault."  See United States v. Cua, 2023 WL 2162719, at *6 (it is "linguistically challenging" to read "such acts" as referring to the language of the misdemeanor provision because that provision does not contain any "acts" and instead refers back to the six verbs in the introductory provision).  And, "[a]s with other statutory lists, it is less awkward 'to apply th[e] modifier only to the item directly before it.'"  United States v. Little, 78 F.4th 453, 457-58 (D.C. Cir. 2023) (quoting Lockhart v. United States, 577 U.S. 347, 351 (2016)).  Accordingly, neither the phrase "victim of that assault" nor the phrase "such acts" warrants extending the assault requirement to the other-felony offense.

---

the other verbs listed in § 111(a).  It is, accordingly, a stretch too far to argue that Hathaway held that § 111(a), invariably, requires an assault.  That question was neither presented nor decided." (quoting United States v. Hathaway, 318 F.3d at 1003)).  In addition to Judge Moss's observation, this Court notes that Hathaway was decided before Section 111(a) was amended to include the two more specific felony offenses, back when Section 111(a) prohibited "simple assault" and "all other cases" of forcibly assaulting, resisting, impeding, opposing interfering, and intimidating with designated officers.  Because Congress has meaningfully changed the text of Section 111(a) since the Tenth Circuit's analysis in Hathaway, this Court finds that analysis unpersuasive.

The Court is also not persuaded by the Ninth Circuit's reasoning.  Section 111(a) proscribes "<u>forcible</u>" conduct.  Passive resistance, even when coupled with the intent to commit another felony, would not be prohibited under the plain terms of Section 111(a)'s introductory clause.  <u>See</u> 18 U.S.C. § 111(a); <u>compare</u> <u>United States v. Chapman</u>, 528 F.3d at 1220.  And, as Judge Moss observed, the other-felony penalty provision "makes no mention of an assault," whereas the physical-contact felony provision explicitly refers to assault.  <u>United States v. Cua</u>, 2023 WL 2162719, at *5.  Requiring an assault for the other-felony offense would create a statutory requirement that is absent from the text of the statute itself.  <u>See</u> <u>id.</u> at *7; <u>Lamie v. U.S. Trustee</u>, 540 U.S. 526, 538 (2004) (describing the canon of interpretation against "read[ing] an absent word into the statute").  The Court declines to read an extra term into Section 111(a), instead opting to give effect to the words that Congress actually used.

In a supplemental brief, Mr. Warnagiris also suggests that the word "forcibly" "functions to convert the otherwise less-serious acts of resisting, opposing, impeding, intimidating, and interfering into variations of <u>assaultive</u> conduct."  Defendant's Supplemental Brief on the Proper Reading of 18 U.S.C. § 111(a) [Dkt. No. 52] at 10.  He argues that to act forcibly, a person must act "purposefully, knowingly, or recklessly" and must "exert power, violence or pressure on that officer to the point of being able to cause bodily injury or put the officer in fear of serious bodily injury."  <u>Id.</u> at 8-9 (emphasis omitted).  He contends that "the enumerated behaviors in 18 U.S.C. § 111(a)(1) are all variations of <u>assaults</u>," and thus "assault" is a necessary element of each Section 111(a) offense.  The Court disagrees.  It is possible for a person to act purposefully, knowingly, or recklessly while exerting the kind of power or pressure that is capable of causing bodily injury <u>without</u> committing an assault.  For instance, a rioter may forcefully slam a door to prevent an officer from entering a building that the officer is

responsible for securing.  That rioter has forcibly impeded or interfered with an officer by intentionally exercising force <u>capable</u> of causing bodily injury – slamming a door – though he may not have necessarily committed an "assault."  Mr. Warnagiris's contentions about the definitions of "simple assault" and "forcibly," <u>see</u> <u>id.</u> at 5-11, thus do not alter the Court's analysis of his motion to dismiss Count Three.

