**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | Criminal Case No: 1:21-cr-0382-PLF |
| ) | |
| **CHRISTOPHER WARNAGIRIS** ) | Trial: November 8, 2023 |
| ) | |
| Defendant. ) | |
| ) | |

**Defense Objections to Government Exhibits**

The defendant reserves his right to make any and all objections to Government exhibits during the trial, as needed, on appropriate grounds.

However, in compliance with the Court's Order dated August 4, 2023, the Defendant is able to make the following advance objections:

1. Exhibit 101 — a January 6 montage video that is not particularized to this defendant or his case. *See* objections raised in ECF No. 70; Order, ECF No. 90. The video also has hearsay audio recordings that are being admitted for the truth of the matters asserted. *See* Fed. R. Evid. 402, 602, 802, 901(a).

2. Exhibit 205 — a 2-second audio clip without context and without a time stamp that appears irrelevant and hearsay. *See* Fed. R. Evid. 402, 602, 802, 901(a).

3. Exhibit 206 — a 5-second audio clip without context and without a time stamp that appears irrelevant and hearsay. *See* Fed. R. Evid. 402, 602, 802, 901(a).

4. Exhibit 207 — an 18-second audio clip without context and without a time stamp that appears irrelevant and hearsay. *See* Fed. R. Evid. 402, 602, 802, 901(a).

5. Exhibit 315 — CCTV footage from inside what appears to be the House chamber when a protester was shot outside the House chamber. Mr. Warnagiris never entered the House chamber nor the Senate chamber. He wasn't anywhere near this protester when she was shot. It has nothing to do with this case. The footage inside the chamber is irrelevant to this case and prejudicial to the defendant. *See* Fed. R. Evid. 402, 403.

6. General objection to the 400 series — Mr. Warnagiris appears for brief moments in these videos. Many of the videos are long and contain a variety of content not relevant to this case. The Defendant asks for a limitation on the videos in this series — that only portions depicting him or which are relevant to a legal issue in this case should be played in court and, if meeting other standards, be admitted at trial with limiting instruction as to admission on only for limited portions. *See* Fed. R. Evid. 103, 106.

7. Exhibit 407— this is a duplicate of Exhibit 406, repetitive evidence. *See* Fed. R. Evid. 403.

8. Exhibit 421 — this is a post-January 6 commentary video. It is not video recorded during the events. It has nothing to do with Mr. Warnagiris, and the statements made by the commentators are highly prejudicial to the defendant. The government's clip from a random moment of this video, which includes a brief moment depicting Mr.

Warnagiris in the Capitol Building, Exhibit 421.1, is more appropriate. *See* Fed. R. Evid. 402, 403, 602, 701.

9. Exhibit 421.2 — this video does not appear to depict Mr. Warnagiris. It is irrelevant to this case. *See* Fed. R. Evid. 402.

10. Exhibit 432 — Video footage from inside what appears to be the House chamber when a protester was shot outside the House chamber. Mr. Warnagiris never entered the House chamber nor the Senate chamber. He wasn't anywhere near this protester when she was shot. It has nothing to do with this case. The footage inside the chamber is irrelevant to this case and prejudicial to the defendant. *See* Fed. R. Evid. 402, 403.

11. Exhibit 433 — Video footage of a protester shot outside the House chamber. Mr. Warnagiris wasn't anywhere near this protester when she was shot. It has nothing to do with this case. The footage is irrelevant to this case and prejudicial to the defendant. *See* Fed. R. Evid. 402, 403.

12. Exhibit 601 — property receipt for the search warrant. Irrelevant, hearsay. *See* Fed. R. Evid. 402, 802.

13. Exhibit 602 — 481 page report of items taken from Mr. Warnagiris's mobile phone from various dates. Some are messages by him, others are to him. Some are photos from random dates. Some are group chats. The dates of materials in the report range from July 2020 through May 2021. The cumulative report/materials are highly prejudicial and irrelevant to this case. Certainly, various messages sent by others are prejudicial and hearsay. The majority of photos from dates not on January 6 are

entirely irrelevant to this case. Photos sent by others or saved by the phone from visiting websites are irrelevant. The report in its full form is confusing, highly prejudicial, and should not be inadmissible. *See* Fed. R. Evid. 402, 403, 602, 802, 901(a).

