UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL CASE NO: 1:21-CR-0382-PLF |
| ) | |
| CHRISTOPHER WARNAGIRIS ) | TRIAL: JANUARY 22, 2024 |
| ) | |
| DEFENDANT. ) | |

**DEFENSE RESPONSE TO ECF NO. 91**

Pursuant to this Court's Order, ECF No. 91, the Defendant responds as follows— the Defense objects to the Bench Instructions to the extent that they are inconsistent with the arguments made by the Defendant in ECF No. 71.

Furthermore, the defense is notifying the Court of new case law developments on the issues and cases cited by the defense, and which bear directly on the Bench Instructions that will be issued in this case.

I. <u>Defining "Otherwise" as Used in § 1512(c)(2)</u>

The definition of the term *otherwise,* as is used in 18 U.S.C. § 1512(c)(2), Count Two, is currently on appeal at the United States Supreme Court; **the motion to proceed in *forma pauperis* and petition for a writ of *certiorari* was granted on December 13, 2023**. *See United States v. Joseph Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, (U.S. Dec. 13, 2023)(No. 23-5572). The Defendant has filed an Amicus Brief on this issue, asking for the Supreme Court

to clarify the breadth of § 1512(c)(2). *See* ECF No. 60. The Defendant has also moved to dismiss Count One. *See* ECF No. 37. As argued by the defendant in his Motion to Dismiss and his Amicus Brief to the Supreme Court, the appropriate definition of otherwise should be the one proposed by the defense.

## II.  Defining "Corruptly" as Used in § 1512(c)(2)

The definition of the term *corruptly* was recently considered by the D.C. Circuit. *See United States v. Robertson*, No. 22-3062 (D.C. Cir. Oct. 20, 2023). Judge Pan wrote for the majority, stating that "there are multiple" ways to prove that a defendant acted *corruptly*. *Id*. One of those ways is to prove that a defendant "act[ed] through independently unlawful means." *Id*. The Court appeared to use the term *corruptly* interchangeably with the term *wrongfully*. *Id*.

However, this is at odds with another decision out of the D.C. Circuit on the definition of "corruptly," which technically bound the Court. *See United States v. Joseph Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, (U.S. Dec. 13, 2023)(No. 23-5572). The D.C. Circuit was bound by Judge Walker's improper-benefit reading of *corruptly* because Judge Walker's reading represented the "position taken" by the judge "who concurred in the judgments on the narrowest grounds." *See Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (plurality opinion). For the same reason, this trial court is also bound by Judge Walker's improper-benefit reading of *corruptly*.

The decision in *Robertson* that disregards Judge Walker's opinion in *Fischer* puts this court in a conflict of choosing between two inconsistent yet binding authorities. The complexity of the interplay between the *Fischer* and *Robertson* opinions renders it that much more difficult to decide on a definition appropriate for this case. Moreover, the definition of *corruptly* might be

narrowed in the forthcoming Supreme Court opinion in *Fischer*. While this case is proceeding to trial before an opinion is rendered by the Supreme Court, any doubts should be resolved in favor of the defendant.

What we know for sure is that in 2023, four D.C. Circuit judges wrote four independent opinions on the meaning and application of the term *corruptly:* Judge Pan, Judge Walker, Judge Katsas, and Judge Henderson. The defense, therefore, proposes a definition for Mr. Warnagiris' trial of the term *corruptly* that protects the defendant from an unreasonably expansive definition, as proposed by the Government, and that takes into account the concerns outlined by the appellate judges in *Roberton* and *Fischer*: ***to act corruptly is to act with the specific intent of procuring an unlawful financial, professional, or exculpatory advantage or benefit***.

The defendant's proposed definition of *corruptly* takes into account (1) Judge Pan's decisions, (2) Judge Katsas' observations about *corruptly* being limited to intent to gain an unlawful financial, professional, or exculpatory advantage, and, (3) Judge Walker and Judge Henderson's definition that calls for a specific intent to obtain an unlawful benefit.

### III. 18 U.S.C. § 1752 Requires Proof that Defendant Knew that the Vice President is or will be temporarily visiting

In a recent opinion, *United States v. Elizalde*, Case No. 1: 23-cr-00170 (CJN), ECF No. 39 (D.D.C. Dec. 1, 2023), Judge Nichols agreed with Judge Lamberth's opinion in *United States v. Bingert*, et. al., Case No. 1:21-cr-00091-RCL, ECF No. 163 (D.D.C. May 18, 2023) on the issue of 18 U.S.C. § 1752 requiring proof that defendant knew that the Vice President will be temporarily visiting a restricted area, writing:

> As the Supreme Court has illustrated, if a bank official says "Smith knowingly transferred the funds to the account of his brother," "we would normally understand the bank official's statement as telling us that Smith knew the account was his brother's." *Id.* at 560–61. And if a bank official says "Smith knowingly sent a bank draft to the capital of Honduras," the official has suggested that Smith knew where he sent the bank draft. *Id.* at 561. The same way, when Congress forbids "knowingly . . . engaging in disorderly or disruptive conduct in . . . any restricted building or grounds," 18 U.S.C. § 1752(a)(2), the ordinary understanding is that Congress has prohibited disorderly or disruptive conduct by those who know they are in a restricted building or grounds. "Account of his brother," "capital of Honduras," and "restricted building or grounds" each play a similar role in their respective sentences, and "knowingly" modifies them all.

*United States v. Elizalde*, Case No. 1: 23-cr-00170 (CJN), ECF No. 39 (D.D.C. Dec. 1, 2023).

Judge Nichols also relied on a plethora of Supreme Court opinions that support this construction. The Supreme Court has explained, "[a]s a matter of ordinary English grammar, we normally read the statutory term 'knowingly' as applying to all the subsequently listed elements of the crime." *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019) (quotation marks omitted). Grammatically speaking, that is because an adverb like "knowingly" often modifies more than its most proximate verb. "[W]hen a transitive verb" (like "enters") "has an object," (*e.g.*, "any restricted building or grounds"), "listeners in most contexts assume that an adverb (such as knowingly) that modifies the transitive verb tells the listener how the subject performed the entire action, including the object." *Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009).

The defense requests legal instructions for all 18 U.S.C. § 1752 counts that are consistent with the principle outlined by Judges Nichols and Lamberth, that the Government prove *both*, that 1) the defendant knew the area he entered was posted, cordoned off, or otherwise restricted, and 2) the defendant knew this was an area where the Vice President was or would be temporarily visiting.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

    I hereby certify that on December 13, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.