UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL CASE NO: 1:21-CR-0382-PLF |
| ) | |
| CHRISTOPHER WARNAGIRIS, ) | TRIAL: JANUARY 22, 2024 |
| ) | |
| DEFENDANT. ) | |

**DEFENDANT'S REPLY TO ECF NO. 101**

In reply to the Government's Response to the Court's Order, ECF No. 101, the defendant states as follows:

1. The Government heavily mischaracterizes the defendant's request and motion. To avoid unnecessary repetition, the defense directs the Court's attention to the original pleadings filed by the Defense, outlining the legal issues and the factual problems at hand. ECF Numbers 61, 62, 75, 80, and 88.

2. The Government has databases of both civilian-created videos/images and of law enforcement-created images/videos. *See* ECF No. 62, 80. The Defense requested, as *Brady* evidence, face trace lists of Officer Warner from both categories. *Id*.

3. The Government has, for the first time, advised counsel of the existence of "Amazon's Rekognition" 11 days ago, on December 4, 2023— when a copy of ECF No. 101 was emailed to undersigned counsel by Government counsel.[1]

4. Amazon's Rekognition requires the user to possess and upload images and videos to Amazon's cloud in order for the machine to analyze them.[2]

5. The format through which the Government shares January 6 discovery with the defense is a Deloitte database called Relativity and through Evidence.com. As discussed in ECF No. 61 at *2, as of September 2023, there were over 30,634 videos uploaded to Evidence.com and 7,681,038 pieces of evidence, including videos, uploaded to Relativity. As of today, just 3 months later, there are now 7,958,018 pieces of evidence in Deloitte's Relativity.

6. The reason why Deloitte's Relativity database continues to grow every few months is because the Government does not share all available January 6 evidence in that database; pieces of evidence are added after cases are finalized in the District Court. Accordingly, the Government has control and possession of even more evidence than what is rendered available to the defense through Deloitte's Relativity.[3]

---

[1] It appears a filing irregularity took place with ECF No. 101. Counsel for the Government did not file ECF No. 101 through the system and did not notify Defense counsel of the filing until four days after the DOJ had emailed the pleading to the Clerk's Office. Undersigned counsel did not receive any notification from the ECF system as to ECF No. 101, even after it eventually appeared on Pacer.

[2] See https://docs.aws.amazon.com/rekognition/latest/dg/procedure-person-search-videos.html.

[3] There have been at least 31 updates to Deloitte's Relativity database since its creation. The Government sends out "Capitol Siege Cases Global Discovery Production" letters to January 6 defense attorneys when there is an update to the database and lists all the new cases, evidence from which has been added to Deloitte's Relativity. The last such letter from opposing counsel is dated November 17, 2023. The letter stated: "As of November 17, 2023, more than 7.95 million files (over 10.10 terabytes of information) have been provided to the defense Relativity workspace. These files include (but are not limited to) the results of searches of 832 digital devices and 451 Stored Communications Act accounts; 36,865 FBI FD-302s and related attachments (FD-302s generally consist of memoranda of interviews and other investigative steps); 523 digital recordings of subject interviews; and 210,538 (redacted or anonymous) tips."

7. Deloitte's Relativity database additionally *excludes* Parler data, which amounts to "over one million Parler posts, replies and related data from around the period of January 6, 2021," according to the Government's discovery letters to defense counsel. Meaning — aside from the evidence not shared in Deloitte's Relativity due to ongoing cases within this District, the Government is also in possession of images and videos from Parler that it simply decided to withhold.

8. Relativity, accordingly, is incomplete. But nonetheless, Defense does have access to it. Due to the protective order in place for this case and other January 6 cases, in order for defense counsel to use Deloitte's Relativity and Evidence.com databases, Counsel has to go through a complex login process that requires multiple passcodes and complex access.

9. In order for undersigned counsel to attempt to use Amazon's Rekognition facial recognition in conjunction with Deloitte's Relativity and Evidence.com, the Government would need to create special access permission or database connectivity permission allowing Amazon's Rekognition and Deloitte's Relativity and Evidence.com to be linked. The evidence within these databases are otherwise heavily protected. As of now, the databases cannot be linked to Amazon's Rekognition.

10. The only other potential option to use Amazon's Rekognition would be for the defense to create its own Relativity and Evidence.com database. But the problem here is the unprecedented number of files and the size of the storage — which is why Congress approved funds for Relativity in the first place. *See* ECF No. 61 at *2. The DOJ needed $6.1 million in order to create a database capable of storing and sharing January 6 evidence with the defense. *Id*. This option is unrealistic for any non-government entity.

11. The Government's memorandum reads like a "let them each cake" equivalent.

12. If it were feasible, the defense would have been happy to explore Amazon's Rekognition. But alas, the constraints of the evidence in this case, from the unprecedented volume to the protective order restrictions, prevent the utility of Amazon's Rekognition.

13. Moreover, the fact that the Government is in possession of more evidence than what is shared through Deloitte's Relativity renders the task impossible for any defendant to complete, even a hypothetical millionaire defendant.

14. What the Government alleges the defense is capable of doing is both inaccurate and highly misleading.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on December 15, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.

