UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-cr-382 (PLF) |
| | : | |
| CHRISTOPHER WARNAGIRIS, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO STAY PROCEEDINGS AND CONTINUE TRIAL**

The United States of America respectfully opposes Defendant Christopher Warnagiris' Motion to Stay Proceedings (ECF No. 103), which is, in effect, a motion to continue his case until at least July 2024. The Supreme Court's decision to grant certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572, a case involving just one of the many crimes with which Warnagiris is charged, does not merit a stay in this case. Granting certiorari in *Fischer* does not establish that Warnagiris is likely to succeed on the merits of a challenge to Section 1512(c)(2), but rather simply establishes that the Supreme Court considers this to be an important question. Moreover, the resolution of *Fischer* will have no impact on the remaining two serious felonies and six misdemeanor charges. ECF No. 49. Finally, the more appropriate vehicle for addressing the impact of the Supreme Court's grant of certiorari is for Warnagiris to file a motion for release pending appeal under 18 U.S.C. § 3143(b) if he is convicted at trial. The government and the public have a strong interest in the timely adjudication of this case. The Court should deny Warnagiris's request to delay this trial further.

**I.  Background**

Warnagiris was charged in May 2021, ECF No. 1, with nine crimes—including three felonies—for his violent and obstructive acts during the riot at the U.S. Capitol on January 6, 2021.

Warnagiris, who at the time was an active-duty Marine, pushed his way to the front of the mob at the East Rotunda Doors and fought his way through the doors becoming one of the first rioters to breach those doors at 2:25 pm. Warnagiris opened the doors to a flood of rioters who went on to occupy the building and stop the Congressional proceedings. Then he used his strength and violent force to prevent other police officers inside the building from their attempts to resecure the doors. One of them, Officer A.W., had to battle with Warnagiris during the attempt regain control of the doors. For this conduct, in May 2021, Warnagiris was charged with several serious crimes including assaulting a law enforcement officer, interfering with law enforcement during a civil disorder, and obstruction of an official proceeding. He was also charged with several misdemeanor crimes.

On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The issue to be considered is the appropriate interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which Defendant Warnagiris is charged. The issues raised in *Fischer* do not implicate the other counts with which Warnagiris is charged.

II.     **Argument**

This development does not merit a stay of the upcoming proceedings, including trial, scheduled to begin on January 22, 2024. When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves

for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

With regard to continuances, "[i]t is firmly established that the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). A court's review of a motion to continue "necessarily depends on all the surrounding facts and circumstances," including: (1) the length of the requested delay; (2) whether other continuances have been requested and granted; (3) the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; (4) whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; (6) whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; and (7) other relevant factors which may appear in the context of any particular case. *Id.* at 491.

Whether viewed as a motion to stay or a motion for a lengthy continuance, Warnagiris' motion should be denied because the relevant factors weigh against his request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that Warnagiris is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. Currently, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district

3

judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the offenses of which Warnagiris is accused.

Defendant Warnagiris will not suffer any irreparable injury by proceeding to trial next month. Even if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate a conviction on that count. But more importantly, obstruction of Congress is not Defendant Warnagiris' only charge. He was a violent participant in the riot and as such has been charged with two other serious felony charges: violations of 18 U.S.C. Sections 111(a)(1), for assaulting Officer A.W., and 231(a)(1), for obstructing officers during and incident to a civil disorder. For the assault charge, Warnagiris is facing up to eight years in custody. Likewise for the civil disorder charge, he faces up to five years in custody. Warnagiris's six other charges, although misdemeanors, nevertheless involve serious misconduct and important issues. None of the arguments at issue in *Fischer* implicate these charges or their advisory sentencing ranges.[1]

---

[1] Defendant Warnagiris incorrectly claims that a conviction under 111(a)(1) is contingent on his intent to commit obstruction of Congress in violation of Section 1512(c)(2). Def. Mtn (ECF No. 103) at 1. The government made clear in its Bill of Particulars that it is proceeding under the theory that Warnagiris had the intent to commit violations of both (or either) Section 1512(c)(2) and Section 231(a)(1)—with either one being sufficient. See ECF No. 95.

Regardless of the implications of *Fischer*, the public and the government have a right to resolution of Warnagiris's other charges. And because the evidence on those charges overlaps with the evidence that would be used to prove the 1512 violation, the parties should proceed to trial on all counts as currently scheduled.

Finally, any potential irreparable injury to Warnagiris can be addressed via a motion for release pending appeal under 18 U.S.C. § 3143(b). Under that statute, a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1)     "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
>
> (2)     that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Although the government would likely oppose such a motion, the possibility for release pending appeal is another factor favoring denial of the defendant's motion. The Bail Reform Act – not a stay of the proceedings – is the proper mechanism under which to address any potential prejudice to Warnagiris.

For all these reasons, the defendant's motion to stay proceedings for six months or more should be denied, and the Court should proceed with the pretrial conference and trial in January 2024.

                    Respectfully Submitted,

                    MATTHEW M. GRAVES
                    United States Attorney
                    D.C. Bar No. 481052

By:     /s/_____

                    Rebekah Lederer
                    Assistant United States Attorney
                    Pennsylvania Bar No. 320922
                    601 D St. N.W, Washington, DC 20530
                    (202) 252-7012
                    rebekah.lederer@usdoj.gov

                    Andrew Haag
                    Assistant United States Attorney
                    MA Bar No. 705425
                    601 D Street NW, Washington, DC 20530
                    (202) 252-7755
                    andrew.haag@usdoj.gov