UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CASE NO: 1:21-CR-00382-PLF |
| ) | |
| CHRISTOPHER WARNAGIRIS, ) | |
| ) | |
| DEFENDANT. ) | |

### NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant hereby notifies the Court of recent supplemental authority from the United States District Court for the District of Columbia Circuit in support of arguments made by the Defendant in Section III of ECF 102 and Section II of ECF No. 71.

In the January 6 case of *United States v. Jeremey Daniel Groseclose*, Case No. 21-cr-311-CRC (D.D.C. Jan. 5, 2024), Judge Cooper ruled that 18 U.S.C. § 1752 requires the Government to prove at trial that a *defendant knew* that a person protected by the Secret Service was or would be temporarily visiting the Capitol on the day he is alleged to have violated this code section; it is not sufficient to

> Accordingly, to convict Groseclose of violating 18 U.S.C. §§ 1752(a)(1) and (a)(2), the government must prove beyond a reasonable doubt that Groseclose knew that (1) the Capitol building and its grounds were "posted, cordoned off, or otherwise restricted" on January 6 and (2) a "person protected by the Secret Service [was] or [would] be temporarily visiting" the Capitol that day.
>
> B. The Government Did Not Prove Groseclose Knew then-Vice President Pence Was in the Capitol on January 6
>
> The government did not meet its burden here. While the government proved beyond a reasonable doubt that Groseclose knew the Capitol building and grounds were "posted, cordoned off, or otherwise restricted" on January 6 and separately proved, as a factual matter, that then-Vice President Pence was inside the building on that day, it did not present sufficient evidence that Groseclose *knew* the Vice Present (or any other Secret Service protectee) was in the area.

only prove that the Vice President was actually present.[1]

Judge Cooper joins Judges Lamberth and Nichols in reaching the same conclusion.

This supplemental authority supports the Defendant's request for how Counts under 18 U.S.C. § 1752 should be interpreted at his trial.

                Respectfully submitted,
                By Counsel:

                /s/
                _____

                Marina Medvin, Esq.
                *Counsel for Defendant*
                MEDVIN LAW PLC
                916 Prince Street
                Alexandria, Virginia 22314
                Tel:  888.886.4127
                Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on January 6, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                /s/
                _____
                Marina Medvin, Esq.

---

[1] Available at https://ecf.dcd.uscourts.gov/cgi-bin/show_public_doc?2021cr0311-99