UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> V. ) <br> ) <br> CHRISTOPHER WARNAGIRIS ) <br> ) <br> DEFENDANT. ) <br> ) | CASE NO: 1:21-CR-0382-PLF <br><br> TRIAL: APRIL 1, 2024 |

**MOTION IN LIMINE TO DEFINE "ANOTHER FELONY" AS USED IN 18 U.S.C. § 111(A)**

I. Background

In ECF No. 95, the DOJ explained in the Bill of Particulars that one of the theories on which it plans to rely at trial for Count Three, Assault, is to claim that Count One, Civil Disorder under 18 U.S.C. § 231(a)(c), is the other felony that can satisfy the felony clause of 18 U.S.C. § 111(a), "the intent to commit another felony."

In both Count One, Civil Disorder, and Count Three, Assault, the DOJ names the same victim. While a specific time is not specified in the Indictment or the Bill of Particulars, the Defense, based on the final list of exhibits in this case, believes that Count One and Count Three charge the exact same moment in time. However, 18 U.S.C. § 111(a) requires the Government to prove a future intent and an intent to commit a different type of act. The same act cannot satisfy both the underlying assault charge and the future intent to commit another offense. Therefore, the DOJ cannot convict the defendant based on the legal theory that Count One, Civil Disorder, is the other crime referenced by Count Three, Assault.

Technically, the DOJ is free to indict a theory and not pursue it at trial. *See United States v. Sargent*, No. 21-cr-00258 (TFH) (D.D.C. Apr. 14, 2022). This motion may, therefore, not be ripe until the Government chooses to actually pursue this theory at trial. It may nonetheless be helpful and economical of the court's time to determine pre-trial, in limine, whether the DOJ can rely on the legal theory that Civil Disorder can be used to fulfill the felony prong of Assault when the two charge the Defendant for the same exact act committed at the exact same time.

II. Defining "Another Felony"

"Another felony" is not defined in the Code. The Court must refer to the dictionary.

The adjective "another" is defined in the dictionary as (1) "different or distinct from the one first considered," (2) "some other," or (3) "being one more in addition to one or more of the same kind." *Another*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY, *51 (11th ed. 2019). The first and second definitions of the word "another" are the opposite of the third; *different or distinct from the one first considered* is the opposite of *one or more of the same kind*. This means that without a specific definition guiding the court on how to define the term as it applies to the concept of "another felony," the Court is left to apply the definition most consistent with lenity — defining another as different or distinct from the one first considered.

In *United States v. Hamner,* Judge Amy Berman Jackson rejected the Government's attempted use of Civil Disorder as the other felony for a count of 111(a), saying, "I don't see how the interference with officers during a civil disorder can be the other felony that's the necessary

element to charge a felony violation of § 111, while at the same time § 111 is the other felony that makes the interference with the officers an aggravated assault." *United States v. Hamner*, No. 21-cr-689-ABJ (D.D.C. September 23, 2022) (transcript attached as Exhibit). Judge Jackson went on to define "another felony" to mean "something other" and "a second, different crime." *Id*. Judge Jackson used the definition proposed by Mr. Warnagiris. Moreover, case law from the circuits on which the DOJ relied in the *Hamner* case to expand the definition of the term "another" are actually consistent with the first dictionary definition of the word, not the third. "[T]he cases the government relies upon all involve something of a different nature, an assault on an officer when you're committing a robbery, when you're trying to get away from a drug offense or some other offense." *United States v. Hamner*, No. 21-cr-689-ABJ (D.D.C. September 23, 2022).

A textual reading of the law yields the same conclusion. Section 111(a), on its face, requires the intent to commit a future act, not a past or present one. In full, the relevant clause states: "and where such acts involve physical contact with the victim of that assault or the intent to commit another felony." The "intent to commit" language necessarily references an act that has not yet been committed but which is expected to be committed in some future period. We can tell the intended tense and intended time period from the choice of the language used — **"intent to commit" (future expectation) as opposed to "committed" (past tense) or "committing" (present tense)**. The language "intent to commit" is thus necessarily evocative of a future or subsequent act. This requires the Government to prove that the defendant

> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

intended a future or subsequent act after the commission of the underlying act, subjecting him to more serious punishment.

In Mr. Warnagiris' case, in order for the Government to prevail on the theory that Civil Disorder under 18 U.S.C. § 231(a)(c) is the other felony for § 111(a), the Government's argument has to be read as the defendant "<u>committing</u> a simultaneous felony" as opposed to the actual language of the law, which describes possessing the "intent to commit another felony." The DOJ's theory is simply inconsistent with the law— an inappropriate expansion of Congressional legislation.

Therefore, the defense requests an instruction on the definition of "another felony" as used in 18 U.S.C. § 111(a), which requires the DOJ to prove the intent to commit a different act at a subsequent time. Additionally or alternatively, the defense requests a ruling on the issue of whether Civil Disorder under 18 U.S.C. § 231(a)(c) can be used to satisfy the "another felony" prong of Assault under 18 U.S.C. § 111(a) when both are charged for the same act committed at the same time.

Respectfully submitted,
By Counsel:

/s/
_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

      I hereby certify that on February 27, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/

_____

Marina Medvin, Esq.