UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal No. 21-00382 (PLF) |
| CHRISTOPHER WARNAGIRIS, | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

On March 25, 2024, the Court held a pretrial conference in anticipation of trial beginning on April 1, 2024. The Court orally resolved several motions in limine; this Order memorializes those rulings.

The government argues that the Court should clarify that the Joint Session of Congress to certify the Electoral College vote on January 6, 2021, is an "official proceeding" under 18 U.S.C. § 1512(c)(2). Dkt. No. 100 at 4. In accordance with the D.C. Circuit's holding in United States v. Fischer, the Court agrees with this clarification. United States v. Fischer, 64 F.4th 329, 342-43 (D.C. Cir. 2023) (holding that the Electoral College certification is such a proceeding).

With respect to the definition of "otherwise" under 18 U.S.C. § 1512(c)(2), see Dkt. No. 71 at 12-13, the Court will follow the D.C. Circuit's decision in United States v. Fischer, which held that that "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." United States v. Fischer, 64 F.4th at 336.

1

Mr. Warnagiris argues that the Court should interpret the "corruptly" element of 18 U.S.C. § 1512(c)(2) in a manner different from what the D.C. Circuit set out in United States v. Robertson, 86 F.4th 355 (D.C. Cir. 2023). Dkt. No. 102 at 2-3.  The Court rejects this argument and will form conclusions of law in accordance with the D.C. Circuit's binding precedent.  See United States v. Robertson, 86 F.4th at 366-69.  In short, the government can prove that the defendant acted corruptly by showing either that he used independently unlawful means, or that he acted with a corrupt purpose, or both.  The government also suggests that a defendant must act with "consciousness of wrongdoing" in order to act corruptly.  Dkt. No. 100 at 5.  The Court does not believe that Robertson answered the question of whether the "corruptly" element of 18 U.S.C. 1512(c)(2) includes a consciousness-of-wrongdoing requirement.  See United States v. Robertson, 86 F.4th at 369 n.5.  However, because neither party objects to this requirement, and the jury instruction reviewed in Robertson included it, id. at 362, the Court will adopt this requirement here.

The Court rejects Mr. Warnagiris's oral motion to dismiss Count Two, Obstruction of an Official Proceeding and Aiding and Abetting under 18 U.S.C. § 1512(c)(2), 2, as multiplicitous when paired with the misdemeanor counts in this case.  See United States v. Baez, Crim. No. 21-0507, 2023 WL 3846169, at *2-4 (D.D.C. June 2, 2023).  "[E]ach provision requires proof of a fact which the other does not."  Blockburger v. United States, 284 U.S. 299, 304 (1932).  18 U.S.C. § 1512(c)(2) requires proof of at least two elements that the misdemeanor offenses charged in this case do not:  that the defendant acted "corruptly" and that the defendant obstructed or attempted to obstruct an "official proceeding."  18 U.S.C. § 1512(c)(2).  And the misdemeanor offenses each require proof of elements that 18 U.S.C. § 1512(c)(2) does not.  See 18 U.S.C. § 1752(a)(1), (2), (4) (requiring proof of facts relating to "any restricted building or

grounds"); 40 U.S.C. § 5104(e)(2)(D), (F), (G) (requiring proof of facts relating to "the [Capitol] Grounds" or "any of the Capitol Buildings").

The Court also rejects Mr. Warnagiris's argument that the "intent to commit another felony" theory of 18 U.S.C. § 111(a)(1) "requires the Government to prove a future intent and an intent to commit a different type of act" and could not be predicated on a violation of 18 U.S.C. § 231(a)(3). Dkt. No. 115 at 1. Mr. Warnagiris bases his assertion on statements made by Judge Amy Berman Jackson suggesting that "another felony" must be a factually distinct crime with respect to sentencing guidelines in. Dkt No. 115 at 2-3; see Transcript of Record, United States v. Hamner, Crim. No. 21-0689 (D.D.C. Sept. 23, 2022) [Dkt. No. 43]. Judge Jackson, however, clarified in later cases that in the context of Section 111(a)(1), a violation of 18 U.S.C. § 231(a)(3) can serve as "another felony," because the offenses have different elements. See United States v. Camargo, Crim. No. 21-0070 (D.D.C. Oct. 31, 2023) [Dkt. No. 114] at 9-10; United States v. O'Kelly, Crim. No. 23-0061 (D.D.C. Feb. 16, 2024) [Dkt. No. 40] at 5-6. The Court will follow Judge Jackson's holding in this regard. Furthermore, the Court rejects Mr. Warnagiris's argument that the required intent must be to commit the other felony in the future, rather than concurrent with the acts that constitute the violation of Section 111(a). See Dkt. No. 115 at 3. The plain text of the statute requires only that the acts "involve . . . intent to commit another felony" and do not specify when the defendant must intend the other felony to occur. 18 U.S.C. § 111(a). The defendant can intend for this other felony to occur at the same time as the Section 111(a) offense.

