UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 21-00382 (PLF) |
| CHRISTOPHER WARNAGIRIS, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

Defendant Christopher Warnagiris is charged in a nine-count indictment with offenses relating to the insurrection at the United States Capitol on January 6, 2021. See Superseding Indictment [Dkt. No. 49]. A bench trial in this case is scheduled to begin on April 1, 2024 at 9:30 a.m. in Courtroom 29A. See Scheduling Order [Dkt. No. 111], Order Regarding Trial Schedule and Procedures [Dkt. No. 129]. In anticipation of trial, the defendant, Christopher Warnagiris, has requested the release of potentially exculpatory material relating to the victim of the alleged assault in this case, United States Capitol Police Officer Anthony Warner.

There has been extensive briefing on this issue and the Court heard oral argument at the final pretrial conference on March 25, 2024.[1] Having considered all the filings, the relevant case law, and arguments of counsel, the court denies Mr. Warnagiris's motions.

---

[1] The Court has reviewed the following filings: Motion for Exculpatory Evidence [Dkt. No. 62]; United States Opposition to Defense's Motion ECF 62 [Dkt. No. 73]; Reply to Government's Opposition to Defendant's Motion for Exculpatory Evidence [Dkt. No. 75]; Supplement to Motion for Brady Materials [Dkt. No. 80]; Government's Opposition to Defendant's Supplemental Motion for Brady Material [Dkt. 82]; Second Supplement to Motion for Brady Materials [Dkt. No. 88]; Government's Response to the Court's Order [Dkt. No. 101];

Mr. Warnagiris's primary request is for photographs, videos, and body worn camera footage that show the principal alleged victim in this case, Officer Anthony Warner, at any point during the events at the Capitol on January 6, 2021. Mr. Warnagiris asserts that the government can use facial recognition technology to seek out such evidence and produce a "face-trace list" of any individual depicted therein. See Dkt. No. 62 at 2-3.

Following oral argument, the government filed a supplement on March 26, 2024 stating that it had "requested a search of [Officer] Warner in a FBI repository of video and photographic evidence depicting rioters in and around the U.S. Capitol on January 6, 2021" and specified that "this search is the same as that which is routinely employed to identify images of suspects and defendants in the same repository." Dkt. No. 121 at 1. The government explained that this search did not identify any additional evidence depicting Officer Warner, and that, while the technological search functions employed are inherently imperfect, the search was "consistent with the defendant's original request seeking a 'face-trace list of public domain photos and videos.'" Id. at 2 (quoting Dkt. No. 62 at 3). Based on these representations – and despite Mr. Warnagiris's protestations – the Court concludes that the government has now completed the search requested by the defendant, and that Mr. Warnagiris's Brady motions are moot as to this point.

In various filings, Mr. Warnagiris also made much broader requests for the government to search all public and non-public sources of evidence for any other material,

---

Government's Ex Parte and Under Seal Attachment A [Dkt. No. 101-1]; Defendant's Reply to ECF No. 101 [Dkt. No. 106]; Government's Supplement to Defendant's Motion [Dkt. No. 121]; Government's Response to the Court's March 27, 2024 Minute Order [Dkt. No. 123]; Government's Ex Parte and Under Seal Response to the Court's March 27, 2024 Minute Order [Dkt. No. 125]; Defense Response to Order of the Court [Dkt. No. 126]; and Government's Reply to Defendant's Response (ECF No. 126) [Dkt. No. 127].

exculpatory, and favorable evidence related to Officer Warner's activity at the Capitol on January 6, 2021. See, e.g., Dkt. No. 62 at 3. Given the volume of evidence related to the events of January 6, 2021, however, and without further specificity from Mr. Warnagiris, the Court concludes that this request is overly broad and burdensome on the government.

In his March 28, 2024 filing, Mr. Warnagiris further claimed that the government had to date failed to produce any Jencks or Giglio materials. Dkt. No. 126 at 3. On that same date, the Court ordered the government to produce any Giglio materials and reminded the government of its ongoing Brady and Giglio obligations. Order Regarding Trial Schedule and Procedures [Dkt. No. 129] at 1. As for Jencks, while the Jencks Act, 18 U.S.C. § 3500, does not require the government to produce prior statements of a witness until after the witness has completed their direct examination, see 18 U.S.C. § 3500(b), the Court will require the government to produce such statements sufficiently in advance of the particular witness being called to testify to allow the defendant and his counsel to review the material and prepare for cross-examination. Typically, this should be done the day before the expected testimony, so as not to waste the time of the Court.

For these reasons, it is hereby

ORDERED that Mr. Warnagiris's Motion for Exculpatory Evidence [Dkt. No. 62] and Supplemental Motion for Release of Brady Materials [Dkt. No. 88] are DENIED.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 3/29/24