UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) Criminal No. 21-00382 (PLF) <br> ) |
| CHRISTOPHER WARNAGIRIS, | ) <br> ) |
| Defendant. | ) <br> ) |

ORDER

A bench trial will commence in the above-captioned matter on April 1, 2024. In anticipation of trial, the Court seeks to set forth its approach on two issues raised by counsel.

First, Mr. Warnagiris asserts that to be found guilty under the aiding and abetting theory of liability of 18 U.S.C. § 1512(c)(2), a defendant must have advance knowledge of the crime that he participated in, relying on the holding of United States v. Rosemond, 572 U.S. 65 (2014).  In United States v. Gunby, the Court instructed the jury that to find a defendant guilty of aiding and abetting, they must find "that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others." United States v. Gunby, Crim. No. 21-626 [Dkt. No. 114] at 27.  This instruction is not inconsistent with Rosemond.  When making its findings of fact and announcing its conclusions of law after trial, the Court will take into account all relevant legal authority with respect to the elements of aiding and abetting liability.

Second, the government proposes a set of elements and definitions with respect to Count Nine of the indictment, the charge under 40 U.S.C. § 5104(e)(2)(G). This proposal substantively comports with the Court's instruction on Section 5104(e)(2)(G) that it gave in United States v. Gunby [Dkt. No. 114] at 34. It will be adopted by the Court in this case as well.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 3/29/24