UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> ) <br> **v.** ) <br> ) <br> **CHRISTOPHER WARNAGIRIS**, ) <br> ) <br> DEFENDANT. ) <br> ) | CRIMINAL CASE NO: 1:21-CR-0382-PLF |

### DEFINING COMMON LAW ASSAULT IN THE DISTRICT OF COLUMBIA

The following is a list of definitions of common law assault as used in federal and local courthouses in the District of Columbia:

A. *Patterson v. Pillans*, 43 App. D.C. 505, 506-507 (1915) —

  Assault at common law is "an attempt with force or violence to do a corporal injury to another; and may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person."

B. *Beausoliel v. United States*, 107 F.2d 292, n.4 (D.C. Cir. 1939) —

  An assault has been defined by this court to be "an attempt with force or violence to do a corporal injury to another; and may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person."

  *See also Guarro v. United States*, 237 F.2d 578 (D.C. Cir. 1956).

C. *Williams v. United States*, 887 A.2d 1000 (D.C. 2005) —

  Decisions in this jurisdiction have thus reiterated for ninety years or more that in an "attempted-battery" assault case, the prosecution must prove, inter alia, "an intention ... of using actual violence against the person." *Patterson*, 43 App. D.C.

at 506-07. Indeed, the "intentional infliction of bodily injury" is the "essence" of such an assault. *Alfaro*, 859 A.2d at 156 (emphasis added).

D. In *Davis v. Giles*, the D.C. Circuit Court of Appeals explained the distinction between the *crime* of assault and the *tort* of assault as follows: civil assault requires the showing of an imminent apprehension of a harmful or offensive contact, while criminal assault requires an attempt with force or violence to do a bodily injury to another. *Davis v. Giles*, 769 F.2d 813, 815 (D.C. Cir. 1985).

E. In *United States v. GossJankowski*, Crim. No. 21-0123 (D.D.C. Mar. 17, 2023), the Government proposed and this Court applied the following definition of assault:

> Case 1:21-cr-00123-PLF   Document 166   Filed 03/17/23   Page 31 of 48
>
> **Definitions**
>
> A person acts "forcibly" if he uses force, attempts to use force, or threatens to use force against the officer. A threat to use force at some unspecified time in the future is not sufficient to establish that a defendant acted forcibly.
>
> The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury. In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

F. The model Criminal Jury Instructions for D.C. Instruction lists the following elements:

1 Criminal Jury Instructions for DC Instruction 4.100 (2021)

### Instruction 4.100.  ASSAULT

D.C. Official Code § 22-404 (2001)

#### A. ATTEMPTED-BATTERY ASSAULT

The elements of the offense of assault, each of which the government must prove beyond a reasonable doubt, are that:

1. [Name of defendant], with force or violence, injured [or attempted or tried to injure] [name of complainant] [another person];
2. S/he intended to use force or violence against [name of complainant] [another person]; [and]
3. At the time, [name of defendant] had the apparent ability to injure [name of complainant] [a person][.][; and]
[4. That the defendant's conduct was not justified by the use of reasonable parental discipline.]

It appears that at Closing in Mr. Warnagiris' case, the Government argued for the civil tort definition of assault to be applied in Mr. Warnagiris' criminal case. The Defense opposes such a request.

Moreover, the Government cannot be permitted to hold two completely contradictory positions on the definition of assault while prosecuting two different people. The definition of assault that the Government felt was lawful for the prosecution of Mr. GossJankowski should be the same definition that is used to prosecute Mr. Warnagiris. The Government cannot be permitted to be held to a lesser standard of proof for its case against Mr. Warnagiris without violating his due process rights and denying him equal protection under the law. Moreover, judicial estoppel prevents the Government from taking an inconsistent position on law with respect to different defendants. *See New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001).

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on April 4, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.