UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case No. 1:21-cr-382 (PLF) |
| : | |
| CHRISTOPHER WARNAGIRIS, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S RESPONSE TO THE DEFENDANT'S
SUPPLEMENTAL BRIEFING ON THE DEFINITION OF COMMON LAW ASSAULT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in response to the defendant's supplemental briefing on the common law definition of assault, ECF No. 138. While the government agrees that an assault requires some proof of injury or intent to cause injury, the defendant incorrectly intimates that "injury" must involve more than offensive touching. The Court, however, should reject this suggestion. Instead, the Court should adopt the government's proposed bench instruction language that reflects ample caselaw holding that offensive touching is a form of assault.

## DISCUSSION

Consistent with the Court's order for additional briefing on the common law definition of "assault," the government first analyzes this legal issue through the lens of the D.C. Code and then expands the discussion to include federal courts.

In D.C., the common law definition of assault has not been static over time. Originally, the crime "was an attempt to commit a battery and that only." *Perez Hernandez v. United States*, 286 A.3d 990, 997 (D.C. 2022) (en banc) (quoting Rollin M. Perkins, *An Analysis of Assault and Attempts to Assault*, 47 MINN. L. REV. 71, 72 (1962)). In the subsequent years, however, the D.C.

Court of Appeals recognized additional forms of common law assault that "share one common feature, namely . . . they intrude upon bodily integrity and inflict bodily harm or the fear or threat thereof." *Alfaro v. United States*, 859 F.2d 149, 156 (D.C. 2004). Thus under D.C. law, an assault may take the form of, among other things, an attempted battery, an intent to frighten, or, critically, a completed battery. *See id.* (citing cases); *Ray v. United States*, 575 A.2d 1196, 1200-01 (D.C. 1990) ("[P]roof of a battery will support a conviction of assault.") (quoting *United States v. Dupree*, 544 F.2d 1050, 1052 (9th Cir. 1976)). The inclusion of a completed battery within the scope of an assault reflects the commonsense conclusion "that a person charged with an attempt to commit a crime may be convicted even though the evidence shows a completed offense." *Ray*, 575 A.2d at 1200 (citing *United States v. Fleming*, 215 A.2d 839, 841-42 (D.C. 1966)).

The analysis thus turns to what qualifies as a completed battery. At common law, the caselaw and treatises unequivocally state that a battery consists of "the intentional application of unlawful force against the person of another . . . satisfied by even the slightest offensive touching." *Johnson v. United States*, 559 U.S. 133, 139 (2010) (citation omitted); *see also* 2 Charles E. Torcia, Wharton's Criminal Law § 177 (15th ed., 1994 & 2018 update) (stating under the common law, "an unconsented to contact with the person of another" is a battery.); 4 Henry John Stephen, Stephen's Commentaries on the Laws of England 69 (Edward Jenks, ed., 17th ed. 1922) ("The assault becomes a battery when the force or violence is applied to the body of the assaulted person, however slight the blow."); 1 W. Blake Odgers, et al., The Common Law of England 317 (2d ed. 1920) ("[E]very battery includes an assault" because "it is in short an assault which has succeeded."). Blackstone wrote that this definition of battery was necessary "for the law cannot draw the line between different degrees of violence, and therefore totally prohibits the first and

lowest stage of it: every man's person being sacred, and no other having a right to meddle with it, in any the slightest manner." 3 W. Blackstone, Commentaries on the Laws of England 120 (1768).

In recognizing a battery as a form of an assault, the District's highest local court has continually held that "a nonviolent offensive touching, not of a sexual nature, also constitutes an assault." *Perez Hernandez*, 286 A.3d at 998 (citing cases). The court's broad definition of assault is reflected in the District of Columbia's model jury instructions for the criminal offense of assault, which require proof that a defendant "injured" or "attempted or tried to injure" the victim. Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.).[1] The instructions further define "injury" to mean "any physical injury, however small, including a touching offensive to a person of reasonable sensibility." *Id.*[2]

While the D.C. Court of Appeals' holdings regarding common law assault is certainly persuasive authority, federal caselaw provides the most relevant analysis to show that Section 111 and its companion statutes include battery as a form of assault. For example, the Eleventh Circuit recognized that the government may prove a violation of Section 111 by demonstrating "minimal physical contact . . . or even without the presence of any physical contact[.]" *United States v. Hernandez*, 921 F.2d 1569, 1577 (11th Cir. 1991) (citing cases). Similarly, the Second Circuit held that "an offensive touching . . . constitutes simple assault" for the purposes of the maritime assault

---

[1] The jury instructions agreed to by the government and adopted by the Court in *United States v. GossJankowski*, 21-cr-123 (PLF), largely mirror these instructions. Because these instructions incorporate the government's view of assault, the government rejects the defendant's claim that it is proffering a position contradictory to the one it took in *GossJankowski*. ECF No. 138 at 3.

