### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:21-cr-382 (PLF)** |
| | : | |
| **CHRISTOPHER WARNAGIRIS,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S RESPONSE AND OPPOSITION TO THE DEFENDANT'S MEMORANDUM OF LAW (ECF No. 143) AND RULE 31(C) MOTION (ECF No. 144)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to the defendant's months-late motion for bench instructions, ECF No. 144, and supplemental briefing regarding the interaction between 18 U.S.C. §§ 111(a)(1) and 231(a)(3), ECF No. 143. The Court should deny the defendant's motion for failure to comply with this Court's order to submit objections to proposed bench instructions by December 15, 2023, ECF Nos. 91 and 99. The Court should also deny the defendant's motion on the merits because none of the offenses charged are lesser included of any other offense. Lastly, because the Section 231(a)(3) offense is not a lesser-included offense of Section 111(a)(1), the former can be the other felony for the purposes of the latter.

### DISCUSSION

I.   **Defendant's motion comes months after the deadline for objections to the proposed bench instructions.**

Prior to trial, the Court ordered the parties to submit objections to a set of proposed bench instructions based on the instructions adopted in other cases by this Court as well as other judges in this district by December 15, 2023. *See* ECF Nos. 91 and 99. The parties complied with this order with the government submitting its objections on November 30, 2023, ECF No. 100, and the defendant submitting his objections on December 13, 2023, ECF No. 102. Nearly four months

after this deadline, the defendant attempts to revisit his objections and moves the Court to include lesser-included offense instructions for essentially all of the offenses for which he is charged. ECF No. 144. In support of this motion, the defendant argues that the evidence introduced at trial may trigger a defendant's right to seek such instructions under Fed. R. Crim. P. 31(c)(1). *Id.* (citing *United States v. Whitaker*, 447 F.2d 314, 319 (D.C. Cir. 1971)). The defendant's argument on this issue fails because *Whitaker* is no longer good law.

In *Whitaker*, the D.C. Circuit adopted the "inherent relationship" to determine the applicability of Rule 31(c), which allowed defendants to seek a lesser-included offense when it "is established by the evidence adduced at trial in proof of the greater offense." *Id.* This test was fact intensive, because courts were required to look at whether the two offenses "relate to the protection of the same interests" such that "proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense." *Id.* at 319.

The Supreme Court, however, later rejected the "inherent relationship" test in favor of the "elements" test. *See Schmuck v. United States*, 489 U.S. 705, 715-716 (1989). Under this test, "one offense is necessarily included within another only when the elements of the lesser offense form a subset of the elements of the offense charged." *Id.* at 709. Under this now decades-old standard, the facts introduced at trial cannot create a previously unforeseen avenue to seek relief under Rule 31(c), because the facts are irrelevant to determining whether such an instruction is proper. *See Schmuck*, 489 U.S. at 718 (noting that the elements test does not require a defendant to wait "until all the evidence is developed at trial" to move for a lesser-included offense instruction). Rather, the only relevant material for the Court and parties to review is the elements of the charged offenses.

The defendant appears to concede this point because his motion looks solely at the elements of the offenses and does not discuss *any* evidence introduced at trial. *See generally* ECF No. 144. Indeed, immediately after quoting *Whitaker*, the defendant also cites *Schmuck* in support of his motion. *Id.* at 1-2. Despite this exclusive focus on the legal elements of the charges against him, thereby negating the need to wait until after trial to seek such instruction, the defendant failed to include these arguments in his objections to the Court's proposed bench instructions. *See* ECF No. 102. In bringing this motion now, the defendant attempts to skirt this Court's order to "file *any* objections" to the instructions by December 15, 2023. ECF No. 99 (emphasis added). Thus, unless the defendant can provide the Court with a valid reason for why he should not be bound by the Court's order, the Court should deny the defendant's motion on timeliness grounds. Here, there is no excuse to not raise an issue of law this substantial prior to trial, particularly when such law was known and available. Opposing counsel is not new to this practice or the law, having appearance in multiple cases before the court on issues of similar import. *See United States v. DaSilva*, 21-cr-564-CJN; *United States v. Cudd*, 21-cr-68-TNM; *United States v. Kuehne*, 21-cr-160-TJK; *United States v. John Anderson*, 21-cr-215-RC; *United States v. William Norwood III*, 21-cr-233-CJN.

