UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Criminal Case No: 1:21-cr-0382-PLF |
| ) | |
| **CHRISTOPHER WARNAGIRIS**, ) | |
| ) | |
| Defendant. ) | |

**Reply to Government's Response to Defendant's Memorandum
on the Definition of Common Law Assault in the District of Columbia**

The Government has conceded on some of the definitional elements of assault as requested by the Defense and as was used in *United States v. GossJankowski*, Crim. No. 21-0123 (D.D.C. Mar. 17, 2023). *See* ECF No. 142 at *6. Nonetheless, the Government seeks to exclude a critical portion of the definition dealing with use of force, and also seeks to alter the definition of injury to a modern expansion of the term "injury," one that is inconsistent with common law and inconsistent with D.C. Circuit precedent. The Defense, accordingly, responds in opposition to these two alterations.

Specifically, the Government has requested instructions as follows, each component numbered by the Defense:

1. "The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so." *(This mimics the wording of GossJankowski. There is no objection.)*

2. **However, the DOJ's proposed instruction intentionally omits the sentence from the *GossJankowski* instructions that state: "A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury." The Defense objects to this omission.**

3. "To find that the defendant committed an "assault," the Court must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury." *(This mimics the wording of GossJankowski. There is no objection.)*

4. **"Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility." [This definition is inconsistent with common law assault. Defense objections to this definition.]**

The parties agree on components 1 and 3, which require no further discussion. This memorandum addresses only components 2 and 4.

I. <u>The Government Seeks To Omit From the Instructions the Distinction Between Intent To Cause an Injury and Acting Forcibly</u>

The parties disagree on component 2 of the proposed instruction, the DOJ's omission of the distinction between "injury" and "forcibly."

The parsing of "injury" and acting "forcibly" for the legal instructions in the case of federal assault on law enforcement is critical because Section 111(a) requires a *separate* finding

of both acting "forcibly" and also the intentional attempt to inflict injury, as is required by the assault prong of the code section. The insertion of this distinction into the instructions for *GossJankowski* was critical for a Section 111(a) case. There is no reason to leave it out in *this* case. The only benefit to leaving out the sentence distinguishing "injury" from "forcibly" in the case of Mr. Warnagiris is to dilute the legal standard in order to aid the Government in securing a conviction. This would be an unfair advantage to the DOJ. The Defense, therefore, requests the same instructions for Mr. Warnagiris as the Government agreed to and which were ordered in *GossJankowski*. And, such an instruction is consistent with *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (judicial estoppel prevents the Government from taking an inconsistent position on law with respect to different defendants).

## II. The DOJ Seeks To Use a Definition of Injury That Is Inconsistent With Common Law, Inconsistent With The D.C. Circuit, and Which Was Rejected by the D.C. Court of Appeals

Under common law, assault required a "threat or danger of **physical suffering or injury in the ordinary sense**," unless the assault was sexual in nature and the victim was female or a child. *Beausoliel v. United States*, 107 F.2d 292, 296-97 (D.C. Cir. 1939). At common law, sexual contact without consent constituted an assault. In *Guarro v. United States*, the D.C. Circuit reiterated this distinction between "**physical suffering or injury in the ordinary sense**" and a sexual assault, stating that for a case in which a defendant was charged for sexual assault of a

police officer, proof of violent actions or physical suffering or injury to the officer, "in the ordinary sense," is not necessary. *Guarro v. United States*, 237 F.2d 578, 580 (D.C. Cir. 1956).

In *Davis v. Giles*, the D.C. Circuit again reiterated that criminal assault under the common law required "an attempt with force or violence to do a corporeal injury to another," and specifically noted that **"a mild striking of another on the shoulder" would "fail to rise to an 'attempt with force or violence to do a corporeal injury' under the criminal standard."** *Davis v. Giles*, 769 F.2d 813, 815 (D.C. Cir. 1985).

The consistent D.C. Circuit definitions of criminal assault and the concept of injury "in the ordinary sense" remain binding precedent on this trial court.

The Government is dissatisfied with the D.C. Circuit precedent because it favors a restriction on its power to convict. Therefore, the DOJ argues in favor of what it understands the D.C. Court of Appeals' version of the definition of "injury" to be. *See* ECF No. 142 at *5-6. And, in order to justify the use of this broader definition, the Government also turns to definitions of common law assault that were used in other Circuits— which contradict the definition of common law assault that was used by the D.C. Circuit. *See* ECF No. 142 at *2,4,6. As the Defense has argued previously during the multiple oral arguments on this issue, as well as in the various briefs filed on the definition of common law assault— the definition of common law assault varied greatly from jurisdiction to jurisdiction; that is why this Court ordered the parties to particularize their arguments and brief the Court specifically on the D.C. Circuit definition of common law assault. The Defense has complied; the Government has not.

