UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER WARNAGIRIS, ) <br> ) <br> Defendant. ) <br> ) | Criminal Case No: 1:21-cr-0382-PLF |

**Reply to Government's Opposition to
Defendant's Motion to Dismiss Counts Four, Five, and Six**

Upon both parties resting their cases, the Defendant moved for dismissal of Counts Four, Five, and Six, all charged under 18 U.S.C. § 1752, based on a variance from the indictment and or constructive amendment of the indictment, citing *Stirone v. United States*, 361 U.S. 212 (1960), *Russell v. United States*, 369 U.S. 749 (1962), and *Gaither v. United States*, 413 F.2d 1061 (D.C. Cir. 1969).

Defendant's factual argument was that the map presented to the Grand Jury showing the restricted area where Vice President Mike Pence remained throughout January 6 is different from the map presented at trial. There were multiple points of difference between the two maps. The differences are material in this case because the location of Vice President Mike Pence is an essential element of each offense that the Defendant moved to dismiss.

Moreover, when in front of the Grand Jury, the Government alleged that Vice President Mike Pence was within the area delineated on the map; yet, at trial, the Government did not elicit

such evidence — proving that the Government did not proceed under the same legal theory at trial as it did before the Grand Jury. This alteration of legal theory is a constructive amendment.

The Government's memorandum in ECF No. 145 characterizes the variance between the map in evidence and the map presented to the Grand Jury as "quibble about [] minutiae." ECF No. 145 at *5. The Government then goes on to mark a single difference between the two maps, in blue. ECF No. 145 at *7. This is an oversimplification of the variances between the two maps.


*Figure 1: The version of the restricted perimeter map presented to the grand jury*


*Figure 2: The map introduced at trial as Gov't Ex. 102*

As the Defense has highlighted in yellow, there are a total of 5 differences between the two maps. The map presented to the Grand Jury shows the restricted area as encompassing more space in four of the areas around the Grounds, and less space in one of the areas. **The exactness of the perimeter is of importance to a charge that requires the Vice President to be in the restricted area** *at the same time* **as the defendant and when the Government never presents evidence as to the exact location of the Vice President**. As a reminder, an area is only restricted when a Secret Service protectee "is or will be visiting" that area. 18 U.S.C. § 1752(c)(1)(B). Unless the exact coordinates of the protectee are known to the fact-finder, or there is testimony affirming that the location where the Vice President was taken was within the borders of the perimeter, there is no evidence to substantiate the Vice President's location — an essential element of the offense. As this Court has noted previously, "whether and when the Vice President left the Capitol building and grounds is 'an essential question' of fact that the Court must decide." *See* ECF No. 90 at *8 (Opinion and Order).

In the case presented at trial, there was no evidence establishing whether the Vice President remained within the restricted area after 2:25 PM or whether he left the restricted area. Yet, this issue is essential because Counts Five and Six require the Government to prove that conduct which occurred at 2:27 PM or later took place in a restricted area where the Vice President was visiting.

The Government cites *United States v. Mangieri*, 694 F.2d 1270 (D.C. Cir. 1982), claiming the situation in *Mangieri* is similar to this case. Yet, it is not. In *Mangieri,* the court specifically noted that the fact that was altered from the indictment at trial was *not* "an essential element of the offense charged." *Mangieri*, 694 F.2d at 1278. In this case, the location of the Vice

President *is* an essential element of the charged offense. *See* ECF No. 90 at *8 (Opinion and Order). The precise issue here is the alteration of an essential element of the offense. *See United States v. Lemire*, 720 F.2d 1327, 1345 (D.C. Cir. 1983).

The variance between the two maps is substantial and injurious because it is the difference between the Grand Jury saying that Mr. Warnagiris should be prosecuted because, based on Map X, the Defendant was in a restricted area that was being temporarily visited by the Vice President; and then Mr. Warnagiris being tried on a different map, Map Y, with the evidence not concluding one way or another whether the Vice President was in the area depicted in Map Y. This means the Government proceeded under *another* theory. Meaning, the Government claimed at trial that the law was violated by some other means on an essential element of the offense.

Variance on an essential element is akin to the situation that occurred in *Stirone*. *See Stirone v. United States*, supra, 361 U.S. 212, 218-19 (1960); *United States v. Haldeman*, 559 F.2d 31, 128 (D.C. Cir. 1976). The situation at hand is a material and prejudicial variance affecting the substantial rights of the defendant.

The D.C. Circuit has stated that a variance is prejudicial if there is insufficient evidence for a reasonable jury to find the defendant guilty of the charge in the indictment beyond a reasonable doubt. *United States v. Cross*, 766 F.3d 1, 5 (D.C. Cir. 2013). That is precisely the situation in the Warnagiris case. The Court cannot find beyond a reasonable doubt that the Defendant violated the law, certainly not in the same way as was proposed to a Grand Jury. Moreover, a variance affects the substantial right of notice when the evidence offered at trial is a surprise to the Defense. *Cross,* 766 F.3d at 7. That is precisely what happened here — the Government never notified the defense that the perimeter map that will be admitted at trial is

different from the one they presented to the Grand Jury; it was a surprise incidentally discovered. Mr. Warnagiris suffered, at minimum, a Constitutional notice prejudice as a result of the variance he asserts. "The true inquiry … is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused." *Berger v. United States*, 295 U.S. 78, 82 (1935); *United States v. Daigle*, 149 F. Supp. 409, 412 (D.C. 1957).

Accordingly, Mr. Warnagiris seeks dismissal of Counts Four, Five, and Six.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on May 1, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.