UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**     )<br>                                                             )<br>     v.                                                      )<br>                                                             )<br>**CHRISTOPHER WARNAGIRIS**,           )<br>                                                             )<br>          Defendant.                               )<br>                                                             ) | Criminal Case No: 1:21-cr-0382-PLF<br><br>Status: Awaiting Trial Verdict |

**MOTION TO RECONSIDER AND REVERSE
THE COURT'S DENIAL OF DEFENDANT'S MOTION TO DISMISS COUNT TWO**

On November 18, 2022, Christopher Warnagiris filed a Motion to Dismiss Count Two of his indictment, charged under 18 U.S.C. § 1512(c)(2). *See* ECF No. 37.

On October 19, 2023, this Court ruled against Mr. Warnagiris' Motion to Dismiss, citing *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), as well as adopting the underlying reasoning of the *Fischer* decision in denying his motion. *See* ECF No. 87.

On June 28, 2024, the Supreme Court decided *Fischer v. United States*, — U.S. —, — S. Ct. —, No. 23-5572, 2024 WL 3208034 (June 28, 2024). The Supreme Court reversed the D.C. Circuit and held that in order to "prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so." The Court required for Subsection (c)(2) to be read "in light of (c)(1)," not independent of it. Subsection (c)(2) was "designed by Congress to capture other forms of evidence and other means of impairing its integrity or availability beyond those Congress

specified in (c)(1)," and is therefore "limited by the scope of (c)(1)," the Supreme Court explained. In short, "[n]othing in the text or statutory history suggests that subsection (c)(2) is designed to impose up to 20 years' imprisonment on essentially all defendants who commit obstruction of justice in any way and who might be subject to lesser penalties under more specific obstruction statutes."

The basis on which Mr. Warnagiris' Motion to Dismiss was denied has been rendered incorrect as a matter of law by the Supreme Court's holding in *Fischer*. *See* ECF No. 87; *Fischer v. United States*, No. 23-5572 (U.S.).

A final judgment has not been issued by this Court. Accordingly, the power to reconsider and reverse the Order denying Mr. Warnagiris' Motion to Dismiss remains within the purview of this court. *See Ex parte Lange,* 85 U.S. 163, 167 (1873) ("The general power of the court over its own judgments, orders, and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable"); *Nw. Fuel Co. v. Brock*, 139 U.S. 216, 219 (1891)("Jurisdiction to correct what had been wrongfully done must remain with the court so long as the parties and the case are properly before it"); *Banister v. Davis*, 140 S. Ct. 1698, 1706 (2020) (discussing the "common-law power to alter or amend [their] own judgments during the term of court in which they were rendered, prior to any appeal"); *United States v. DaSilva*, Crim. No. 1: 21-cr-00564 (CJN) (D.D.C. Feb. 8, 2024) (reconsidering and reversing a Guilty finding on three criminal counts, months after the fact, and finding the defendant Not Guilty on those three counts, citing Supreme Court precedent for the authority to do so).

Accordingly, and fully within his rights, Mr. Warnagiris moves for this Court to reverse and reconsider his Motion to Dismiss Count Two under the standard outlined in *Fischer v. United States*.

Count Two of Mr. Warnagiris' Second Superseding Indictment is in direct contradiction to the ruling in *Fischer*. *See* ECF No. 49. He is charged with an over-broad reading of the statute that surmises an obstruction of justice in *any way*. The indictment is unbound by Subsection (c)(1)'s requirement that the alleged *actus reus* be tethered to "record," "document," or other "object," and a defendant's alleged attempt or impairment of the availability or integrity for use in an official proceeding of such object. The requirements of (c)(1) are entirely omitted from the indictment.

Accordingly, Count Two of the Second Superseding Indictment should be dismissed.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on June 30, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the

CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

                                                     /s/
                                       Marina Medvin, Esq.