UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER WARNAGIRIS,<br><br>Defendant. | Case No. 21-CR-382 (PLF) |

### GOVERNMENT'S MOTION TO EXTENT TIME TO RESPOND TO DEFENSE'S JUNE 30, 2024 MOTIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion to extend time to respond to Defendant Warnagiris' Motion For Reconsideration to Dismiss Count Two (ECF No.152), Motion for Reconsideration of Rule 29 Judgement of Acquittal on Count Two (ECF No. 153), and Motion to Modify Bench Instructions for Count Two Based on the Supreme Court Ruling in Fischer v. United States (ECF No. 154), all filed June 30, 2024. The government requests 60 days to respond to these motions which will give the government time to review and assess the implications of *Fischer* and respond appropriately. Counsel for Defendant Warnagiris does not object and requests 30 days to reply-which the government does not object to.

### BRIEF PROCEDURAL HISTORY

Defendant Warnagiris was arrested in May 2021, ECF No. 1, for his violent and obstructive acts during the riot at the U.S. Capitol on January 6, 2021. On March 22, 2023 Defendant Warnagiris was indicted via a Second Superseding Indictment for nine offenses, including Obstruction of Law Enforcement During a Civil Disorder and Aiding and Abetting, in violation of 18 U.S.C. §§ 231(a)(3); Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; Assaulting, Resisting, or Impeding Certain Officers,

in violation of 18 U.S.C. §§ 111(a)(1); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

On April 5, 2024, following a five-day bench trial, the Court granted Defendant Warnagiris' request to hold any verdict under advisement until after the Supreme Court's decision in *Fischer*. On June 30, 2024, Defendant Warnagiris filed three motions related to *Fischer* on various procedural grounds. ECF Nos. 152, 153, and 154. The government now moves for an extension to respond to those motions.

## *FISCHER*

In the intervening months, the Supreme Court issued its decision in *Fischer* on Friday, June 28, 2024. In *Fischer*, the Supreme Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." Op. 8. However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 9, 16. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* Through those further proceedings, the court of appeals will interpret the scope of the statute further, which may include circumstances like the defendant, where the defendant intended to stop the certification proceeding

and affect the voting and balloting underlying the certification. *See* Op. 16 (delineating that it would still remain a crime to attempt to impair the integrity of availability of records, documents, objects, or other things used in the proceeding); *id.* at 8 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding").

Given the remand to the Circuit and the ongoing litigation in *Fischer*, the government is still evaluating *Fischer's* impact on this and other January 6 cases. The government therefore respectfully requests 60 days in which to submit responses to ECF Nos. 152, 153, and 154 and 30 days for Defendant Warnagiris to submit his replies.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  /s/_____
Rebekah Lederer
Assistant United States Attorney
Pennsylvania Bar No. 320922
601 D St. N.W, Washington, DC 20530
(202) 252-7012
rebekah.lederer@usdoj.gov

Andrew Haag
Assistant United States Attorney
MA Bar No. 705425
601 D Street NW, Washington, DC 20530
(202) 252-7755
andrew.haag@usdoj.gov