UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CHRISTOPHER WARNAGIRIS, )<br>)<br>DEFENDANT. )<br>) | CASE NO: 1:21-CR-00382-PLF<br><br>STATUS: PENDING VERDICT |

**DEFENDANT'S MOTION TO STRIKE PORTION OF ECF NO. 156**

The Defense hereby moves to strike the Government's wildly inaccurate "Brief Factual Recitation," a section in ECF No. 156, as unethical and highly prejudicial prosecutorial gamesmanship, and in support thereof states as follows:

A. Counsel for the Government took unreasonable liberties in ECF No. 156 by mischaracterizing the facts that the prosecutor claims were presented at trial.

B. For example, accusations that the defendant "pushed," "fought," used "violent force," "used his body weight against the officer," "shoved," that "Officer A.W., had to fight with the defendant," etc. (this list is not exhaustive), are not at all supported by the exhibits presented at trial nor the testimony of the witnesses. The Government has used ECF No. 156 to fabricate facts that are not in evidence.

C. Moreover the prosecutor claimed that "[t]ext messages on the defendant's phone revealed his full knowledge of the certification." Aside from the fact that the texts were filled with memes and jokes, one of the most memorable lines from that group chat was Warnagiris

asking if the electors would be "gathering in a hotel"… where Pence would be participating. The statements referenced by the Government are from this conversation, which contained no discussion of the formal certification process mandated by the Constitution. To claim that this exchange demonstrates "full knowledge of the certification" is a gross misrepresentation of the facts. Warnagiris *not once* discussed the formal process mandated by the Constitution as it is actually carried out in Congress.

D. This "factual" recitation, as the prosecutor called it, is a deliberate attempt to alter and distort the Court's recollection of the trial in order to gain a verdict advantage *while the verdict is pending*.

E. Without delving into a full rebuttal, the Defense submits that the entire section entitled "Brief Factual Recitation" is erroneous and argues facts not in evidence. This section functions as a slimy attempt at a second closing argument. The prosecutor's attempt appears to defense counsel as extremely prejudicial, unethical, and blatant prosecutorial gamesmanship.

F. Such conduct has no place in a federal courtroom, certainly not in a filing on the record. A prosecutor has a professional obligation to promote criminal justice, not to engage in used car salesmanship techniques. The prosecutor has a duty to ensure that defendants receive due process under the Due Process Clause of the Fifth Amendment. *See Berger v. United States*, 295 U.S. 78, 88 (1935) ("The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be

done."); *On Prosecutorial Ethics,* 13 Hastings Const. L. Q. 537-539 (1986); *United States v. Ward*, 63 F. Supp. 2d 1203 (C.D. Cal. 1999) ("The prosecutor… enters a courtroom to speak for the People and not just some of the People. The prosecutor speaks not solely for the victim, or the police, or those who support them, but for all the People. That body of `The People' includes the defendant and his family and those who care about him. It also includes the vast majority of citizens who know nothing about a particular case, but who give over to the prosecutor the authority to seek a just result in their name.").

WHEREFORE, due to the extreme prejudice and strong concerns of gamesmanship, the Defense moves to strike from the record the Government's "Brief Factual Recitation," a section located on pages 2 through 4 in ECF No. 156.

                                        Respectfully submitted,

                                        By Counsel:

                                        _____/s/_____
                                        Marina Medvin, Esq.
                                        *Counsel for Defendant*
                                        MEDVIN LAW PLC
                                        916 Prince Street, Ste. 109
                                        Alexandria, Virginia 22314
                                        Phone: (703) 870-3300
                                        Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on October 9, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.