UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 21-0382 (PLF) |
| | ) |
| CHRISTOPHER WARNAGIRIS, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

There was a bench trial before the Court in this case on April 1-5, 2024. Before, during, and after trial, the defendant, Christopher Warnagiris, has raised several issues related to the appropriate interpretation of the law to be applied by the Court in resolving this case. The Court sets forth its findings below.

Prior to trial, Mr. Warnagiris filed a Motion in Limine to Define "Another Felony" as Used in 18 U.S.C. § 111(a) ("Motion") [Dkt. No. 115]. 18 U.S.C. § 111(a) states:

(a) Whoever –

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or

(2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111(a).  Count Three of the Second Superseding Indictment in this case states:

> On or about January 6, 2021, within the District of Columbia, CHRISTOPHER WARNAGIRIS, did forcibly assault, resist, oppose, impede, intimidate, and interfere with an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, Officer A.W., an officer from the United States Capitol Police, while such officer or employee was engaged in or on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

Second Superseding Indictment [Dkt. No. 49] at 2.  Mr. Warnagiris argues that 18 U.S.C. § 111(a) "requires the [g]overnment to prove a future intent and an intent to commit a different type of act" and that the government could not rely on the same underlying conduct to serve as "another felony."  Motion at 1.

The Court previously addressed this issue and rejected Mr. Warnagiris's contention that 18 U.S.C. § 231(a)(3) could not serve as "another felony" under 18 U.S.C. § 111(a), stating:

> The Court [ ] rejects Mr. Warnagiris's argument that the "intent to commit another felony" theory of 18 U.S.C. § 111(a)(1) "requires the Government to prove a future intent and an intent to commit a different type of act" and could not be predicated on a violation of 18 U.S.C. § 231(a)(3). Dkt. No. 115 at 1.  Mr. Warnagiris bases his assertion on statements made by Judge Amy Berman Jackson suggesting that "another felony" must be a factually distinct crime with respect to sentencing guidelines.  Dkt No. 115 at 2-3; see Transcript of Record, United States v. Hamner, Crim. No. 21-0689 (D.D.C. Sept. 23, 2022) [Dkt. No. 43].  Judge Jackson, however, clarified in later cases that in the context of Section 111(a)(1), a violation of 18 U.S.C. § 231(a)(3) can serve as "another felony," because the offenses have different elements.  See United States v. Camargo, Crim. No. 21-0070 (D.D.C. Oct. 31, 2023) [Dkt. No. 114] at 9-10; United States v. O'Kelly, Crim. No. 23-0061 (D.D.C. Feb. 16, 2024) [Dkt. No. 40] at 5-6.  The Court will follow Judge Jackson's holding in this regard.  Furthermore, the Court rejects Mr. Warnagiris's argument that the required intent must be to commit

> the other felony in the future, rather than concurrent with the acts that constitute the violation of Section 111(a). See Dkt. No. 115 at 3. The plain text of the statute requires only that the acts "involve . . . intent to commit another felony" and do not specify when the defendant must intend the other felony to occur. 18 U.S.C. § 111(a). The defendant can intend for this other felony to occur at the same time as the Section 111(a) offense.

Memorandum Opinion and Order of March 28, 2024 ("Mem. Op.") [Dkt. No. 128] at 3. The Court sees no reason to revise or revisit this conclusion.

The D.C. Circuit subsequently agreed with this reasoning, finding that "[e]ach of the two felonies [18 U.S.C. § 231(a)(3) and 18 U.S.C. § 111(a)(1)] features distinct requirements" that qualify Section 231(a)(3) as "another felony" under Section 111(a)(1). United States v. Stevens, 105 F.4th 473, 481 (D.C. Cir. 2024). And while Stevens addressed the proper application of the Federal Sentencing Guidelines, rather than the applicability of the statute, "the Circuit gave no indication that its holding in Stevens was so limited" as to be cabined only to the sentencing context. United States v. Crawford, Crim. No. 23-426, 2024 WL 3967310 at *2 (D.D.C. August 27, 2024) (applying the holding of Stevens to interpret the relationship between Section 111(a) and Section 231(a)(3)). The Court thus denies Mr. Warnagiris's motion to define "another felony" as something other than a violation of Section 231(a)(3).

