UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-0382 (PLF) |
| | ) | |
| CHRISTOPHER WARNAGIRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

There was a bench trial before the Court in this case on April 1-5, 2024.  Now pending before the Court is defendant Christopher Warnagiris's oral motion to dismiss Counts Four, Five, and Six of the Second Superseding Indictment, which charge violations of 18 U.S.C. §§ 1752(a)(1), 1752(a)(2), and 1752(a)(4), respectively.  Transcript of Record, United States v. Warnagiris, Crim. No. 21-0382 (Apr. 4, 2024 Proceedings) [Dkt. No. 151] ("Apr. 4 Tr.") at 137:12-140:1.  The government opposes the motion.  Government's Opposition to the Defendant's Oral Motion to Dismiss for a Variance from the Indictment ("Govt. Opp.") [Dkt. No. 145].

Mr. Warnagiris argues that the Court should dismiss these counts on the ground that the map presented to the grand jury showing the restricted area where then-Vice President Mike Pence was on January 6, 2021, was different from the map that was presented to the Court at trial, and thus created a constructive amendment to or variance from the indictment.  Reply to Government's Opposition to Defendant's Motion to Dismiss Counts Four, Five, and Six

("Reply") [Dkt. No. 148].  For the following reasons, the Court does not find either a

constructive amendment or a variance and therefore will deny defendant's motion.[1]

A constructive amendment "occurs when the charging terms of the indictment are

altered, either literally or in effect, by prosecutor or court after the grand jury has last passed

upon them."  Gaither v. United States, 413 F.2d 1061, 1071 (D.C. Cir. 1969).  An amendment is

bad because it "deprives the defendant of his right to be tried upon the charge in the indictment

as found by the grand jury."  Id.  A defendant bears the burden to demonstrate that "the evidence

presented at trial and the instructions given to the jury so modify the elements of the offense

charged that the defendant may have been convicted on a ground not alleged by the grand jury's

indictment."  United States v. Palmer, 85 F. Supp. 3d 284, 297 (D.D.C. 2015) (internal citations

omitted).  Not every divergence constitutes a constructive amendment, however; the defendant

must demonstrate that the deviation is such that he has been deprived of the opportunity to

prepare his defense and avoid double jeopardy, as required by the Grand Jury Clause of the

Constitution.  Id. (citing United States v. Bastian, 770 F.3d 212, 220 (2d Cir. 2014)).  A

defendant need not show prejudice to obtain dismissal of an indictment on grounds of a

constructive amendment.  United States v. Lorenzana-Cordon, 949 F.3d 1, 4-5 (D.C. Cir. 2020)

(citing Gaither v. United States, 413 F.2d at 1072).

A variance "occurs when the charging terms of the indictment are left unaltered,

but the evidence offered at trial proves facts materially different from those alleged in the

indictment."  Gaither v. United States, 413 F.2d at 1071.  This is problematic because "it may

---

[1]    The Court previously granted defendant's Motion for Judicial Notice of Federal
Statute, which asked that it take notice of the definition of the term "Capitol Grounds" under 40
U.S.C. § 5102(a).  Apr. 4 Tr. at 5:20-22.  The Court takes notice of this statute in its
consideration of defendant's oral motion to dismiss.

deprive the defendant of notice of the details of the charge against him and protection against reprosecution." Id. A variance may be grounds for relief only where "the error had a substantial and injurious effect or influence in determining the jury's verdict." United States v. Baugham, 449 F.3d 167, 174 (D.C. Cir. 2006) (internal citations omitted). Provided the defendant is "on notice of the charges against him and the trial evidence does not alter 'an essential element of the charge,' the law permits some variance in proof between the grand jury and at trial" so long as "the defendant was given notice of the core of criminality to be proven at trial." United States v. Apodaca, 287 F. Supp. 3d 21, 48 (D.D.C. 2017) (quoting United States v. Hitt, 249 F.3d 1010, 1028 (D.C. Cir. 2001)).

In this case, Mr. Warnagiris argues that there was both a constructive amendment and a variance resulting from the government's use of a different map at trial showing the perimeter of the restricted area of the Capitol than the one it used to present that same perimeter when presenting its case to the grand jury. Reply at 1. Mr. Warnagiris first claims that the distinction between the maps amounts to an alteration of the legal theory pursued by the government, because on each occasion the government sought to prove that Vice President Pence was present in the area delineated on the map. Therefore, says Mr. Warnagiris, the government has altered an "essential element" of the offense and thus constructively amended the indictment. Id. at 1-4. But this argument cannot support a finding of a constructive amendment, since the government's theory – that Mr. Warnagiris was present in the restricted area of the Capitol – remained constant. The minor discrepancies between the maps do not amount to a deviation so significant that Mr. Warnagiris was unable to prepare his defense and avoid double jeopardy based on the charges in the indictment. See United States v. Palmer, 85 F. Supp. 3d at 297. To prove an essential element of each subsection of 18 U.S.C. § 1752 charged in this case, the

3

government must prove that Mr. Warnagiris was in a restricted area.  Mr. Warnagiris knew from the charges in the indictment that this was the government's theory of its case.  And the government never modified its theory.  "[W]here a 'generally framed indictment encompasses the specific legal theory or evidence used at trial,' there is no constructive amendment."  United States v. Sitzmann, 74 F. Supp. 3d 96, 122 (D.D.C. 2014) (quoting United States v. Rigas, 490 F.3d 208, 228 (2d Cir. 2007)).  There was no constructive amendment here.

Whether the evidence introduced at trial proved materially different facts is a different inquiry – one which fails on its own accord.  There is simply no basis for the Court to find a variance in this case.  As the government emphasizes, the points of comparison for a variance are between the evidence offered at trial and the allegations in the indictment – not the evidence presented to the grand jury before it returns an indictment.  Govt. Opp. at 5 (citing Gaither v. United States, 413 F.2d at 1072).  The indictment itself charged Mr. Warnagiris with offenses in a "restricted area within the United States Capitol and its grounds," without any reference to a specific map.  Second Superseding Indictment [Dkt. No. 49] at 3.  Even if the Court were to consider the distinctions between the two maps as the relevant comparators, the differences are minute and do not have any bearing on the charges against Mr. Warnagiris.  The original map presented to the grand jury did not include a trolley stop on the East Front of the Capitol grounds, and there were other minor deviations in the specific shape of the perimeter.  Govt. Opp. at 6-7; Reply at 2-3.  But at no point has the government alleged or sought to offer evidence "that any of the defendant's criminal conduct occurred anywhere near the trolley stop" or the edges of the perimeter where the maps deviate.  Govt. Opp. at 8.  The government sought to prove that "[a]ll of [defendant's] actions occurred within the restricted perimeter regardless of which map is used to support the existence of a restricted area for the purposes of 18 U.S.C.

§ 1752(c)(1)." Whether the government has succeeded in proving a violation of Section 1752

remains to be determined by the Court as the finder of fact. But there is no variance for the Court

to find; and even if there were, it does not raise the specter of prejudice against the defendant,

who was "given notice of the core of criminality to be proven at trial." United States v.

Apodaca, 287 F. Supp. 3d at 48.

      Mr. Warnagiris has failed to show that the subtle differences between the maps

present any issue for this Court to remedy. Accordingly, it is hereby

      ORDERED that Mr. Warnagiris's oral motion to dismiss Counts Four, Five, and

Six of the Second Superseding Indictment is DENIED.

      SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 12/6/24

5