UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER WARNAGIRIS, ) <br> ) <br> Defendant. ) <br> ) | Case No: 1:21-cr-00382-PLF <br><br> Status: Pending Verdict |

### NOTICE OF SUPPLEMENTAL AUTHORITY

In further support of the Defendant's pending Rule 29 Motion for Acquittal on Count Two, ECF No. 153, the Defendant respectfully submits the opinion of Judge Howell in *United States v. DeCarlo,* as supplemental authority to bolster his argument. *See United States v. DeCarlo*, No. 21-cr-00073-BAH (D.D.C. Nov. 1, 2024). (Attached as Exhibit.)

Specifically, the defense directs the court's attention to pages 21-31 of the *DeCarlo* Opinion as relevant to the arguments raised by Mr. Warangiris on the grounds of sufficiency, post-*Fischer*.

In summary, Judge Howell:

- determined that Section 1512(c)(2) was narrowly interpreted by *Fischer*
- determined that Section 1512(c)(2) was an evidence-focused statute
- determined that Section 1512(c)(2) is a specific intent crime that requires the government to show that the defendant possessed the specific intent to impair the availability or integrity of the <u>electoral ballots</u> for use in the certification proceeding

- determined that the removal of the ballots from the Senate and House chambers *preserved* their availability for use in the certification process, rather than *impaired* that availability

- found that the electoral ballots remained intact, unaltered, unimpaired, and within the control of the appropriate congressional personnel to ensure their availability for use when the official proceedings could safely resume, and that they did resume and complete, later that evening

- emphasized the difference between general and specific intent, noting that specific intent requires proof of an additional, deliberate, and conscious purpose or design of accomplishing a very specific result

- emphasized that even mere knowledge that a result is substantially certain to follow from one's actions is not the same as the specific intent or desire to achieve that result

- determined that congressmen are not themselves evidence to be used in the proceeding, as required for Section 1512(c)(2) to apply

- determined that the Government's speculation as to the defendants mental state is not enough to prove the narrow specific intent required by Section 1512(c)(2)

- rejected the Government's theory of obstruction as premised on defendants' efforts to stop the congressional vote on certification as specifically rejected by the Supreme Court in *Fischer*

- emphasized that the exact factual interpretation rejected by the Supreme Court in *Fischer* was the idea that through forcing Congress's official proceeding to be halted,

a defendant could be guilty of obstruction because the halt prevented the immediate availability or use of the ballots as intended to certify the Electoral College vote

The Defense argues that the interpretation of *Fischer* by Judge Howell is correct and should be adopted by this Court.

Applying the *DeCarlo* opinion to the Warnagiris case requires acquittal under Rule 29. The Government has no evidence to prove that Mr. Warnagiris possessed the *specific intent* to impair the availability or integrity of the electoral ballots for use in the certification proceeding. None of Mr. Warnagiris' words or actions show any *specific intent* with respect to the ballots. The Government's argument is complete speculation as to Mr. Warnagiris' intent— which is not sustainable under Rule 29.

Furthermore, the Government cannot overcome its concession that the congressional decision to remove the ballots from the Senate and House chambers served to *preserve* the availability of the ballots for use in the certification process. There simply was no impairment of the ballots.

The Government simply cannot sustain this charge against Mr. Warnagiris.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
277 S Washington St | Ste 210
Alexandria, Virginia 22314
Phone: (703) 870-3300

Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

    I hereby certify that on January 14, 2025, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

                                             /s/
                                    Marina Medvin, Esq.