     iii.  The Government's Position:  Section 111(a) Never Requires Assault

       The Court also declines to adopt the position advocated by the government.  The government favors the interpretation adopted by a plurality of courts of appeals that have addressed Section 111(a):  that the statute <u>never</u> requires assault as a necessary element for any of its offenses.  <u>See</u> Supplemental Briefing [Dkt. No. 51] at 4-5.  The government and the decisions it cites reason that interpreting Section 111(a) to proscribe non-assaultive conduct provides more protection to federal law enforcement officers, consistent with the "dual purpose of the statute":  to punish assault on law enforcement and to "ensure the integrity of federal operations by punishing obstruction and other forms of resistance."  <u>United States v. Williams</u>, 602 F.3d 313, 317 (5th Cir. 2010); <u>see</u> <u>United States v. Gagnon</u>, 553 F.3d at 1026.  <u>See</u> <u>also</u> <u>United States v. Feola</u>, 420 U.S. 671, 681 (1975) (in drafting Section 111, "Congress clearly was concerned with the safety of federal officers insofar as it was tied to the efficacy of law enforcement activities").

       The government and these courts also reason that it would make "a great deal of what § 111 does say entirely meaningless" to interpret Section 111(a) as always requiring an assault.  <u>United States v. Gagnon</u>, 553 F.3d at 1026.  If assault is necessary in every Section 111(a) case, the government asserts, then the other verbs in the introductory clause – resist, impede, oppose, interfere, and intimidate – are rendered "inoperative" and "superfluous."

Id.; see United States v. Briley, 770 F.3d at 273-74; United States v. Williams, 602 F.3d at 317; United States v. Stands Alone, 11 F.4th 532, 535 (7th Cir. 2021).

The government's emphasis on the statute's "dual purposes" and on superfluity results in a reading of Section 111(a) that strays too far from the literal text of the statute's penalty provision.  The government seeks to give meaning to the five non-assault verbs proscribed by Section 111(a), and the Court agrees that those verbs should be understood to prohibit non-assaultive conduct.  But the Court can give each of these verbs distinct meanings without reading multiple references to "assault" entirely out of the statute.  "[C]ourts must give effect to each word of a statute."  New York v. EPA, 443 F.3d 880, 886 (D.C. Cir. 2006); see United States v. Cua, 2023 WL 2162719, at *4.  This Court concludes that Judge Moss's interpretation is the best way to give each word in Section 111(a) its full effect.

Accordingly, despite the omission of the phrase "victim of that assault," the indictment as written does not fail to state an offense because it contains the necessary elements for each of Section 111(a)'s offenses.

## b.  Lack of Specificity

Mr. Warnagiris also moves to dismiss Count Three on the grounds that it does not describe the charged offense with sufficient specificity, like he argued with respect to Count One and Count Two.  Mr. Warnagiris asserts that the only information contained in the indictment is "the day the alleged offense took place, the jurisdiction, the name of the accused, and two initials of the alleged victim."  Counts One and Three Mot. at 9.  Aside from its recitation of the statute's text, the indictment does not provide any information detailing what specific unlawful conduct Mr. Warnagiris was involved in, nor the manner in which it was committed.  He says that he therefore is left to wonder, "what is the operative actus rea that is alleged to have been

committed criminally?"  Id.  In essence, Mr. Warnagiris argues that the government must provide specific allegations in the indictment about what conduct Mr. Warnagiris engaged in to assault, resist, oppose, impede, intimidate, or interfere with a federal law enforcement officer. Id.  The government responds that indictments must only clear a "low bar" to be sufficient. Counts One and Three Opp. at 12.  As the D.C. Circuit has explained, an indictment must "apprise the defendants of the essential elements of the offense with which they are charged," but it need not "put the defendants on notice as to every means by which the prosecution hopes to prove that the crime was committed."  United States v. Haldeman, 559 F.2d 31, 124 (D.C. Cir. 1976).