14. Exhibit 605 — an image dated 1/24/2021 that appears to have been saved to Mr. Warnagiris' phone from the phone opening some text message, email message or website. This is not a photo Mr. Warnagiris took, nor is there proof it was deliberately saved. There is no information on whether the phone sent this message or received it. It's irrelevant to this case, lacks context, lacks probative value, confuses the factfinder, and is prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

15. Exhibit 606 — an image dated 7/3/2020 that appears to have been saved to Mr. Warnagiris' phone from the phone opening some text message, email message, or website. This is not a photo Mr. Warnagiris took, nor is there proof it was deliberately saved. There is no information on whether the phone sent this message or received it. It's irrelevant to this case, lacks context, lacks probative value, confuses the factfinder, and is prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

16. Exhibit 607 — an image without a date, described as originating from an email attachment that Mr. Warnagiris' phone opened. Mr. Warnagiris is wearing the same jacket as he wore on January 6, but the image is of no other value. Identity in this case is not an issue as the defendant is stipulating to identity. It's irrelevant to this case, lacks context, lacks probative value, confuses the factfinder, and is prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

17. Exhibit 608 — a photo dated 12/13/2020. This image depicts Mr. Warnagiris wearing the same jacket he wore on January 6, but on a different, irrelevant date. Identity in this case is not an issue as the defendant is stipulating to identity. This photo is irrelevant and confusing for the factfinder. *See* Fed. R. Evid. 402, 403, 602, 901(a).

18. Exhibit 609 — duplicate of Exhibit 608, in smaller size. It is the same objection as for 608, plus cumulative, repetitive evidence. *See* Fed. R. Evid. 403.

19. Exhibits 610, 611, 612, 613 — photos dated 12/13/2020. The images do not depict anything related to this January 6 case. They are irrelevant to this case, lack context, lack probative value, confuse the factfinder, and are highly prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

20. Exhibit 614 — a photo not depicting Mr. Warnagiris dated 9/5/2020. The image has no relevance to this case and lacks probative value. It also lacks context, confuses the factfinder, and is prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

21. Exhibit 616 — an image dated 1/14/2021, not depicting Mr. Warnagiris, which appears to be a professional photo. This is not a photo taken by Mr. Warnagiris's phone, nor is there proof it was deliberately saved. There is no information on whether the phone sent this message or received it. It's irrelevant to this case, lacks context, lacks probative value, confuses the factfinder, and is prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

22. Exhibits 618 and 619 — photos dated 12/12/2020. The images do not depict anything related to this January 6 case. They are irrelevant to this case, lack context, lack

probative value, confuse the factfinder, and are highly prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

23. Exhibit 623 — photo dated 12/13/2020. The image does not depict anything related to this January 6 case. It is irrelevant to this case, lacks context, lacks probative value, confuses the factfinder, and is highly prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

24. Exhibit 625 — photo dated 1/10/2021. The image does not depict anything related to this January 6 case. It is irrelevant to this case, lacks context, confuses the factfinder, and is highly prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

25. Exhibit 626 — photo dated 12/18/2020. The image does not depict Mr. Warnagiris or anything related to this January 6 case. It is irrelevant to this case, lacks context, confuses the factfinder, lacks probative value, and is highly prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

26. Exhibit 627 — photo dated 1/10/2021. The image does not depict Mr. Warnagiris or anything related to this January 6 case. It is irrelevant to this case, lacks context, confuses the factfinder, and is highly prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

27. Exhibit 628 — image dated 1/19/2021. The image does not depict Mr. Warnagiris or anything related to this January 6 case. It is irrelevant to this case, lacks context, lacks probative value, confuses the factfinder, and is highly prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

MEDVIN LAW
PAGE 6 / 10

28. Exhibit 629 — image dated 11/13/2020. The image does not depict Mr. Warnagiris or anything related to this January 6 case. It is irrelevant to this case, lacks context, confuses the factfinder, lacks probative value, and is highly prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