The Court rejects Mr. Warnagiris's request to use the Model Penal Code's definition of simple assault for Counts Three, Six, and Eight. See Dkt. No. 71 at 2-5. "[A]bsent contrary indications, Congress intends to adopt the common law definition of statutory

terms." United States v. Shabani, 513 U.S. 10, 13 (1994).  There are no meaningful contrary indications here.  See Dkt. No. 100 at 7 (noting that Congress originally enacted Section 111 well before the existence of the Model Penal Code and that later statutory amendments would not make sense when paired with the Model Penal Code definition).  The Court will therefore use the common law definition of simple assault.  See United States v. Cua, 657 F. Supp. 3d 106, 117 (D.D.C. 2023) ("[T]he phrase 'simple assault' in § 111(a) should be accorded its 'longstanding and precise meaning under the common law.'" (quoting United States v. Davis, 690 F.3d 127, 136 (2d Cir. 2012)); see also United States v. Lewellyn, 481 F.3d 695, 697 n.5 (9th Cir. 2007) (collecting cases from different circuits applying "the[] same common-law definitions of assault").  For the reasons laid out by the government, the Court does not believe that the D.C. Circuit's discussion of the Model Penal Code definition of simple assault in United States v. Duran, 96 F.3d 1495, 1509 (D.C. Cir. 1996), resolves the question of whether the common-law definition or Model Penal Code definition of simple assault governs these charges.  See Dkt. No. 100 at 7-8.

With respect to the charges under 18 U.S.C. § 1752(a)(1), (a)(2), and (a)(4), the Court will adopt the position that to act "knowingly" with regard to a "restricted building or grounds" does not require that the defendant had knowledge of a Secret Service protectee's presence within the restricted area.  This interpretation follows the rulings of Judge Beryl Howell in United States v. Carnell, Crim. No. 23-0139; Judge Dabney Friedrich in United States v. Chambers, Crim. No. 23-0300; and Judge Tanya Chutkan in United States v. Nester, Crim. No. 22-0183.  Specifically, the Court agrees that "the mens rea of 'knowingly' in Section 1752 modifies the operative elements of the offense in (a)(1) and (a)(2) . . . but does not reach so far into the sub-parts of this definitional subsection to modify the [Secret Service]-protectee

requirement." United States v. Carnell, Crim. No. 23-0139, 2024 WL 639842, at *10-11 (D.D.C. Feb. 15, 2024) (construing the meaning of Section 1752 from the structure of the statute, which distances the protectee requirement from the proscribed offenses). To find that a defendant must have knowledge of a protectee's presence would "run counter to Congress's purpose in enacting 'a statute designed to safeguard the President and other Secret Service protectees'" by requiring the Secret Service to notify the public of which protectees are within a given area. Id. at *13 (quoting United States v. Griffin, 549 F. Supp. 3d 49, 57 (D.D.C. 2021)).

Mr. Warnagiris argues that the Court should interpret "otherwise restricted," as used in 18 U.S.C. § 1752(a), to mean "something inherently similar to posting or cordoning off . . . that physically and objectively defines a perimeter or its boundaries as restricted." Dkt. No. 71 at 13-14. The Court rejects this argument, as have other courts in this District. See United States v. Carnell, 2024 WL 639842, at *15–17; United States v. Ballenger, Crim. No. 21-719, 2023 WL 4581846, at *3 (D.D.C. July 18, 2023). The "commonplace, dictionary meaning of the word 'otherwise' is 'in a different manner.'" United States v. Fischer, 64 F.4th at 336 (quoting Oxford English Dictionary). The Court therefore interprets "otherwise restricted" to mean restricted in any manner other than posting or cordoning off. See United States v. Carnell, 2024 WL 639842, at *16. "Under this straightforward construction, a visible or physical restriction would not be required to restrict an area within the meaning of Section 1752." Id. (citation and internal quotation marks omitted).

Mr. Warnagiris objects to the inclusion of the government's Exhibit 101, on the basis that the video montage is inadmissible hearsay. Because the government will not offer the exhibit for the truth of the matter asserted, Mr. Warnagiris's hearsay objection is denied.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 28, 2024