[2] Although the defendant cited to this exact instruction in his memorandum, *see* ECF No. 138 at 3, the government is unclear why the defendant omitted the portion of the instruction that defines "injury" from his filing.

3

statute, which "incorporates both of the common-law crimes of assault and battery[.]" *United States v. Delis*, 558 F.3d 177, 178 (2d Cir. 2009) (analyzing 18 U.S.C. § 113(a)(5)); *see also California v. Hodari D.*, 499 U.S. 621, 631 (1991) (Stevens, J., dissenting) (noting "the distinction between the common-law torts of assault and battery—a touching converts the former into the latter"). These opinions work in concert with other federal caselaw that describe assaults without physical contact. *See United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) ("At common law, assault meant an attempt to commit a battery or an act putting another in reasonable apprehension of bodily harm. . . . A battery is the slightest willful offensive touching.") (cleaned up); *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("[A]n assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted). Thus, it is clear that both within the District and without, an offensive-touching battery is sufficient to establish a common law assault.

In response to the government's position, the defendant confusingly asserts that the government conflates civil assault with criminal assault. ECF No. 138 at 2. To support this argument, the defendant cites to a decision from the D.C. Circuit stemming from a claim of malicious prosecution. *Id.* (citing *Davis v. Giles*, 769 F.2d 813, 815 (D.C. Cir. 1985)). In *Davis,* the two parties sued each other for assault and battery, while the appellant was also sued for

4

malicious prosecution. *Id.* The basis for this latter claim was an allegation that the appellant provided false information to the police about the assault, which led to the criminal prosecution of the opposing party. *Id.* at 814. At trial, the jury found each party liable on their assault claims and the appellant liable for malicious prosecution. *Id.* Before the D.C. Circuit, the appellant argued that the jury's verdict on the assault and battery charge meant that, as a matter of law, there was probable cause for criminal assault. *Id.* He then continued that because malicious prosecution requires a lack of probable cause for the offense at issue, the jury's verdict was inconsistent.

The D.C. Circuit rejected the appellant's argument, stating that "[t]here is a distinction between the elements of civil assault and battery and those of a criminal assault." *Id.* at 815. In support of this conclusion, the court stated that tortious assault "requires only an 'imminent apprehension' of a 'harmful or offensive contact[,]'" *id.* (citing Restatement (Second) of Torts §§ 13, 18, 19, 21 (1965)), while criminal assault under D.C. law "requires 'an attempt with force or violence to do a corporeal injury to another[,]'" *id.* (citing *Patterson v. Pillans*, 43 D.C. App. 505, 506 (D.C. App. 1915)). Based only on the linguistic differences the two standards, the court concluded that an injury associated with a criminal assault is necessarily higher than an injury sustaining a civil assault. *Id.*

The circuit, however, did not fully analyze the underpinnings of the *Patterson* decision and subsequent opinions by the D.C. Court of Appeals. *Patterson* is a civil case that the D.C. Court of Appeals later noted established the same standard for both civil and criminal assaults. *See Perez Hernandez*, 286 A.3d at 997 ("Although *Patterson* was a civil case, this definition of assault has also been used in criminal cases. Indeed, the *Patterson* court adopted the definition . . . from a criminal case."). The D.C Court of Appeals also expressly stated, "[T]he concept of a criminal

5

assault has evolved to incorporate principles from the law of torts." *Id.*[3] Thus, the *Davis* court incorrectly assumed "corporeal injury" could not involve an offensive touching despite the common law principles indicating the contrary.

## CONCLUSION

For the above stated reasons, the government proposes the following bench instruction for the term "assault," which properly reflects the common law definition of the term:

> The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," the Court must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.

This definition adequately reflects the original common law understanding of assault to mean attempted or threatened battery, while also incorporating an "offensive touching" battery into the ambit of the instruction. *See Dupree*, 544 F.2d at 1052 ("[A]n assault is an attempted battery and proof of a battery will support conviction of assault.").

---

[3] As a result, this court is not bound by the decision in *Davis* because it is based on an error in reviewing the District of Columbia's equivalent of state law. *See United States v. Scott*, 941 F.3d 677, 684-85 (4th Cir. 2019) (noting that federal courts must review a state statute "as it has been interpreted by . . . state courts.") (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 875 (1987)). However, even if this Court is bound by the *Davis* opinion, the circuit only opined on the D.C. Code, not Section 111.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: */s/ ANDREW HAAG*
Andrew Haag
Assistant United States Attorney
Massachusetts Bar No. 705425
601 D Street NW, Washington, DC 20530
Tel. No.: (202) 252-7755
Email: andrew.haag@usdoj.gov

*/s/ REBEKAH LEDERER*
Rebekah Lederer
Assistant United States Attorney
Pennsylvania Bar No. 320922
601 D St. N.W, Washington, DC 20530
Tel. No.: (202) 252-7012
Email: rebekah.lederer@usdoj.gov