## II.    None of the offenses charged against the defendant are lesser-included offenses of any other charge.

In any event, the Court should still deny the motion because there are no lesser-included offenses in the indictment. As discussed above, a defendant may be adjudicated guilty of "an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c). Under Supreme Court precedent, an offense is lesser-included of another offense if the elements of the former make up a subset of the elements of the latter. *See Schmuck*, 489 U.S. at 709; *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932). Determining whether one offense is "necessarily included" in

another requires "the trial court [to] break down each offense by reference to its elements, without looking to how the offense may have been committed in the particular case and ask whether it would be impossible to commit the higher offense without also committing the lower offense." Wayne R. LaFave et al., 6 Crim. Proc. § 24.8(e) (4th ed. 2022). Under this standard, a lesser-included offense does not exist just because the language used by two statutes is similar. *See Carter v. United States*, 530 U.S. 255, 261-263 (2000) (rejecting a defendant's claim that one offense under 18 U.S.C. § 2113 was a lesser-included offense of another under the same section). Rather, the specific elements required by each offense controls the analysis. *Id.*

Here, in ECF No. 144, the defendant claims:

- Count One is a lesser included offense of Count Three
- Count Nine is a lesser included offense of Count Seven
- Count Four is a lesser included offense of Counts Five and Six
- Count Seven is a lesser included offense of Count Five
- Counts Five, Seven, and Nice are lesser included offenses of Count Two
- Count Six is a lesser included offense of Count Eight
- Counts Six and Eight are lesser included offenses of Count Three

  *a. The defendant incorrectly ignores the elements relating to a restricted area as well as the Capitol Building or Grounds*

In his motion, the defendant argues that the offense charged under § 5104(e)(2)(D) is a lesser included-offense of the one charged under § 1752(a)(2) and the offense charged under § 1752(a)(4) is a lesser-included offense of the one charged under § 5104(e)(2)(F). ECF No. 144 at 4-5, 7. By the defendant's own admission, this theory hinges on the notion that certain "jurisdictional" elements should be ignored as part of the elements test, seemingly on the theory that those elements are "'not in [themselves] an evil that Congress seeks to combat.'" ECF No. 143 at 4 (quoting *United States v. Gibson*, 820 F.2d 692, 689 (5th Cir. 1987)). That premise is

incorrect, as the weight of authorities to have considered the issue have concluded.

At the outset, none of the binding precedent cited by the defendant (ECF No. 143 at 2-4) remotely supports that view "jurisdictional" elements should somehow be excised from the *Blockburger* elements test. Begin with the three Supreme Court decisions cited by the defendant— none of which involved *Blockburger* or double jeopardy, and none of which helps his cause. In *Lewis v. United States*, 523 U.S. 155 (1998), the Court considered whether Louisiana first-degree murder—which, unlike federal first-degree murder, can be predicated on the victim's age—is made part of federal law in federal enclaves under the Assimilated Crimes Act (ACA), which makes state criminal laws applicable in federal enclaves if he defendant's act or omission is "not made punishable by any enactment of Congress" but would be punishable within the State subsuming the enclave. *Id.* at 158. In interpreting the ACA's operative phrase ("punishable by any enactment of Congress"), the *Lewis* court observed that the ACA does not "apply where both state and federal statutes seek to punish approximately the same wrongful behavior—where, for example, differences among elements of the crimes reflect jurisdictional, or other technical, considerations, or where differences amount only to those of name, definitional language, or punishment." *Id.* at 165. In adopting this flexible standard under the ACA, the Court specifically acknowledged—but *declined*—the suggestion of adopting a more rigid "'precise elements' test"— a shorthand reference to *Blockburger*'s elements test. Turning to first-degree murder, the Court concluded that the ACA did not assimilate Louisiana's first-degree murder, finding that, in enacting the federal first-degree murder statute, Congress "intended its statute to cover a particular field … as an integrated whole." *Id.* at 169. *Lewis*, in other words, dealt with one phrase under one statute (the ACA). And to the extent the Court in *Lewis* hinted at double jeopardy or

*Blockburger* at all, it did so to *distinguish Blockburger*'s more rigid inquiry. *Lewis* therefore lends

no support to the defendant's theory that "jurisdictional elements" should be ignored under

*Blockburger*'s elements test.[1]

Torres v. Lynch, 578 U.S. 452 (2016), and *Rehaif v. United States*, 139 S. Ct. 2191

(2019)—which the defendant also cites (ECF No. 143 at ___) are likewise inapposite. In both cases,

the Court observed that federal criminal laws may include both substantive and jurisdictional

elements, and while a *mens rea* is generally presumed as to substantive elements, the opposite is

true of jurisdictional elements. *See Torres*, 578 U.S. at 467; *Rehaif*, 139 S. Ct. at 2196. *Torres*

then held that jurisdictional elements may sometimes be ignored when comparing federal and state

criminal laws under the Immigration and Nationality Act's definition of "aggravated felony."