The Government's proposed definition of injury is: "any physical injury, however small, including a touching offensive to a person of reasonable sensibility." This definition is

inconsistent with the D.C. Circuit definition in *Beausoliel*, *Guarro,* and *Davis v. Giles,* all of which state that assault requires "physical suffering or injury in the ordinary sense." The Government's proposed definition is also contradictory to the D.C. Circuit's explicitness in *Davis v. Giles* that states: "a mild striking of another on the shoulder" would "fail to rise to an 'attempt with force or violence to do a corporeal injury' under the criminal standard." 769 F.2d at 815. Under the DOJ's proposed dilution of the term "injury," the example in *Davis v. Giles* would result in a criminal conviction. Such a scenario would be in opposition to binding precedent.

The Government also misreads the decisions of the local D.C. Court of Appeals in order to justify its proposal. An *identical* misstatement of the law by the Government was discussed and rejected by the D.C. Court of Appeals panel, five years ago, in *Perez-Hernandez v. United States*, 207 A.3d 594, 601-02 (D.C. Cir. 2019). (Interestingly, the Government cited this case in its brief yet failed to explain its consequential ruling.)

The facts of *Perez-Hernandez* are as follows:

> Mr. Perez Hernandez then asked Mr. Tarawallie: "If I touch you, what you going to do to me?" Mr. Tarawallie responded, "if you touch me, I'll push you." According to Mr. Tarawallie, Mr. Perez Hernandez disregarded this warning and "touched" Mr. Tarawallie again, "put[ting] his finger [or fingers] on [Mr. Tarawallie's] face," specifically in both of his "eyes."

*Perez-Hernandez,* 207 A.3d at 596.

The Government asked the D.C. Court of Appeals in *Perez-Hernandez* to convict the defendant on the theory of "a touching offensive to a person of reasonable sensibility," the exact same language that the Government proposed to use against Mr. Warnagiris. The D.C. Court of Appeals outright rejected this, saying "we have never interpreted our crime of assault in such an expansive manner," and "an unwanted touch, without force or violence, is not generally

considered a criminally assaultive act." *Perez-Hernandez,* 207 A.3d at 602-04. Additionally, the D.C. Court of Appeals chastised the Government for holding inconsistent positions on the definition of assault in different cases. *Id*. at 604.

*Perez-Hernandez* explained that the D.C. Court of Appeals has "recognized three types of assault in this jurisdiction: attempted-battery, intent-to-frighten, and nonviolent sexual touching." 207 A.3d at 599. The unwanted-touch theory proposed by the Government was an attempted expansion of the attempted-battery theory. However, "touch is inherently neither 'forceful' nor 'violent' within the common understanding (or even legal understanding) of those terms." *Id*. at 600. The Court went on to state that, "we can find no decision in our case law where we have upheld a criminal conviction for an attempted-battery assault based on a nonforceful and nonviolent, albeit disagreeable, touch." *Id*.

Of note— unlike the Government's argument about a "completed battery," the type of touch that is in evidence in the Warnagiris case is the exact type that is categorized as "attempted-battery" by the Court of Appeals. The "completed battery" and "common law battery" are civil tort concepts that are separate and distinct from the criminal law definition of assault under the common law.

The *Perez-Hernandez* decision is also consistent with *Williams v. United States*, 887 A.2d 1000 (D.C. 2005), which stated:

> Decisions in this jurisdiction have thus reiterated for ninety years or more that in an "attempted-battery" assault case, the prosecution must prove, inter alia, "**an intention ... of using actual violence against the person**." *Patterson*, 43 App. D.C. at 506-07. Indeed, the "intentional infliction of bodily injury" is the "essence" of such an assault. *Alfaro*, 859 A.2d at 156 (emphasis added).

The substance of these appellate court discussions is that contact made between two people, that was not intended to cause a bodily injury in the ordinary sense, does not constitute a crime of common law assault — not even when a defendant deliberately puts his fingers into another man's eyes, as were the facts of *Perez-Hernandez*. Contact between two people, even when intentional by the defendant *and* unwanted by the complaining witness, is not the same as use of force or violence with the intent to inflict a bodily injury. Thus, the Government's proposed definition of injury, which was already and explicitly rejected by the D.C. Court of Appeals in 2019 and which is inconsistent with D.C. Circuit precedent, should be rejected by this District Court as well.

Instead, the definition for injury for the Warnagiris legal instructions should be: "physical suffering or injury in the ordinary sense," consistent with *Guarro v. United States*, 237 F.2d 578, 580 (D.C. Cir. 1956). Moreover, a special example to the instructions should be added, stating that: "a mild striking of another on the shoulder would fail to rise to an attempt with force or violence to do a corporeal injury," consistent with *Davis v. Giles*, 769 F.2d 813, 815 (D.C. Cir. 1985).

          Respectfully submitted,

          By Counsel:

          _____/s/_____
          Marina Medvin, Esq.
          *Counsel for Defendant*
          MEDVIN LAW PLC
          916 Prince Street

Alexandria, Virginia 22314<br>
Tel: 888.886.4127<br>
Email: contact@medvinlaw.com

### CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on May 1, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.