The Court previously held that it would apply the common law definition of simple assault with respect to the charge under Section 111(a). Mem. Op. at 4 (citing United States v. Cua, 657 F. Supp. 3d 106, 117 (D.D.C. 2023)). After the conclusion of trial, Mr. Warnagiris filed a supplemental brief, captioned Defining Common Law Assault in the District of Columbia ("Def. Memo") [Dkt. No. 138], informing the Court of some of the relevant precedents in the federal and local courts in the District of Columbia discussing definitions of

3

common law assault.¹ One major point of contention between the parties is whether an offensive touching is sufficient to make out a claim of simple assault under Section 111(a)(1). See Govt. Resp. at 6; Def. Rep. at 4. Judge Amy Berman Jackson has concluded that it is. See United States v. Camargo, Crim. No. 21-0070 (ABJ), Order (D.D.C. Oct. 31, 2023) [Dkt. No. 114] at 6. Numerous other courts agree with that interpretation of the statute. See United States v. Frizzi, 491 F.2d 1231,1232 (1st Cir. 1974); United States v. Lehi, 446 F. App'x 96, 100 (10th Cir. 2011); United States v. Stoddard, 407 F. App'x 231, 233-34 (9th Cir. 2011). In this District, Judges Contreras and Lamberth have given jury instructions for Section 111(a) which support this view, stating that an injury includes "any physical injury, however small, including a touching offensive to a person of reasonable sensibility." See United States v. McAbee, Crim. No. 21-0035 (RC), Jury Instructions (D.D.C. Oct. 16, 2023) [Dkt. 376] at 19-20; United States v. Johnatakis, Crim. No. 21-0091 (RCL), Final Jury Instructions (D.D.C. Nov. 21, 2023) [Dkt. 233] at 14.

In another January 6 case, the undersigned gave a jury instruction regarding simple assault under the common law without specifying whether offensive contact is sufficient to find an injury. See United States v. GossJankowski, Crim No. 21-0123, Final Jury Instructions (D.D.C. Mar. 17, 2023) [Dkt. No. 166] at 31 ("'assault means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force . . . isn't the same as a finding that he attempted or threatened to inflict injury. . . you must find beyond a reasonable doubt that the defendant acted forcibly and

---

¹ The Court has also considered the Government's Response to the Defendant's Supplemental Briefing on the Definition of Common Law Assault ("Govt. Resp.") [Dkt. No. 142] and Defendant's Reply to Government's Response to Defendant's Memorandum on the Definition of Common Law Assault in the District of Columbia ("Def. Rep.") [Dkt. No. 147].

that the defendant intended to inflict or intended to threaten injury.").[2]  The Court will now clarify that instruction by including additional context as to what constitutes an injury.  The Court cautions, however, that not every instance of offensive touching may properly be considered assault; to prove a defendant guilty of assault, the government must always demonstrate that the defendant had an intent to inflict or threaten injury.  That said, the Court now adopts the following definition of simple assault under Section 111(a): "an assault is any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A use of force alone is not sufficient to constitute an assault unless the defendant intended to inflict or threaten injury with that force. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."

        Mr. Warnagiris also filed an unopposed memorandum requesting that the Court apply the same definition of "act of physical violence" to both 18 U.S.C. § 1752(a)(4) and 40 U.S.C. § 5104(e)(2)(F).  Memorandum of Law on Definition of Act of Physical Violence [Dkt. No. 136].  The phrase "act of physical violence" is defined in Section 5104(a)(1) as "any act involving (A) an assault or other infliction or threat of infliction of death or bodily harm on an individual; or (B) damage to, or destruction of, real or personal property."  The term is not specifically defined in Section 1752, but judges in this District have regularly applied the same definition from Section 5104(a)(1).  See United States v. McAbee, Crim. No. 21-0035 (RC), Jury Instructions (D.D.C. Oct. 16, 2023) [Dkt. 376] at 41 (instructing jurors that the term "act of physical violence" under Section 1752(a)(4) as "any act involving an assault or other infliction of

---

[2]  The Court's view respecting intent is shared by other judges in this District.  See United States v. McAbee, Crim. No. 21-0035 (RC), Jury Instructions (D.D.C. Oct. 16, 2023) [Dkt. 376] at 19-20; United States v. Johnatakis, Crim. No. 21-0091 (RCL), Final Jury Instructions (D.D.C. Nov. 21, 2023) [Dkt. 233] at 14; United States v. Egtvedt, Crim. No. 21-0177 (CRC), Transcript of Bench Trial Verdict [Dkt. No. 114] at 5:9-13.

bodily harm on an individual; or damage to, or destruction of, real and personal property."); United States v. Johnatakis, Crim. No. 21-0091 (RCL), Final Jury Instructions (D.D.C. Nov. 21, 2023) [Dkt. 233] at 27 (same). The government has not objected to adopting this approach in this case, and the Court sees no reason not to do so. The Court will apply the same definition to Section 5104(e)(2)(F) and Section 1752(a)(4).

Accordingly, it is hereby

ORDERED that Mr. Warnagiris's Motion in Limine to Define "Another Felony" as Used in 18 U.S.C. § 111(a) [Dkt. No. 115] is DENIED; and it is

FURTHER ORDERED that Mr. Warnagiris's request outlined in his Memorandum of Law on Definition of Act of Physical Violence [Dkt. No. 136] is GRANTED.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 12/6/24