Judge Thomas Hogan declined to dismiss a nearly identical indictment alleging a violation of Section 111(a) in United States v. Sargent, 2022 WL 1124817, at *7-8.  The indictment there reiterated the language of Section 111(a), omitted the same reference to "victim of that assault," and did not specify which felony Mr. Sargent intended to commit.  See id. at *7. That indictment even failed to identify a specific law enforcement officer as the victim.  Id. at *7-8.  Even so, Judge Hogan determined the indictment was sufficient, noting that the government "need not allege facts and circumstances indicating whether Mr. Sargent assaulted, resisted, impeded, opposed, intimidated or interfered with a federal officer," and that the government "is free to seek an indictment on two theories and pursue one or both at trial."  Id. at *7.

The Court agrees with Judge Hogan and with the government.  Count Three of the indictment in this case provides Mr. Warnagiris with all the information relevant to charging a violation of Section 111(a)(1) and with sufficient notice of what he must defend against:  the date, the location, the alleged acts, the alleged victim, the alleged victim's occupation, and the

aggravating facts required for each felony offense.  See Indictment at 2-3.  As Judge Hogan explained, an indictment does not have to state specific factual allegations "when the statutory language itself allows the defendant to prepare a defense to the charge."  United States v. Sargent, 2022 WL 1124817 at *3; see United States v. Simmons, 96 U.S. 360, 363-64 (1877) (indictment does not have to state "the special means employed to effect the unlawful" conduct, so long as "the very essence of the offense" is clear).  Nor does an indictment have to do more than recite the statutory language where "the statute itself requires no additional facts to allow a jury to find a defendant guilty of the charges."  United States v. Sargent, 2022 WL 1124817 at *10.

Finally, Mr. Warnagiris argues that the indictment does not charge the other-felony offense specifically enough because it does not specify which felony offense Mr. Warnagiris acted with intent to commit.  Counts One and Three Mot. at 13-14.  Mr. Warnagiris is correct that, at trial, a jury would have to unanimously decide which "other felony" he acted with intent to commit in order to convict him of Section 111(a)'s other-felony offense.  See, e.g., United States v. GossJankowski, Crim. No. 21-0123, Final Jury Instructions (D.D.C. Mar. 17, 2023) [Dkt. No. 166] at 30; United States v. GossJankowski, Crim. No. 21-0123, Amended Verdict Form (D.D.C. Mar. 16, 2023) [Dkt. No. 163].  Because the Court has concluded that the indictment charging Section 111(a) is valid, the appropriate remedy in this case, which will be tried without a jury, would be a bill of particulars rather than dismissal of the indictment.  See United States v. Robertson, 588 F. Supp. 3d 114, 120 n.2 (D.D.C. 2022) (citing United States v. Hillie, 227 F. Supp. 3d at 81); United States v. Connell, 2023 WL 4286191, at *4.  Mr. Warnagiris's request for a bill of particulars on this count is discussed infra at 34-35.

In view of the foregoing, the Court concludes that Counts One, Two, and Three of the indictment do not fail to state the offenses charged, and that each count of the indictment is sufficiently specific.  Mr. Warnagiris's motions to dismiss Counts One, Two and Three are denied.

### III.  MOTION FOR BILL OF PARTICULARS

#### A.  Legal Standard

Under the Federal Rules of Criminal Procedure, a "court may direct the government to file a bill of particulars." FED. R. CRIM. P. 7(f).  A bill of particulars is a formal written statement by the government that provides details of the charges in the indictment. See 1 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE § 130 (5th ed. 2023).  Requests for bills of particulars are "far from routine." Id.; see also United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993).  "[I]t is within the discretion of the trial court to determine whether a bill of particulars should be provided, and the court should grant a motion for a bill of particulars to the extent it believes it is necessary to allow the defendants to adequately prepare for and avoid surprise at trial."  United States v. Sutton, Crim. No. 21-0598, 2022 WL 1183797, at *2 (D.D.C. Apr. 21, 2022) (quoting United States v. Bazezew, 783 F. Supp. 2d 160, 167 (D.D.C. 2011)).  Defendants may request additional information through a bill of particulars "to ensure that the charges brought against [them] are stated with enough precision to allow [them] to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges."  United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987); see United States v. Mejia, 448 F.3d 436, 445 (D.C. Cir. 2006); United States v. Sutton, 2022 WL 1183797, at *2.