29. Exhibit 630 — image dated 1/4/2021. The image does not depict Mr. Warnagiris or anything related to this January 6 case. It is irrelevant to this case, lacks context, confuses the factfinder, lacks probative value, and is highly prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

30. Exhibit 632 — an image dated 1/7/2021 that appears to have been saved to Mr. Warnagiris' phone from the phone opening some text message, email message or website. This is clearly not a photo Mr. Warnagiris took, nor is there proof it was deliberately saved. There is no information on whether the phone sent this message or received it. It lacks context, confuses the factfinder, lacks probative value, and is prejudicial. *See* Fed. R. Evid. 402, 403, 602, 901(a).

31. Exhibits 633, 634, 635, 636, and 637 — photos taken by FBI Agents from the execution of the search warrant depicting Mr. Warnagiris possessing clothes that he wore on January 6. They are irrelevant to this case as Mr. Warnagiris is not challenging the identity element. *See* Fed. R. Evid. 402, 403.

32. Exhibit 701 — a demonstrative video animation of what was happening in Congress before Mr. Warnagiris entered the Capitol Building, what happened related to the shooting of the female protester, and what happened after protesters entered the Senate floor. Mr. Warnagiris did not partake in that entry, nor was he involved in the

Ashli Babbitt shooting. This video is irrelevant to his case and highly prejudicial. *See* Fed. R. Evid. 402, 403.

33. Exhibits 702, 703, 704, 705, and 706 — laws. These are not valid exhibits. *See* Fed. R. Evid. 401, 402. *See also* ECF No. 90.

34. Exhibit 707— a Congressional resolution dated Jan. 3, 2021. This is not a valid exhibit, is irrelevant, and lacks probative value. *See* Fed. R. Evid. 402.

35. Exhibits 708 and 709 — certificates of authenticity for items not in evidence. This is irrelevant and not probative. *See* Fed. R. Evid. 402.

    A. Additionally, the purported certifications of authenticity by the video recording custodians are wrong. They rely on the wrong Rules of federal evidence and are not appropriate to the types or categories of items they are trying to authenticate as exhibits under the non-hearsay exceptions.

    B. These certifications are written in a format and address points relevant to business records exceptions (Fed. R. Evid. 803(6)) to the hearsay rule but these video recordings are not business records. They are not records made for the purpose of and used in the regular business activity of the houses of the legislature. They are not records of data generated *by, for, or in* the course of legislative business (like committee reports or other documents normally used in the House, or time and attendance records, or payroll or personnel documents, or transcript of floor debates, etc). Instead, they are maintained and retained for purposes of physical security – which is not the regular day-to-day business of the congress or its respective houses. Most buildings and

      facilities maintain security videos, *for security* but not for the internal business working of the enterprise.

    C.  Accordingly, the proper authentication rules and method should be that or any other photographic evidence (i.e., compare a traffic light photo camera or other photographic device) – that would require the authentication of a witness who saw the original scene/site (regardless of whether he took the photo) and can authenticate that the visual representation recorded is a fair and accurate representation of the scene and the sight at the time of the recording.

36. Exhibit 801— an email. This is hearsay, offered for the truth of the matter. *See* Fed. R. Evid. 802.

37. Exhibit 805— a political diatribe by the Mayor of Washington DC, claiming that in order to stop the spread of Covid 19, she will need to declare a curfew commencing at 6:00 p.m. on Wednesday, January 6. This is entirely irrelevant to the defendant's case, who had left the area sometime before 4 p.m. *See* Fed. R. Evid. 402, 802.

38. Exhibit 806— a tweet by the mayor. This is hearsay, offered for the truth of the matter. *See* Fed. R. Evid. 802.

                          Respectfully submitted,

                          By Counsel:

                          _____/s/_____
                          Marina Medvin, Esq.
                          *Counsel for Defendant*

MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

    I hereby certify that on October 24, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

                                        /s/
                              Marina Medvin, Esq.