Torres, 578 U.S. at 468. And *Rehaif* reaffirmed that no *mens rea* requirement attaches to 18 U.S.C.

922(g)'s interstate commerce nexus. *Rehaif*, 139 S. Ct. at 2196. Neither *Torres* nor *Rehaif*

involved double jeopardy, much less the well-settled *Blockburger* test.

Circuit precedent, on the other hand, generally holds that the *Blockburger* test does include

jurisdictional elements of a statute in its analysis. Even the only civilian case cited by the defendant

in support his position concludes as much. *See United States v. Gibson*, 820 F.2d 692, 698 (5th

Cir. 1987) ("It is true that a mechanical application of the *Blockburger* rule may appear to dictate

the conclusion that Gibson has committed two offenses."). The only reason that the Fifth Circuit

---

1    In *Lewis*, two Justices went even further, underscoring, in a separate concurrence, that (1)
the *Blockburger* test for double jeopardy—unlike the *Lewis* test under the ACA—"gives the phrase
'same offence' a technical meaning that reflects our double jeopardy traditions" and (2)
"*Blockburger*'s emphasis on the formal elements of crimes causes it to deny the 'sameness' of
some quite similar offenses because of trivial differences in the way they are defined." *Lewis*, 523
U.S. at 177 (Scalia, J., joined by Thomas, J., concurring in the judgment).

held differently is because it determined that including jurisdictional elements in the analysis "would [not] satisfy the intended purpose of the *Blockburger* test." *Id.* Yet, no other circuit has adopted the Fifth Circuit's position in the nearly 40 years since it issued the *Gibson* opinion while numerous courts have expressly rejected it. *See United States v. Hairston*, 64 F.3d 491, 495-96 (9th Cir. 1995) (declining to adopt *Gibson* because it "ignores the fact that Congress may have strong interests in treating crimes occurring within the jurisdiction of the United States differently from those occurring elsewhere."); *United States v. Jones*, 797 F.2d 184, 186-87 (4th Cir. 1986) (rejecting a defendant's *Blockburger* claim because the jurisdictional elements of two statutes protected distinct interests); *Lee*, 785 Fed. App'x. at 669; *United States v. Angeles*, 484 Fed. App'x. 27, 33 n.1 (6th Cir. 2012) (indicating circuit precedent likely gives jurisdictional elements weight in the *Blockburger* analysis). So, too, has Judge Nichols, who is, to date, the sole judge to have ruled on the issue in this district and who recently rejected the defendant's theory in *United States v. DaSilva*, No. 21-cr-564-CJN (Apr. 23, 2024) (sentencing transcript). Indeed, even the Fifth Circuit itself later viewed its holding in *Gibson* with skepticism. *See United States v. Agofsky*, 458 F.3d 369, 372 (5th Cir. 2006) ("We have some concern with the reasoning of *Gibson*."). The defendant attempts to distinguish at least one of these cases contrary to his position because it did not address the Supreme Court's decision in *Lewis* or *Torres*. ECF No. 143 at 2 (citing *United States v. Medley*, 972 F.3d 399 (4th Cir. 2020), *rev'd en banc*, 2021 WL 8362326 (4th Cir. Oct. 6, 2021)).[2] However, as already stated, those two cases have no impact on the double jeopardy

---

[2] The defendant characterizes the *Medley* decision as "declining to adopt *Gibson*." ECF No. 143 at 2. This description is incorrect for two reasons. First, the only portion of *Medley* that discusses *Gibson* and the *Blockburger* analysis is the dissent, not the lead opinion. *Medley*, 972 F.3d at 435 n.10 (Quattlebaum, J., dissenting). Second, the dissent did not decline to adopt *Gibson*. Rather, it cited in support the circuit's prior decision in *Jones*, which held that jurisdictional elements are

analysis.