In ruling on a motion for a bill of particulars, "[t]he [c]ourt must strike a prudent balance between the legitimate interests of the government and the defendant."  United States v. Manafort, Crim. No. 17-0201, 2018 WL 10394893, at *1 (D.D.C. June 12, 2018) (internal quotation marks omitted).  Specifically, courts account for "the government's need to avoid prematurely disclosing evidentiary matters to the extent that it will be unduly confined in presenting its evidence at trial."  United States v. Sanford Ltd., 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks omitted).  Courts weigh "the complexity of the crime charged, the clarity of the indictment, and the degree of discovery and other sources of information that are available to the defense."  WRIGHT, MILLER & LEIPOLD, supra, § 130.

## B.  Discussion

As the Court has discussed at length, Mr. Warnagiris asserts that the indictment does not adequately inform him of "the manner in which, and the specific circumstances under which, the acts alleged were committed, as well as the specific timeframe during which the acts were committed."  BOP Mot. at 2.  He argues that the "Second Superseding Indictment does not inform of the conduct of the defendant that is allegedly criminal," and he seeks a bill of particulars to "inform the defendant of the substantive facts of the charges against him, as well as [to] limit and define the government's case against him."  BOP Reply at 2-3.  The government opposes his motion, arguing that a bill of particulars is not to be used as a "fishing expedition" by a defendant "seek[ing] details about the nature of the government's evidence,"  BOP Opp. at 4 (quoting United States v. Taylor, 17 F. Supp. 3d 162, 178 (E.D.N.Y. 2014)), and that the government is not required to outline the theory of its case.  The government further asserts that that the "full scope of the conduct giving rise to the allegations in this case is recorded and has been disclosed to defense."  Id. at 6.  The government has provided Mr. Warnagiris with

substantial discovery, including "witness statements, videos, and still photos which document his conduct (and the exact time of said activities)."  Id.

"Judges in this district have made clear that '[a] bill of particulars is not a discovery tool or a [device] for allowing the defense to preview the government's theories or evidence.'"  United States v. Sutton, 2022 WL 1183797, at *4 (quoting United States v. Sanford Ltd., 841 F. Supp. 2d at 316); United States v. Nordean, Crim. No. 21-0175, 2022 WL 17583799, at *20 (D.D.C. Dec. 11, 2022) (denying motion for bill of particulars where defendant's request for additional facts was "better understood as seeking the Government's legal theories and proof").  A defendant in a criminal case is not entitled to a bill of particulars merely because the requested information "may help [him] in preparing his defense."  United States v. Sutton, 2022 WL 1183797, at *5   The government is correct that a bill of particulars is meant to provide "clarification of the indictment terms or clarification of the elements of the charges against him," not details about "how the government is going to prove [its] allegations." BOP Opp. at 6 (emphasis omitted).  "'[T]he question is not whether the information sought would be beneficial to the defendant, but whether it would be necessary' to understand the charges against him."  United States v. Sutton, 2022 WL 1183797, at *5 (quoting United States v. Sanford Ltd., 841 F. Supp. 2d at 322).

### 1.  Count One:  18 U.S.C. § 231(a)(3)

Count One alleges that Mr. Warnagiris committed "an act to obstruct, impede, and interfere with . . . Officer A.W. . . . incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce . . . and [the] performance of any federally protected function."  Indictment at 1-2.