Having dispensed with the defendant's argument that jurisdictional elements are ignored in the *Blockburger* and *Schmuck* analysis, it is clear 40 U.S.C. § 5104(e)(2)(D) is not a lesser-included offense of 18 U.S.C. § 1752(a)(2) and 18 U.S.C. § 1752(a)(4) is not a lesser-included offense of 40 U.S.C. § 5104(e)(2)(F). The offenses under § 5104(e)(2) require proof that the defendant's culpable conduct occurred in "the Grounds or any of the Capitol Buildings" while the § 1752(a) require proof that the culpable conduct occurred in "a restricted building or grounds." These are materially different elements for these offenses and thus there is no lesser-included offense for these charges. This conclusion, moreover, comports with the understanding that a jurisdictional element can address "a separate evil." *Hairston*, 64 F.3d at 496. The purpose of the § 5104(e)(2) offenses is to protect the integrity of congressional proceedings while, in enacting § 1752(a), Congress "'was motivated by a desire to federalize ordinary state-law offenses in order to achieve more certainty and uniformity over security measures involving important federal officers.'" *United States v. Carnell et al.*, No. 23-cr-139 (BAH), ECF No. 98 at 26 (Feb. 15, 2024) (quoting *United States v. Groseclose*, No. 1:21-cr-311 (CRC), ECF No. 99 (Jan. 5, 2024)). Thus, even under the defendant's strained interpretation of *Blockburger* and its progeny, there is reason to give these elements weight under the *Blockburger*.

      *b.  Count One (18 U.S.C. § 231(a)(3)) is not a lesser-included offense of Count Three (18 U.S.C. § 111(a)(1))*

For similar reasons, the jurisdictional elements of these two offenses are included in the *Blockburger* analysis. This analysis demonstrates that the civil disorder offense is not lesser-

---

properly included in the *Blockburger* analysis. *Id.* at 435-36 (citing *Jones*, 797 F.2d at 186-87).

included of the Section 111(a)(1) offense.

The elements of civil disorder, in violation of 18 U.S.C. § 231(a)(3), are:

- First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.
- Second, at the time of the defendant's actual or attempted act, the law enforcement or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.
- Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

The elements of assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C.

§ 111(a)(1), are:

- First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a person.
- Second, the defendant did such acts forcibly.
- Third, the defendant did such acts voluntarily and intentionally.
- Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties or was assisting officers of the United States who were then engaged in the performance of their official duties.
- Fifth, the defendant made physical contact with that person, or acted with the intent to commit another felony.

A cursory review of these statutes demonstrates that the Section 231(a)(3) elements are not a subset of the elements of the Section 111(a)(1) elements. Specifically, unlike Section 111(a)(1), the Section 231(a)(3) offense requires a civil disorder. Thus, Section 231(a)(3) cannot be a lesser-included offense of Section 111(a)(1).

For the same reason, and contrary to the defendant's assertion in ECF No. 143, the Section 231(a)(3) offense can serve as the other felony for the purposes of the fifth element of the Section 111(a)(1) offense. However, even if the defendant's arguments regarding *Blockburger* and

*Schmuck* were correct, it is legally possible to complete an offense under Section 111(a)(1) without completing an offense under Section 231(a)(3) even in the midst of a civil disorder. *See* ECF No. 116 at 3. Thus, the latter would still not be lesser-included to the former under the defendant's formulation of the law.

        *c.   Count Nine (40 U.S.C. § 5104(e)(2)(G)) is not a lesser-included offense of Count Seven (40 U.S.C. § 5104(e)(2)(D))*

The elements of parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G), are:

- First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.
- Second, the defendant acted willfully and knowingly.

The elements of disorderly conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D), are:

- First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.
- Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.
- Third, the defendant acted willfully and knowingly.

Reviewing the plain language between these two offenses demonstrates that they encompass separate criminal acts. The former targets "parading, demonstrating, or picketing" while the latter targets the engagement in "disorderly or disruptive conduct." These two elements are distinct from one another and thus § 5104(e)(2)(G) is not a lesser-included offense of § 5104(e)(2)(D). Without any meaningful analysis, the defendant argues that the former offense is "required to satisfy" the latter. ECF No. 144 at 2. While it is certainly true that parading, demonstrating, or picketing could amount to disorderly or disruptive conduct, this conclusion is

not necessarily always the case. To equate the two elements is to engage in the same fact-driven

analysis that the Court rejected in *Schmuck*. 489 U.S. at 716.