In <u>United States v. Mostofsky</u>, Chief Judge James Boasberg addressed a similar request from a defendant charged with civil disorder under 18 U.S.C. § 231(a)(3) in a nearly identical indictment.  <u>See</u> <u>United States v. Mostofsky</u>, Crim. No. 21-0138, 2021 WL 3168501 (D.D.C. July 27, 2021).  The indictment there charged that Mr. Mostofsky "committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer . . . incident to and during the commission of a civil disorder, and the civil disorder obstructed, delayed, and adversely affected the conduct and performance of a federally protected function." Superseding Indictment, <u>United States v. Mostofsky</u>, Crim. No. 21-0138 (D.D.C. June 23, 2021) at 1-2 [Dkt. No. 25].  Mr. Mostofsky argued that the government must inform him "what '<u>act</u> to obstruct, impede, and interfere' with a law-enforcement officer he is accused of taking, and what 'federally protected function' he allegedly affected."  <u>United States v. Mostofsky</u>, 2021 WL 3168501 at *3.

Chief Judge Boasberg agreed with Mr. Mostofsky.  With respect to the "act" that obstructed, impeded, or interfered with law enforcement, Chief Judge Boasberg concluded that Mr. Mostofsky "cannot adequately 'prepare a defense' without this information." <u>United States v. Mostofsky</u>, 2021 WL 3168501 at *4.  Chief Judge Boasberg reasoned that if the obstructive "act" alleged in the indictment constituted, for example, non-violent speech, then Mr. Mostofsky could be able to bring an as-applied First Amendment challenge to that count.  <u>Id</u>. at *3.  Failing to specify the "act" alleged thus deprived Mr. Mostofsky of the opportunity to prepare his defense.  <u>Id</u>. at *3-4.

The facts of this case, however, do not warrant a bill of particulars as to the "act" allegedly committed incident to or during a civil disorder.  Unlike the defendant in <u>Mostofsky</u>, Mr. Warnagiris does not assert in his written submissions – nor did he suggest at oral argument –

that he may have an as-applied First Amendment claim depending on the "act" underlying the civil disorder charge.  Compare United States v. Mostofsky, 2021 WL 3168501, at *3.  And the facts proffered by the government in its opposition suggest that Mr. Warnagiris's conduct, not his speech, is the basis of the civil disorder allegation.  According to the government, Mr. Warnagiris allegedly "held the Columbus Doors open and helped pull people inside despite attempts by [U.S. Capitol Police] Officer A.W. to stop him from doing so."  BOP Opp. at 1.  The government asserts that approximately twenty minutes later, Mr. Warnagiris "resisted attempts by police officers to remove him and other rioters from the area."  Id. at 2.  And the government suggests that Mr. Warnagiris "continued to evade officers until he was one of the last rioters that officers removed from this area."  Id.  These allegations do not appear sufficient to give rise to a potential First Amendment claim, as the government does not describe any speech or protected activity underlying the criminal charges against Mr. Warnagiris.  Furthermore, Mr. Warnagiris is charged with obstructing, impeding, and interfering only with Officer A.W.  See Indictment at 1.  Thus, despite the allegations that Mr. Warnagiris was on the Capitol grounds and evading law enforcement for over an hour, only his acts at the Columbus Doors can serve as the basis for the civil disorder charge.  A bill of particulars is not required as to this "act."

In Mostofsky, Chief Judge Boasberg also concluded that the government must specify which "federally protected function" was "obstructed, delayed, or adversely affected," because the identification of the alleged function could give rise to a motion to dismiss, if that function did not fall within the statutory definition of "federally protected function."  United States v. Mostofsky, 2021 WL 3168501, at *4; see 18 U.S.C. § 232(3).  Chief Judge Boasberg's reasoning as to this issue is persuasive.  The Court will order the government to submit a bill of particulars detailing which "federally protected function" is referred to in Count One.