> d.  *Count Four (18 U.S.C. § 1752(a)(1)) is not a lesser-included offense of Count Five*
> *(18 U.S.C. § 1752(a)(2)) or Count Six (18 U.S.C. § 1752(a)(4))*

The elements of entering and remaining in a restricted building or grounds, in violation of

18 U.S.C. § 1752(a)(1), are:

- First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.
- Second, the defendant did so knowingly.

The elements of disorderly and disruptive conduct in a restricted building or grounds, in

violation of 18 U.S.C. § 1752(a)(2), are:

- First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.
- Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.
- Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

The elements of engaging in physical violence in a restricted building or grounds, in

violation of 18 U.S.C. § 1752(a)(4), are:

- First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.
- Second, the defendant did so knowingly.

The defendant does not dispute that subsection §§ 1752(a)(2) and (4) each require elements

that are not required under subsection 1752(a)(1).  *See* ECF No. 144 at 3.  Contrary to the

defendant's assertions, the converse is also true, for at least two reasons.  First, by its terms, §

1752(a)(1) expressly requires proof that the defendant enter or remain in the restricted building

11

"without lawful authority to do so."  The absence of lawful authority to be in the restricted area, however, is not a requirement under either § 1752(a)(2) or (4), which make it a crime to engage in, respectively, disorderly or disruptive conduct or acts of physical violence in the restricted area regardless of the defendant's authority to be in the restricted area in the first place.  Second, the offense defined in § 1752(a)(1) also includes a requirement of entering or remaining in the restricted area, which is also not included in the other two subsections—which require proof that the culpable conduct occurred in mere "proximity" to the restricted building or grounds And, even putting the "proximity" prong aside, while as a logical matter, one's previous entry or active remaining in a restricted area is a factual prerequisite to the completion of the other offenses, this type of factual analysis is irrelevant to *Blockburger*'s elements test. *See Schmuck*, 489 U.S. at 718. Thus, the elements of § 1752(a)(1) do not make up a subset of the elements of §§ 1752(a)(2) or (a)(4).

> e. *Count Five (18 U.S.C. § 1752(a)(2), Count Seven (40 U.S.C. § 5104(e)(2)(D)) and Count Nine (40 U.S.C. § 5104(e)(2)(G)) are not lesser-included offenses of Count Two (18 U.S.C. § 1512(c)(2))*[3]

The elements of obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), are:

- First, the defendant attempted to or did obstruct or impede an official proceeding.
- Second, the defendant intended to obstruct or impede the official proceeding.
- Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.
- Fourth, the defendant acted corruptly.

As previously discussed with the Section 1752 and Section 5104 offenses, those charges

---

[3] The government refers the Court to the elements of the offenses under 18 U.S.C. § 1752(a)(2), and 40 U.S.C. §§ 5104(e)(2)(D) and (G) as previously stated above.

are respectively related to a statutorily-defined restricted area and areas of the U.S. Capitol complex. No such locality is involved in the offense as described in Section 1512(c)(2). Thus, those two offenses are not lesser-included to the Section 1512(c)(2) offense.

     *f.*   *Count Six (18 U.S.C. § 1752(a)(4)) and Count Eight (40 U.S.C. § 5104(e)(2)(F)) are not lesser-included offenses of Count Three (18 U.S.C. § 111(a)(1))*

For the same reasons just stated, the physical violence offenses under Section 1752 and Section 5104 are not lesser-included to the Section 111(a)(1) offense.

## <u>CONCLUSION</u>

For the above-stated reasons, the government respectfully requests that the Court deny the defendant's motion for additional bench instructions and reject the defendant's argument regarding 18 U.S.C. §§ 111(a)(1) and 231(a)(3).

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:    */s/ ANDREW HAAG*
Andrew Haag
Assistant United States Attorney
Massachusetts Bar No. 705425
601 D Street NW, Washington, DC 20530
Tel. No.: (202) 252-7755
Email: andrew.haag@usdoj.gov

*/s/ REBEKAH LEDERER*
Rebekah Lederer
Assistant United States Attorney
Pennsylvania Bar No. 320922
601 D St. N.W, Washington, DC 20530
Tel. No.: (202) 252-7012
Email: rebekah.lederer@usdoj.gov