32

2.  Count Two:  18 U.S.C. § 1512(c)(2)

Count Two alleges that Mr. Warnagiris "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is . . . Congress's certification of the Electoral College vote."  Indictment at 2.  Given the government's proffer of the evidence it will present at trial, the Court denies Mr. Warnagiris's motion for a bill of particulars as to Count Two.  The government has provided Mr. Warnagiris with "notice of which proceeding he is alleged to have obstructed, photos and videos of himself performing the acts that the government alleges form the basis of the charge, and witness statements describing his conduct."  United States v. Brock, 628 F. Supp. 3d 85, 93 (D.D.C. 2022); see BOP Opp. at 6.  The indictment here is precise enough to allow Mr. Warnagiris to "understand the charges, to prepare a defense, and . . . be protected against retrial on the same charges."  United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987).  This is particularly true given the representations in the government's pleadings and the statement of facts accompanying the criminal complaint.  While Mr. Warnagiris "may wish for more detail on the Government's form of proof at trial or its legal theories, [the government] has sufficiently explained the basis of the charge."  United States v. Mostofsky, 2021 WL 3168501 at *4.  See United States v. Brock, 628 F. Supp. 3d at 93 (denying motion for bill of particulars where indictment charging Section 1512(c)(2) was identical to the indictment charging Mr. Warnagiris with the same offense); United States v. Mostofsky, 2021 WL 3168501 at *4 (same).

3.  Count Three:  18 U.S.C. § 111(a)

Count Three charges that Mr. Warnagiris "did forcibly assault, resist, oppose, impede, intimidate, and interfere with . . . Officer A.W. . . . where the acts in violation of this

section involve physical contact with the victim and the intent to commit another felony." Indictment at 2.

It is "well established that if a criminal statute disjunctively lists multiple acts which constitute violations, 'the prosecution may in a single count of an indictment or information charge several or all of such acts in the conjunctive.'" United States v. Brown, 504 F.3d 99, 104 (D.C. Cir. 2007) (quoting District of Columbia v. Hunt, 163 F.2d 833, 837-38 (D.C. Cir. 1947).  The government thus is not required to reveal in a bill of particulars whether it will proceed on the theory that Mr. Warnagiris assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer A.W.  That being said, the government explains that it alleges that Mr. Warnagiris "pushed back on" Officer A.W. as Mr. Warnagiris attempted to keep the Columbus Doors open so more rioters could enter the Capitol building.  BOP Opp. at 1.  The government is "hardly hiding the ball here."  United States v. Mostofsky, 2021 WL 3168501 at *2.  The Court will not direct the government to provide a bill of particulars about the specific act or acts it will rely on to prove Mr. Warnagiris's guilt as to Count Three.  See United States v. Ballenger, Crim. No. 21-0719, 2022 WL 14807767, at *2 (D.D.C. July 27, 2021) (denying motion for bill of particulars where defendants received "voluminous discovery," including "videos and still photographs," to provide defendants with "sufficient understanding of the charges against them and the bases therefor").

The Court will, however, require the government to identify which felony offense the government intends to try to prove at trial that Mr. Warnagiris had the intent to commit as to Count Three.  Mr. Warnagiris "is entitled to know in advance what the alleged other felony is." United States v. Mostofsky, 2021 WL 3168501 at *3; see United States v. GossJankowski, Crim. No. 21-0123, Final Jury Instructions (D.D.C. Mar. 17, 2023) [Dkt. No. 166] at 30 (specifying

that, to convict Mr. GossJankowski of Section 111(a)'s other-felony offense, the jury must have found unanimously that the other felony Mr. GossJankowski acted with intent to commit was obstruction of an official proceeding).

IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Mr. Warnagiris's Motion to Dismiss Count Two of the Superseding Indictment [Dkt. No. 37] is DENIED; it is

FURTHER ORDERED that Mr. Warnagiris's Motion for Abeyance [Dkt. No. 38] is DENIED; it is

FURTHER ORDERED that Mr. Warnagiris's Motion to Dismiss Counts One and Three of the Superseding Indictment [Dkt. No. 43] is DENIED; it is

FURTHER ORDERED that Mr. Warnagiris's Motion for a Bill of Particulars [Dkt. No. 63] is GRANTED IN PART and DENIED IN PART; and it is

FURTHER ORDERED that the government shall provide Mr. Warnagiris with a bill of particulars as to (1) the "federally protected function" alleged in Count One; and (2) which "other felony" Mr. Warnagiris allegedly acted with the intent to commit as alleged in Count Three.

SO ORDERED.

/s/
_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  October 19, 2023